UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL RICHTER,<br><br>Plaintiff,<br><br>vs.<br><br>XL INSURANCE AMERICA INC. and GALLAGHER BASSETT SERVICES, INC.,<br><br>Defendants. | 4:23-cv-___4094_____<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Michael Richter, by and through his attorneys, and hereby states and alleges as follows:

## PARTIES

1.    Plaintiff Michael Richter is and at all times relevant hereto was a resident of Belle Fourche, South Dakota.

2.    Defendant XL Insurance America Inc. is an insurance company domiciled in Delaware with its principal place of business in Connecticut.

3.    Defendant Gallagher Bassett Services, Inc. is a corporation domiciled in Delaware with its principal place of business in Illinois.

## VENUE AND JURISDICTION

4.    This Court has jurisdiction pursuant to 28 U.S. Code § 1332 as the Parties are diverse and the amount in controversy exceeds $75,000.

1

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to these causes of action occurred in this District.

## FACTUAL SUMMARY

6.      At all times relevant to this Complaint, Plaintiff Michael Richter ("Mike") worked as an operator of equipment at American Colloid Company in Belle Fourche, South Dakota.

7.      Defendant XL Insurance America Inc. ("Insurer") provided and administered workers' compensation insurance coverage for American Colloid Company, including Mike's claim.

8.      Insurer enlisted the services of Defendant Gallagher Bassett Services, Inc. ("Gallagher") to provide claim administration services, and Gallagher performed claim administration services for Mike and other claimants.

9.      Insurer and Gallagher understood that Insurer would act as the principal and Gallagher would act as Insurer's agent in performing claim administration duties, including but not limited to the duties of good faith and fair dealing, the duties of processing paperwork related to claims, investigating claims, obtaining medical records, monitoring treatment, retaining independent medical examination doctors, verifying coverage, adjusting, settling and defending claims, and issuing payment for benefits with checks issued by Gallagher.

10.      Gallagher managed Mike's workers' compensation claim.

11.     Gallagher held a duty to handle Mike's claim in good faith, and knew it held a duty to handle his claim in good faith.

12.     Insurer also knew that it was responsible for Gallagher's violations of any duties of good faith and fair dealing.

13.     On September 6, 2017, in the course of his work-related activities with American Colloid Company, Mike was driving a van to a worksite.

14.     The vehicle Mike was driving was rearended by a semitruck, which caused Mike's vehicle to swerve into the ditch, roll and sustain disabling damage.

15.     Mike sought medical treatment and incurred medical expenses as a result of his work-related injury.

16.     Insurer and Gallagher initially accepted Mike's workers' compensation claim as compensable and paid his benefits.

17.     In October of 2017, Mike received permission from his physician to return to work full time without restrictions; however, Mike's neck and upper back pain and headaches remained.

18.     Initially, Mike's neck and back pain were treated conservatively with medication, chiropractic treatment, physical therapy and massage therapy.

19.     In January of 2020, Mike required trigger point injections due to his ongoing pain.

20.     On March 25, 2020, Dr. Joshua Sole at Monument Health Physical Medicine & Rehabilitation opined:

There is increased facet joint edema, facet joint narrowing and disc osteophyte complexes on multimodality imaging and patient's whiplash mechanism likely resulted in a traumatic facet joint mediated syndrome. This is a more complex injury on my evaluation than just a myofascial soft tissue injury.  There is skeletal joint ligaments and musculature trauma that is still causing patient to have cervicogenic headaches neck pain referred to the shoulder girdle and decreased function in his activities, daily living, work activities and quality of life.

21.     Following the visit, Mike received trigger point injections, steroid injections, a sphenopalatine ganglion block and manual manipulation to relieve the pain, but the pain remained.

22.     On September 8, 2020, Dr. Hollan A. Harper at Monument Health Physical Medicine & Rehabilitation referred Mike to neurosurgery for an evaluation, as Mike was still experiencing substantial pain following the collision.

23.     On September 10, 2020, Mike was seen by Dr. Jeffery Nipper ("Dr. Nipper"), an orthopedic surgeon, for an "independent medical examination" ("IME") at the request of Insurer and Gallagher.

24.     Dr. Nipper is known to have a close relationship with insurance companies and routinely provides insurers with biased medical opinions.

25.     Upon information and belief, Dr. Nipper overwhelming renders opinions in favor of insurers and their attorneys when he performs "independent medical examinations."

26.     Insurer and/or Gallagher knew, or should have known, that Dr. Nipper regularly and routinely provides opinions to insurance companies that reduce the insurer's claim payments and that he was predictably biased in favor of the party retaining his services.

