UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

MICHAEL RICHTER,

§
§
Plaintiff, §
§
VS. §
§
XL INSURANCE AMERICA INC. and §
GALLAGHER BASSETT SERVICES, §
INC., §
§
Defendants. §

CASE NO. 4:23-CV-4094

**GALLAGHER BASSETT SERVICES, INC.'S ORIGINAL ANSWER**

COMES NOW, Defendant Gallagher Bassett Services, Inc., and files its Original Answer as follows:

## PARTIES

1. Gallagher Bassett Services, Inc., has no independent knowledge of the allegations as to Plaintiff's citizenship and residency; however, Gallagher Bassett Services, Inc., has no reason to dispute Plaintiff's pleading of his own residency and domiciliary as South Dakota. Plaintiff's pleading asserts that Plaintiff is a "resident" of the State of South Dakota and resides in Belle Fourche. This sole allegation is not denied.

2. Paragraph 2 of Plaintiff's Complaint does not contain an averment as to Gallagher Bassett Services, Inc. that requires it to make an admission or denial of claimed facts. To the extent that Plaintiff contends to the contrary, Gallagher Bassett Services, Inc. does not dispute that XL Insurance America Inc., is incorporated in Delaware and maintains a principal place of business in Connecticut.

3. Gallagher Bassett Services, Inc., does not dispute that it is incorporated in Delaware and maintains a principal place of business in Illinois.

## VENUE AND JURISDICTION

4.      Gallagher Bassett Services, Inc. admits this Court has jurisdiction based on diversity of citizenship. Gallagher Bassett Services, Inc. does not dispute Plaintiff alleges damages exceeding the minimum federal jurisdiction limits. Gallagher Bassett Services, Inc. denies that Plaintiff has sustained any damages due to its actions.

5.      Gallagher Bassett Services, Inc. admits venue is proper in this Court because Plaintiff alleges actions that occurred in this District, although the underlying claimed accident occurred in Wyoming. Gallagher Bassett Services, Inc. denies that Plaintiff has sustained any damages due to its actions or that it engaged in any wrongful conduct.

## FACTUAL SUMMARY

6.      Paragraph 6 of Plaintiff's Complaint does not contain an averment as to Gallagher Bassett Services, Inc. that requires it to make an admission or denial of claimed facts. To the extent that Plaintiff contends to the contrary, Gallagher Bassett Services, Inc. responds that it does not dispute that Plaintiff worked as an employee of American Colloid Company. All other allegations contained in paragraph 6 of Plaintiff's Complaint are denied.

7.      Paragraph 7 of Plaintiff's Complaint does not contain an averment as to Gallagher Bassett Services, Inc. that requires it to make an admission or denial of claimed facts. To the extent that Plaintiff contends to the contrary, Gallagher Bassett Services, Inc. responds that after reasonable inquiry and based on information available to it, Gallagher Bassett Services, Inc. does not dispute that XL Insurance American Inc., issued

a workers' compensation policy; Gallagher Bassett Services, Inc., denies the balance of the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Gallagher Bassett Services, Inc. denies the allegations contained in paragraph 8 of Plaintiff's Complaint except that it admits it performed third party administration services related to Plaintiff's claim. Gallagher Bassett Services, Inc., denies the balance of the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendant objects to the extent this paragraph improperly calls for a legal conclusion. However, Gallagher Bassett Services, Inc. denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendant objects to the extent this paragraph improperly calls for a legal conclusion. Gallagher Bassett Services, Inc. denies the allegations contained in paragraph 10 of Plaintiff's Complaint, except that it admits only that it performed third party administration services related to Plaintiff's claim.

11. Defendant objects to the extent this paragraph improperly calls for a legal conclusion. Gallagher Bassett Services, Inc. denies the allegations contained in paragraph 11 of Plaintiff's Complaint to the extent that Plaintiff seeks to impose any obligation on it that exceeds the requirements and laws of South Dakota. As such, denied.