4

27.     On September 29, 2020, Dr. Nipper issued his report. His report stated, "Despite the ominous nature of a rollover which occurred during this accident, Mr. Richter was fortunate to incur only very minor injuries. This included an abrasion of the right forehead and closed head injury, and low grade cervical, thoracic and lumbar myoligamentous strain/sprains as well as a left forearm contusion. Those injuries resolved long ago." He then opined that Mike was deliberately misrepresenting or embellishing his injuries.

28.     Dr. Nipper went on to opine that "Mr. Richter's current condition is not related to the motor vehicle accident of September 6, 2017" and "[n]o further treatment is required[.]"

29.     Dr. Nipper concluded that Mike had reached maximum medical improvement on October 9, 2017.

30.     Dr. Nipper reached these conclusions despite the fact that Mike's treating physicians all opined that Mike's injuries from the work-related incident had not resolved, and Mike required additional treatment to relieve his ongoing pain.

31.     The Nipper report was transparently biased.

32.     On October 5, 2020, Insurer and/or Gallagher informed Mike that it was denying his workers' compensation claim and was no longer providing him medical benefits.

33.     Insurer and/or Gallagher knew, or should have known, that Dr. Nipper's report did not provide a reasonable basis for denying treatment of Mike's neck and back and that his entitlement to benefits at that point was not fairly debatable.

34.    Following the denial, Mike was responsible for paying for a portion of his medical treatment, including facet injections, a nerve ablation, additional imaging, a psychological evaluation and a pain pump.

35.    On April 15, 2021, Mike filed a Petition for Hearing with the Department of Labor detailing the discrepancies in Dr. Nipper's report and asking for review of the Insurer/Employer's denial of his workers' compensation benefits.

36.    Dr. Nipper issued an addendum to his report on November 18, 2021, after he reviewed Mike's updated medical records, an opinion letter from Dr. Huot and an opinion letter from Dr. Sole.  Mike's updated medical records and his treating physician's opinions did not change Dr. Nipper's prior conclusions/opinions.  Dr. Nipper's addendum included an opinion that Mike's facet arthropathy was unrelated to the work-related injury and was a result of the normal degenerative process.

37.    Dr. Nipper's deposition was taken on January 6, 2023. During his deposition, he confirmed that Insurer and/or Gallagher did not provide him images of the accident scene or Mike's vehicle, and after reviewing the images, he stated there's a strong possibility that a high energy crash like Mike's could cause an injury to Mike's facet joints.

38.    Dr. Nipper concluded his deposition by stating, "These photographs change my position on this considerably. This is powerful evidence that a higher energy injury occurred than what was represented initially."  He opined that the car collision was a "major contributing cause" of Mike's neck condition and the treatment he received. Dr. Nipper concluded by stating that the treatment Mike received was reasonable and necessary.

39.     As a result, Insurer/Employer filed an Amended Answer admitting that the work injury was and remained a major contributing cause of Mike's condition, and it agreed to be responsible for Mike's workers' compensation benefits, including his medical benefits. The Amended Answer retracted the denial letter which was based on Dr. Nipper's IME report.

40.     On January 27, 2023, following Insurer amending its Answer, the Administrative Law Judge issued an Order stating that Mike's September 6, 2017 injury was and remains a major contributing cause of his current condition and need for medical treatment, and Employer/Insurer must pay outstanding benefits and future benefits.

41.     Due to the Insurer's/Gallagher's denial of workers' compensation benefits, Mike's medical treatment related to his neck and back injury was delayed and obstructed, causing additional physical pain, along with associated emotional upset, aggravation, annoyance and embarrassment.

42.     The denial of benefits caused Mike to endure a serious financial hardship. His ongoing pain caused him to take a leave of absence from work, making him unable to pay his bills.

43.     Insurer/Gallagher failed to conduct a reasonable investigation of the facts and the law applicable to the claim, disregarded facts and law that supported Mike's claim and actively sought excuses to deny the claim in an effort to accomplish denial of his workers' compensation benefits.

## COUNT ONE
### (Bad Faith)

44.    Mike hereby realleges all previous paragraphs and incorporates them as though fully set forth herein.

45.    Insurer and Gallagher hold a duty to deal in good faith, fairly process a workers' compensation claim and must have a reasonable basis if it is going to deny workers' compensation benefits.