12. Paragraph 12 of Plaintiff's Complaint does not contain an averment as to Gallagher Bassett Services, Inc. that requires it to make an admission or denial of claimed facts. To the extent that Plaintiff contends to the contrary, Gallagher Bassett Services, Inc. responds that after reasonable inquiry and based on information available to it, Gallagher Bassett Services, Inc. is unable to admit the allegations contained in paragraph

12 of Plaintiff's Complaint and therefore denies same. Defendant objects to the extent the averments in this paragraph improperly call for a legal conclusion.

13. Paragraph 13 of Plaintiff's Complaint does not contain an averment as to Gallagher Bassett Services, Inc. that requires it to make an admission or denial of claimed facts. To the extent that Plaintiff contends to the contrary, Gallagher Bassett Services, Inc. responds that after reasonable inquiry and based on information available to it, Gallagher Bassett Services, Inc. is unable to admit the allegations contained in paragraph 13 of Plaintiff's Complaint and denies same.

14. Paragraph 14 of Plaintiff's Complaint does not contain an averment as to Gallagher Bassett Services, Inc. that requires it to make an admission or denial of claimed facts. To the extent that Plaintiff contends to the contrary, Gallagher Bassett Services, Inc. responds that after reasonable inquiry and based on information available to it, Gallagher Bassett Services, Inc. is unable to admit the allegations contained in paragraph 14 of Plaintiff's Complaint and denies same.

15. Paragraph 15 of Plaintiff's Complaint does not contain an averment as to Gallagher Bassett Services, Inc. that requires it to make an admission or denial of claimed facts. To the extent that Plaintiff contends to the contrary, Gallagher Bassett Services, Inc. responds that after reasonable inquiry and based on information available to it, Gallagher Bassett Services, Inc. is unable to admit the allegations contained in paragraph 15 of Plaintiff's Complaint and denies same. Gallagher Bassett Services, Inc., admits only that Plaintiff alleged he incurred medical expense as a result of a work related injury, and the claim for medical benefits was properly adjusted.

16. Admitted that Gallagher Bassett Services, Inc., did not dispute that Plaintiff asserted a work related injury, which was reported only as and limited to a neck strain. Appropriate benefits were paid to Plaintiff. Any further averment contained in Paragraph 16 is denied.

17. Admitted only that Plaintiff's physician reported he was able to return to work on September 27, 2017, and then on October 9, 2017 full duty. Any further averment contained in Paragraph 17 is denied.

18. Paragraph 18 of Plaintiff's Complaint does not contain an averment as to Gallagher Bassett Services, Inc. that requires it to make an admission or denial of claimed facts. To the extent that Plaintiff contends to the contrary, Gallagher Bassett Services, Inc. denies same.

19. Paragraph 19 of Plaintiff's Complaint does not contain an averment as to Gallagher Bassett Services, Inc. that requires it to make an admission or denial of claimed facts. To the extent that Plaintiff contends to the contrary, Gallagher Bassett Services, Inc. denies same.

20. Paragraph 20 of Plaintiff's Complaint does not contain an averment as to Gallagher Bassett Services, Inc. that requires it to make an admission or denial of claimed facts. To the extent that Plaintiff contends to the contrary, Gallagher Bassett Services, Inc. denies same. However, to the extent that Plaintiff seeks to have this Defendant admit to language of a document that purports to be quoted in the Complaint, the document will speak for itself and if produced and authenticated the document itself will be the best evidence of what a provider may have typed into a record. Denied.

21.  Paragraph 21 of Plaintiff's Complaint does not contain an averment as to Gallagher Bassett Services, Inc. that requires it to make an admission or denial of claimed facts. To the extent that Plaintiff contends to the contrary, Gallagher Bassett Services, Inc. denies same.

22.  Paragraph 22 of Plaintiff's Complaint does not contain an averment as to Gallagher Bassett Services, Inc. that requires it to make an admission or denial of claimed facts. To the extent that Plaintiff contends to the contrary, Gallagher Bassett Services, Inc. denies same.

23.  It is not disputed that Plaintiff was examined by Dr. Nipper in connection with an independent medical examination. All additional averments contained in Paragraph 23 of Plaintiff's Complaint are denied.