46.    Insurer and Gallagher breached their duties of good faith on numerous occasions including, but not limited to:

(a)    Denying benefits to Mike without a reasonable basis;

(b)    Hiring a doctor to conduct an IME knowing or having the ability to know that the doctor was biased in favor of insurance companies;

(c)    Failing to provide information regarding the vehicle collision to Dr. Nipper;

(d)    Asking Dr. Nipper to provide an opinion without information regarding the mechanism of the injury;

(e)    Relying upon statements within Dr. Nipper's report that were contrary to the medical information that was in the Insurer's/Gallagher's possession;

(f)    Relying upon a transparently biased report from Dr. Nipper to deny benefits; and

(g)    Denying workers' compensation benefits to Mike when his claim was not fairly debatable, and Insurer/Gallagher knew or should have known that his claim was not fairly debatable.

47.    Upon information and belief, Insurer's and Gallagher's conduct is part of a pattern of conduct of using biased IME doctors, like Dr. Nipper, to provide biased reports as a basis to deny legitimate claims and reduce claim costs.

48.    Insurer and Gallagher have shown a reckless disregard of Mike's interests and acted with fraud, malice or oppression, making punitive damages appropriate.

49.    As a proximate result of Insurer's and Gallagher's misconduct, Mike has been harmed including, but not limited to, the following: delay in payment of his medical expenses; delay and obstruction of his medical care; increased physical pain; financial hardship; pecuniary loss, along with associated emotional upset, aggravation, annoyance, and embarrassment; and attorney's fees and expenses.

WHEREFORE, Plaintiff Michael Richter seeks the following relief:

(1)    Compensatory damages, including attorney's fees in obtaining his workers' compensation benefits, in an amount to be determined at trial;

(2)    Punitive damages in an amount to be determined at trial;

(3)    Attorneys' fees as allowed under SDCL 58-12-3;

(4)    Pre-judgment interest as allowed by law; and

(5)    Other relief as deemed appropriate and necessary by either the Court or the jury.

Dated this 7th day of June, 2023.

**JOHNSON, JANKLOW &
ABDALLAH, L.L.P.**

BY _____
Scott A. Abdallah (scott@janklowabdallah.com)
Erin Schoenbeck Byre (erin@janklowabdallah.com)
101 South Main Avenue, Suite 100
Sioux Falls, SD 57104
(605) 338-4304

**JULIUS & SIMPSON, L.L.P.**
Michael J. Simpson  (mike@juliussimpson.com)
1600 Mountain View Road, Suite 110
Rapid City, SD 57702
(605) 716-1000

*Attorneys for the Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands trial by jury on all issues so triable.

Scott A. Abdallah
Erin Schoenbeck Byre

10

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michael Richter

**DEFENDANTS**
XL Insurance America, Inc. & Gallagher Bassett Services, Inc.

**(b)** County of Residence of First Listed Plaintiff    Butte (SD)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Fairfield (CT)
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott Abdallah & Erin Schoenbeck Byre, Johnson Law Firm, 101 South Main Avenue, Suite 100, Sioux Falls, SD 57104 (605-338-4304)

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ❏ 1  U.S. Government Plaintiff | ❏ 3  Federal Question *(U.S. Government Not a Party)* |
| ❏ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane  **PERSONAL INJURY** | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability  ❏ 365 Personal Injury - Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander  ❏ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability  Personal Injury Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine  ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent  ❏ 835 Patent - Abbreviated New Drug Application | ❏ 450 Commerce  ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability  **PERSONAL PROPERTY** | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle  ❏ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability  ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff)  ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV  ❏ 850 Securities/Commodities/ Exchange |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury  ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 863 DIWC/DIWW (405(g))  ❏ 864 SSID Title XVI | |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice  ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act  ❏ 751 Family and Medical Leave Act | ❏ 865 RSI (405(g)) | ❏ 890 Other Statutory Actions  ❏ 891 Agricultural Acts |
| ❏ 196 Franchise | | ❏ 790 Other Labor Litigation | | ❏ 893 Environmental Matters  ❏ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights  **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 220 Foreclosure | ❏ 441 Voting  ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 950 Constitutionality of State Statutes |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment  ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations  ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment  ❏ 535 Death Penalty | | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other  **Other:**  ❏ 540 Mandamus & Other | **IMMIGRATION** | | |
| | ❏ 448 Education  ❏ 550 Civil Rights | ❏ 462 Naturalization Application | | |
| | ❏ 555 Prison Condition | ❏ 465 Other Immigration Actions | | |
| | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ❏ 2 Removed from State Court   ❏ 3 Remanded from Appellate Court   ❏ 4 Reinstated or Reopened   ❏ 5 Transferred from Another District *(specify)*   ❏ 6 Multidistrict Litigation - Transfer   ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332 / 28 U.S.C. § 1391(b)(2)
Brief description of cause:
Bad Faith Claim

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
06/07/2023
SIGNATURE OF ATTORNEY OF RECORD
*/s/  Scott A. Abdallah*

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____