24.  The allegations contained in Paragraph 24 of Plaintiff's Complaint are denied.

25.  The allegations contained in Paragraph 25 of Plaintiff's Complaint are denied.

26.  The allegations contained in Paragraph 26 of Plaintiff's Complaint are denied.

27.  Gallagher Bassett Services, Inc. does not deny that Dr. Nipper issued a report. However, to the extent that Plaintiff seeks to have this Defendant admit to language of a document that purports to be referenced in the Complaint, the document will speak for itself and if produced and authenticated the document itself will be the best evidence of what a provider may have typed into a report. As such, Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.      Gallagher Bassett Services, Inc. does not deny that Dr. Nipper issued a report and opined that Plaintiff's claim was limited and/or resolved. It is admitted that Dr. Nipper reported that he did not find that the Plaintiff's current condition was related to an accident in 2017. However, to the extent that Plaintiff seeks to have this Defendant admit to language of a document that purports to be referenced in the Complaint, the document will speak for itself and if produced and authenticated the document itself will be the best evidence of what a provider may have typed into a report. As such, Defendant denies the averments as stated in Paragraph 28 of Plaintiff's Complaint.

29.      Gallagher Bassett Services, Inc. does not deny that Dr. Nipper issued a report and opined that Plaintiff's claim was resolved. However, objection to the extent that Plaintiff seeks to have this Defendant admit to language of a document that purports to be referenced in the Complaint. The document will speak for itself and if produced and authenticated the document itself will be the best evidence of what a provider may have typed into a report. Any further averment contained in this paragraph is denied.

30.      Gallagher Bassett Services, Inc. denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.      The allegations contained in Paragraph 31 of Plaintiff's Complaint are denied.

32.      The allegations contained in Paragraph 32 of Plaintiff's Complaint are denied. It is admitted only that the adjuster advised Plaintiff that the doctor did not believe his current condition was related to the accident sustained in 2017.

33.      The allegations contained in Paragraph 33 of Plaintiff's Complaint are denied.

34.     Gallagher Bassett Services, Inc. denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.     It is admitted only that the Plaintiff filed a Petition for hearing. The remaining averments contained in paragraph 35 of Plaintiff's Complaint are denied.

36.     It is admitted only that Dr. Nipper prepared additional reporting finding lack of injury related to the 2017 claim. However, objection to the extent that Plaintiff seeks to have this Defendant admit to language of a document that purports to be referenced in the Complaint. The document will speak for itself and if produced and authenticated the document itself will be the best evidence of what a provider may have typed into a report. The remaining averments contained in paragraph 36 of Plaintiff's Complaint are denied.

37.     It is admitted only that Dr. Nipper was deposed. However, objection to the extent that Plaintiff seeks to have this Defendant admit to language contained in a deposition, the certified transcript will speak for itself and if produced and authenticated the transcript itself will be the best evidence of what Dr. Nipper may have stated in the administrative proceeding. The remaining averments contained in paragraph 37 of Plaintiff's Complaint are denied.

38.     It is admitted only that Dr. Nipper was deposed. However, objection to the extent that Plaintiff seeks to have this Defendant admit to language contained in a deposition, the certified transcript will speak for itself and if produced and authenticated the transcript itself will be the best evidence of what Dr. Nipper may have stated in the administrative proceeding. The remaining averments contained in paragraph 38 of Plaintiff's Complaint are denied.

39. It is admitted only that appropriate administrative filings were made in this matter. However, objection to the extent that Plaintiff seeks to have this Defendant admit to language contained in administrative filings. The document(s) will speak for it/themself and if produced and authenticated will be the best evidence of what may have been filed in the administrative proceeding. The remaining averments contained in paragraph 39 of Plaintiff's Complaint are denied.

40. Paragraph 40 of Plaintiff's Complaint does not contain an averment as to Gallagher Bassett Services, Inc. that requires it to make an admission or denial of claimed facts. To the extent that Plaintiff contends to the contrary, Gallagher Bassett Services, Inc. denies same.

41. The allegations contained in Paragraph 41 of Plaintiff's Complaint are denied.

42. The allegations contained in Paragraph 42 of Plaintiff's Complaint are denied.

43. The allegations contained in Paragraph 43 of Plaintiff's Complaint are denied.

44. Paragraph 44 of Plaintiff's Complaint does not contain an averment as to Gallagher Bassett Services, Inc. that requires it to make an admission or denial of claimed facts. To the extent that Plaintiff contends to the contrary, Gallagher Bassett Services, Inc. denies same.

45. Gallagher Bassett Services, Inc. denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. Gallagher Bassett Services, Inc. denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

    a. Gallagher Bassett Services, Inc. denies the allegations contained in paragraph 46a of Plaintiff's Complaint.

    b. Gallagher Bassett Services, Inc. denies the allegations contained in paragraph 46b of Plaintiff's Complaint.

    c. Gallagher Bassett Services, Inc. denies the allegations contained in paragraph 46c of Plaintiff's Complaint.

    d. Gallagher Bassett Services, Inc. denies the allegations contained in paragraph 46d of Plaintiff's Complaint 46 of Plaintiff's Complaint.

    e. Gallagher Bassett Services, Inc. denies the allegations contained in paragraph 46e of Plaintiff's Complaint.

    f. Gallagher Bassett Services, Inc. denies the allegations contained in paragraph 46f of Plaintiff's Complaint.

    g. Gallagher Bassett Services, Inc. denies the allegations contained in paragraph 46g of Plaintiff's Complaint.

47. Gallagher Bassett Services, Inc. denies the allegations contained in paragraph 47 of Plaintiff's Complaint.

48. Gallagher Bassett Services, Inc. denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

49. Gallagher Bassett Services, Inc. denies the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.     Gallagher Bassett Services, Inc. denies Plaintiff's prayer for relief contained in Plaintiff's Complaint and denies Plaintiff is entitled to any compensatory, general, special, consequential or punitive damages. Gallagher Bassett Services, Inc. denies Plaintiff is entitled to attorneys' fees, costs, disbursements, interest or any other damage or relief of any category or nature irrespective of how stated.

1. Gallagher Bassett Services, Inc. denies Plaintiff's prayer for relief contained in Plaintiff's Complaint and denies Plaintiff is entitled to any compensatory damages, including attorney's fees, or any other damage or relief of any category or nature irrespective of how stated.

2. Gallagher Bassett Services, Inc. denies Plaintiff's prayer for relief contained in Plaintiff's Complaint and denies Plaintiff is entitled to any punitive damage or relief of any category or nature irrespective of how stated.

3. Gallagher Bassett Services, Inc. denies Plaintiff's prayer for relief contained in Plaintiff's Complaint and denies Plaintiff is entitled to any attorney's fees, or any other damage or relief of any category or nature irrespective of how stated.

4. Gallagher Bassett Services, Inc. denies Plaintiff's prayer for relief contained in Plaintiff's Complaint and denies Plaintiff is entitled to any pre-judgment interest, or any other damage or relief of any category or nature irrespective of how stated.

5. Gallagher Bassett Services, Inc. denies Plaintiff's prayer for relief contained in Plaintiff's Complaint and denies Plaintiff is entitled to any damage or relief of any category or nature irrespective of how stated.

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Federal Rule of Civil Procedure 38, Defendant Gallagher Bassett Services, Inc. hereby demands a trial by jury on any disputed issue of fact.

## AFFIRMATIVE DEFENSES

Defendant Gallagher Bassett Services, Inc. reserves the right to amend or supplement these affirmative defenses as more information becomes available or additional defenses are discovered. By asserting matters as affirmative defenses below, Defendant does not concede that it has the burden of proof as to any such matters, but rather raises these matters as an abundance of caution, including those matters on which Plaintiff has the burden of proof.

## FIRST AFFIRMATIVE DEFENSE

Defendant Gallagher Bassett Services, Inc. denies each and every allegation, matter, and thing contained in Plaintiff's Complaint except such as are specifically admitted or qualified herein.

## SECOND AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

The Complaint is barred in whole or in part by accord and satisfaction.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff failed to mitigate his damages, if any.

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations and Laches)

Plaintiff's claim is barred by the applicable statute of limitations and laches.

## FIFTH AFFIRMATIVE DEFENSE
### (No Bad Faith)

Defendant acted, at all relevant times, reasonably and in good faith, and its actions, if any, were taken in good faith, were objectively reasonable, and if not absolutely correct, were at a minimum fairly debatable.

## SIXTH AFFIRMATIVE DEFENSE
### (No Vexatious or Unreasonable Conduct)

Defendant has not engaged in any vexations or unreasonable conduct.

## SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Causation)

Defendant was not the "but for" or proximate cause of any loss or damages sustained by Plaintiff, if any.

## EIGHTH AFFIRMATIVE DEFENSE
### (Damages Caused by Plaintiff or Third Parties)

Plaintiff's loss or damages, if any, were caused by Plaintiff and/or a third party over whom this Defendant had no control or authority.

## NINETH AFFIRMATIVE DEFENSE
### (Plaintiff's Bad Faith)

Plaintiff's claims are barred in whole or in part by Plaintiff's breach of the duty of good faith and fair dealing, or otherwise due to Plaintiff's comparative fault.

## TENTH AFFIRMATIVE DEFENSE
### (Punitive Damages Unconstitutional)

An award of punitive damages in the circumstances of this case would violate the protections of the South Dakota Constitution and the U.S. Constitution. Plaintiff's claim for punitive damages violates Defendant's due process right guaranteed by the Fourteenth Amendment to the United States Constitution and Article, Section 2 of the

South Dakota Constitution. Defendant asserts a right to all limitations, caps, and bars to an award of punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Lawful Conduct)

To the extent there were any filings, disputes, administrative hearings, or appeals, the same were lawfully permitted and authorized by the laws of the State of South Dakota. Defendant's conduct was also consistent at all times with industry standards, customs, and practices and therefore reasonable. Defendant did not engage in any intentional or knowing conduct violative of any law, standard, custom, contract, or industry practice irrespective of how phrased.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust)

To the extent Plaintiff seeks to recover for any claimed damages, benefits, and /or any medical treatment that has not been found by the administrative agency to be a compensable benefit to which Plaintiff was entitled, Plaintiff has failed to exhaust his administrative remedies.  Any claim related to benefits that have not been adjudicated at the administrative level as compensable benefits, cannot form the basis of the Plaintiff's "bad faith" claim and should be dismissed.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Limitation on Recovery)

To the extent the law may allow a limitation or cap on economic and/or non-economic claimed damages, Defendant asserts entitled to such limitation.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Liability for Conduct of Others)

To the extent Plaintiff asserts a right of recovery against Gallagher for the conduct of another individual or entity, Gallagher denies agency and vicarious liability for other(s).

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Conditions Precedent)

To the extent the law requires Plaintiff to have complied with any condition prior to the filing of this lawsuit, Defendant denies that any conditions precedent have been satisfied.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (No Attorney Fees)

Plaintiff is not entitled to the recovery of attorneys' fees as damages in this litigation. This claim does not arise out of contract benefit recovery and there is no statutory enabling provision for attorney fees to be awarded in this matter.

## SEVENTEENTH DEFENSIVE ALLEGATION
### (Heightened Burden of Proof)

To the extent Plaintiff seeks enhanced damages, penalty, punitive damage or any claim premised on intentional conduct, Plaintiff should be required to meet a heightened burden of proof.

WHEREFORE, Defendant Gallagher Bassett Services, Inc. prays as follows:

1. For judgment in favor of Defendant and against Plaintiff on all issues, dismissing Plaintiff's Complaint with prejudice and upon its merits.

2. For Defendant's costs and disbursements herein; and

3. For such other and further relief as the Court deems just and equitable.

Dated: August 1, 2023.

Respectfully submitted,

AYERS & AYERS

By:   */s/ Deanne C. Ayers*
     Deanne C. Ayers
     State Bar of South Dakota No. 4947
     Licensed in: Arizona| Colorado |
     Massachusetts | Minnesota | Montana | New
     York | Oklahoma | South Dakota | Texas
     dayers@ayersfirm.com
     4205 Gateway Drive, Suite 100
     Colleyville, Texas  76034
     817-267-9009 TELEPHONE
     817-318-0663 FACSIMILE
ATTORNEYS FOR DEFENDANT
GALLAGHER BASSETT SERVICES, INC.

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing instrument has been filed via the Court's ECF System with a copy automatically forwarded to all counsel of record via e-service on this 1st day of August 2023

*/s Deanne C. Ayers*
Deanne C. Ayers