UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL RICHTER,<br><br>Plaintiff,<br><br>vs.<br><br>XL INSURANCE AMERICA INC. and GALLAGHER BASSETT SERVICES, INC.,<br><br>Defendants. | 4:23-cv-04094-RAL<br><br>**PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS (FIRST SET) TO DEFENDANT GALLAGHER BASSETT SERVICES, INC.** |

TO:  DEFENDANT GALLAGHER BASSETT SERVICES, INC. AND
     ITS COUNSEL OF RECORD

Plaintiff hereby requests answers to the following Interrogatories and Requests for Production of Documents as authorized by Fed. R. Civ. P. 33 and 34.  Please be advised that your answers must include all information available not only to you but available to your agents, attorneys, insurers or others who have information available to you upon inquiry to them.

These Interrogatories and Requests for Production shall be deemed as continuing in the event you later acquire any information. In these Interrogatories to you, the following definitions and instructions apply. **Note that when documents are identified (as defined in definition #2 below), there is an automatic demand for production made (with an option for you to produce copies in lieu of formal inspection).**

## DEFINITIONS AND INSTRUCTIONS

For purposes of this set of Interrogatories and Requests for Production of Documents, the following definitions apply:

(1)     "You" or "your" refers to Gallagher Bassett Services, Inc. or anyone acting on its behalf. Unless otherwise stated, "Defendant" shall refer to Gallagher Bassett Services.

(2)     "Document" means any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, inter-

1



office and intra-office telephone call slips, telephone logs, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, computer discs and tapes, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, limited offering circulars, disclosure statements, registration statements, financial statements, statements of net worth, schedules, affidavits, contracts, canceled checks, check stubs, statements, transcripts, statistics, and all drafts, alterations and modifications, changes, amendments of any of the foregoing, graphic or oral records of representations of any kind, regardless of whether designated "confidential" or otherwise, including, without limitation, photographs, e-mails, microfiche, microfilm, videotape, records and motion pictures and electronic, mechanical or electronic records or representations of any kind, including, without limitation, tapes, cassettes, discs and records.

(3)     "Identify" means, with respect to a document, to set forth the following information:

a.     Its nature (e.g., letter, memorandum, report, etc.);
b.     The date it bears or, if undated, the date it was written or created;
c.     The identity of the person(s) who wrote or created it;
d.     The identity of the person(s) who received it;
e.     Its file number or other identifying mark or code;
f.     Its general subject matter; and
g.     Its present or last known location and custodian.

In all cases where identification of a document is requested, in lieu of such specification, you may supply legible copies of such documents.

(4)     "Identify", with respect to a natural person, means to set forth on the first occasion that such person is identified, the following information as far as known to you:

a.     Full name;
b.     Job title and employer at the time of the events complained of in the *Complaint* in this lawsuit;
c.     Present or last known residence address and telephone number;
d.     Present or last known job title and business address; and
e.     Present or last known employer.

(5)     "Identify", with respect to any entity other than a natural person, means to set forth the full name or title of the entity and on the first occasion that such entity is identified to also state the address and principal business or activity of such entity.

(6)     "Identify", with respect to an oral communication or other event, means to set forth the following information:

a. Its general nature (e.g., telephone call, conference call, luncheon, etc.);
b. The date it occurred and the time;
c. The place it occurred;
d. For a communication, the identity of each originator and recipient; for an event, the identity of each person present; and
e. The identity of all persons present when the communication or event occurred.

(7) "Date" means the exact day, month, and year, if ascertainable; if not, the closest approximation that can be made thereto.

(8) "Authority" means case law, legal treatises, statutes, or secondary legal sources.

(9) The connectives and & or shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory or request for production all responses that might otherwise be construed to be outside of its scope.

These Interrogatories and Requests for Production of Documents shall be deemed continuing in nature. Therefore, any information that comes to your attention or any documents discovered after you have responded to these Interrogatories and Requests for Production of Documents, and which refer or relate to the documents requested or the information sought shall be produced in a timely fashion.

## **INTERROGATORIES**

1. Identify each person providing or furnishing any of the information you used in preparing answers to these interrogatories and state the answers that person assisted in answering.

2. Identify each person by name, address, and phone number who you believe may have knowledge or information relating to the claims and defenses made in this matter who are known to you and describe in detail the information you believe each person possesses.

3. Identify all past and/or present personnel or representatives of your company who were involved in any way in the handling or evaluating the workers' compensation claims that are the subject of this lawsuit, that spoke with the Plaintiff, or who possess any knowledge or information relating to the defenses raised in your Answer, stating as to each such person:

(a) The identity of each person;
(b) Their address and phone number;
(c) Their job title or capacity;
(d) Their tenure with your company;
(e) Their present status of employment with your company;

(f)   Their present whereabouts;
(g)   The date(s) during which they handled or evaluated the claims;
(h)   The reason they handled or evaluated the claims during that particular time period;
(i)   A description of their involvement in the handling or evaluation of Plaintiff's claim;
(j)   The reason they relinquished handling of the claim, if applicable; and
(k)   The knowledge possessed by each such person with regard to Plaintiff's claims or any defenses raised in your Answer.

4.      Was any business or third person, including experts, hired to adjust or review Plaintiff's claim? If so, provide the name of said company or person and describe in detail the relationship between you, said company or third person, and any opinions or reports they provided.

5.      With regard to any of your activities on Plaintiff's workers' compensation claim prior to the commencement of this litigation, please indicate whether you are relying, in whole or in part, on advice of counsel to help explain, support or justify any of your actions, conduct or handling of Plaintiff's claim.  If your answer is "yes", please identify in detail all activities where you relied, in whole or in part, on advice of counsel to support or justify any of your actions, conduct or handling of Plaintiff's claim.

6.      For the last ten (10) years, identify every claim in which you or any entity/third party/agent of yours hired Dr. Jeffrey Nipper to conduct a medical examination or records review of your insured.  For purposes of this Interrogatory, you may redact the name and identifying information related to the person examined.  With respect to such claim, state:

(a)   The date of the claim;
(b)   The date on which Dr. Nipper performed the medical examination;
(c)   Identify Dr. Nipper's report;
(d)   Describe, in detail and not in summary fashion, Dr. Nipper's opinion following the medical examination;
(e)   Identify whether the claim was denied or paid; and
(f)   Identify if the insured disputed the claim, and if so, the result of the dispute.

7.      Identify each document, report and/or picture you provided to Dr. Nipper prior to Dr. Nipper issuing his September 29, 2020 report and November 18, 2021 addendum.

8.      Identify each witness you expect to call as an expert witness at trial.  Please state the following:

4

(a) The name, address, occupation and qualifications of the expert witness;
(b) The subject matter in which the expert is expected to testify;
(c) The substance of the facts and opinions to which the expert is expected to testify;
(d) A summary of the grounds for such opinion;
(e) A bibliography of all medical literature, treatises, papers or other publications in support of the expert's opinion;
(f) On what other cases such expert has testified; and
(g) The documents/reports/literature the expert considers controlling in the field.

9. Do you contend that Plaintiff has made any statements or admissions against his interest? If so, then for each statement or admission please state the following:

(a) What Plaintiff wrote or said;
(b) To whom it was written or said;
(c) When it was written or said, including the date and time;
(d) Where it was written or said;
(e) Whether and what documents or materials exist concerning the alleged admission against interest; and
(f) The name, address and phone number of each person who read or heard it or who was present at the time.

10. When did your company first receive notice of Plaintiff's claim for workers' compensation benefits? Include within your answer the full name, address, telephone number and job title or capacity of your company's representative who received this notice.

11. Was any writing or other form of record made that confirms the receipt of such notice by a representative of your company? If so for each writing, state:

(a) The date it was prepared;
(b) The reason for its preparation;
(c) The full name, address, telephone number and job title or capacity at the time of the preparation of the person who prepared it; and
(d) Its substance.

12. Describe, in detail and not in summary fashion, the exact claims handling procedure used by your company in processing Plaintiff's workers' compensation claim, including the name, address, email, telephone number and job title/capacity of each of your employees or representatives, or outside parties or persons, including hired third-party services, involved in the claims handling process, and state whether any of said persons or entities opined

as to the injuries suffered by Plaintiff, their opinion, and specifically identify all documents that each person relied upon in making said evaluation.

13. Up until the commencement of this litigation, state the reserves that were set by your company in response to Plaintiff's claim for benefits under the policy, when the reserves were set, and the names and employment position of the person(s) involved in the setting of the reserve amount.

14. Identify any investigation conducted by you before the denial of Plaintiff's workers' compensation benefits? If so, for each investigation, state:

(a) The dates made;
(b) The full name, address, telephone number and job title or capacity of the person or persons who authorized it;
(c) The name, address, telephone number and job title or capacity of each investigator;
(d) Each step you took to investigate Plaintiff's claim;
(e) Whether the investigation is reflected in any document, identifying each document;
(f) A description, in detail and not in summary fashion, of the facts and circumstances obtained by you in said investigation; and
(g) The purpose of the investigation.

15. Identify each and every fact upon which you based your denial of Plaintiff's workers' compensation benefits.

(a) The dates of denial;
(b) The full name, address, telephone number and job title or capacity of the person or persons who authorized it;
(c) The name, address, telephone number and job title or capacity of each person making or assisting with making a decision to deny benefits;
(d) Whether the denial is reflected in any document, identifying each document;
(e) A description, in detail and not in summary fashion, of the facts and circumstances upon which you based the denial of Plaintiff's workers' compensation benefits;
(f) Each and every document relied upon by your company in denying Plaintiff's claim for workers' compensation benefits; and
(g) The reason you denied Plaintiff's workers' compensation benefits.

16. For any experts, besides Dr. Nipper, that were consulted in this case, please provide their name, address and phone number, the date on which they were contacted, state

what opinions they provided and identify any document provided to such expert by you, identify any document authored by such expert(s), and identify any other cases in which you have utilized such expert(s) services.

17. Describe, in detail and not in summary fashion, each and every communication between Plaintiff and any representative of your company relating to Plaintiff's claim for benefits. For each such communication, please state the following:

   (a)   The date of the communication;
   (b)   What Plaintiff said;
   (c)   What your representative said;
   (d)   Whether and what documents or materials exist concerning the communication; and
   (e)   The name, address and phone number of each person who read or heard the communication or was present at the time of the communication.

18. If Plaintiff's claim for benefits or any portion of said claims were submitted to a claims committee, review board, firm, company or similar entity for evaluation, state:

   (a)   The date the claims or any portion of the claims was submitted;
   (b)   The identity of each person who constituted the committee, including the person's name, title or position, address, phone number and present whereabouts;
   (c)   The manner in which the claims or any portion of the claims were presented;
   (d)   The identity of each document relating to the submission of the claims; and
   (e)   The identity of the present custodian of each document identified in your answer to subsection (d), including the person's name, title or position, address, phone number and present whereabouts.

19. Have you, or your attorneys, agents or insurance company had any surveillance performed or made of Plaintiff? If so, identify:

   (a)   Who made the surveillance;
   (b)   The dates of the surveillance;
   (c)   The places at which the Plaintiff was observed; and
   (d)   Whether, in making it, any person was interviewed or examined, and if so, identify each such person.

20. In the last five (5) years, have you been a party in a civil lawsuit alleging insurance bad faith or unfair claims processing, or been a party in a regulatory complaint brought against

you, involving a workers' compensation claim? If so, identify the case by name, court and trial docket number, and indicate the substance of the allegations, as well as the outcome of the case.

21.     Describe in detail the process you utilized to select Dr. Nipper to perform Plaintiff's IME, including whether alternative doctors were considered, which alternative doctors were considered, and the reason you selected Dr. Nipper.

22.     If you are aware of documents that are not in your possession that are related to the Plaintiff's claim and were gathered by a person or entity working on behalf of you (directly or indirectly), identify the documents, including the persons and/or entities in possession of those documents with last known addresses.  This request does not seek work product.

23.     Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for workers' compensation benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe your document retention policy.

24.     Identify any communications you had with Plaintiff's treating physicians, regarding the injuries at-issue in this litigation, including:

    (a)     The name of the individual you spoke with;
    (b)     The date of the communication; and
    (c)     Describe in detail the contents of the discussion.

25.     Identify in detail and not summary fashion how Plaintiff's claim is barred by accord and satisfaction as asserted in your Answer.

26.     Identify in detail and not summary fashion how Plaintiff failed to exhaust his administrative remedies as asserted in your Answer.

27.     Identify in detail and not summary fashion how Plaintiff's claim is barred by the terms, conditions and limitations contained in the XL Policy.  Specifically, identify the policy provisions which bar Plaintiff's claim.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Produce any and all documents and communications, including, but not limited to, electronic mail, text messages, recordings (audio or visual), and/or pictures, regarding any matter set forth in Plaintiff's Complaint or your Answers.

2.     Produce duplicate copies of any photographs, videotapes, motion pictures or other visual representations, of any other matters pertaining to the issues in this lawsuit.

3.     Produce a complete copy of the resume and curriculum vitae of any expert retained or consulted regarding the subject matter of this lawsuit.

4.     Produce any and all written and/or recorded statements you have from any person regarding any of the events or happenings detailed in Plaintiff's Complaint or your Answers.

5.     With respect to any expert retained by you to analyze Plaintiff's workers' compensation claim, produce a complete copy of all material prepared by such expert, and each and every document, report, chart, graph, object, summary, compilation of data, or other thing relied upon by any of your experts, in whole or in part, in the formulation of the expert's opinions and conclusions in this case.

6.     Produce copies of each exhibit you may or will offer at the deposition of any witness in this case or at the trial of this case.

7.     Produce copies of any written or electronic documents pertaining to the respective workloads and responsibilities of each of the persons and their direct supervisor who in any manner participated in the handling and evaluation of Plaintiff's workers' compensation claim. Said request should include requests for additional staff or assistance by any of said persons.

8.     Produce a copy of the claims file for the at-issue claim, including any claim forms completed, correspondence to and from your insured, correspondence to and from any other person or entity related to the claim, and any internal business notes, log entries, valuations or reserves related to the claim.

9.     Produce a copy of any and all communications between you and any expert or any healthcare professional, prior to the commencement of this litigation, relating to Plaintiff's claim for workers' compensation benefits, including Dr. Jeffrey Nipper and any of Plaintiff's physicians.

10.     Provide copies of any employment evaluations for the individuals, including their supervisors and their supervisor's supervisor, that reviewed or in any way participated in the handling of Plaintiff's claims, any employment contracts with said person(s), all documents related to compensation plans of said persons, any incentive plans offered to such persons and copies of such persons' employment files.  You may redact or withhold social security numbers, and bank, credit card or other financial account numbers of any person.

11.     If you utilize claims tracking software, generate and provide a copy of the electronic diary, including the electronic and paper notes made by your claims personnel, contractors, and third-party adjusters/adjusting firms relating to the Plaintiff's claim.

12.     Produce copies of any and all policies or guidelines used during the previous ten (10) years dealing directly or indirectly with claims handling procedures, specifically including but not limited to, the proper amount of time for claims handling, the process for evaluating claims, the scope and nature of investigation pertaining to claims handling and the utilization of medical examinations.

13.     Produce all recordings or any communications in your possession with a representative of the Julius & Simpson, LLP or Simpson, LLP law firm or its predecessor(s) related to Plaintiff.

14.     Produce all of Dr. Jeffrey Nipper's "Independent Medical Exam (IME)" and Record Review reports that you or any affiliated entity had Dr. Nipper perform on your insured from the last ten (10) years for the states of South Dakota, North Dakota, Nebraska, Missouri, Minnesota, Iowa and Arkansas. For purposes of this Request for Production, you may redact the name(s) and identifying information related to the person examined.

15.     Produce all human resource manuals, salary administration manuals, personnel bulletins or manuals, orientation booklets, directives, memos or other documents used during the previous ten (10) years to inform claims personnel of the manner in which they can expect to receive salary increases, bonuses or other commissions.

16.     Produce all documents which relate to incentives given to claims personnel in return for reducing the amount of claims' payments, reducing combined ratio, reducing claim severity and reducing claims' payouts.

17.     Produce all documents relating to efforts or goals to decrease loss ratios, or decrease claim severity costs, over the past ten (10) years.

18.     Produce any and all documents relating to regulatory actions, including but not limited to suspension or revocation proceedings, Market Conduct Examinations, Cease and Desist Orders, Consent Orders, Reports of Examinations, Corrective Orders or Corrective Action Plans, involving your handling of workers' compensation claims from the past ten (10) years to present.  This Request is not limited to South Dakota. You may redact or withhold social security numbers and bank, credit card or other financial account numbers of any person.

19.     Provide copies of any Department of Insurance consumer complaints involving your handling of workers' compensation claims from the past ten (10) years to present. This Request is not limited to South Dakota. You may redact or withhold social security numbers, and bank, credit card or other financial account numbers of any person.

20.     Produce a list of all workers' compensation claim investigations conducted by the adjuster(s) and their direct supervisor(s) who were involved in the determination on Plaintiff's claim within the past five (5) years and state whether such claim was accepted as

compensable or denied in whole or in part. This Request is not limited to South Dakota. You may redact or withhold social security numbers, and bank, credit card or other financial account numbers of any person.

21. Produce all pleadings from any lawsuit filed against you in the last five (5) years, brought within the states of South Dakota, North Dakota, Nebraska, Missouri, Minnesota, Iowa and/or Arkansas alleging insurance bad faith, breach of contract, fraud, deceit or unfair claims processing involving a workers' compensation claim.

22. Produce any and all affidavits, transcripts of depositions or trial testimony of any of your employees or officers in any suit alleging breach of contract, fraud, deceit, bad faith and/or unfair claims practices in a case arising out of a workers' compensation claim, from the last five (5) years, brought within the states of South Dakota, North Dakota, Nebraska, Missouri, Minnesota, Iowa and/or Arkansas.

23. If a third-party entity assisted with the evaluation of Plaintiff's claim, provide all documents that show the number of other matters in which the same entity was retained by you to evaluate other insureds' workers' compensation claims over the past five (5) years and whether the claim was denied or paid.

24. Produce your contract with Dr. Nipper, and/or his employer/contractor for the services he performed on Plaintiff's claim and any documents you use to evaluate Dr. Nipper's performance, and any documents involving your selection or vetting of Dr. Nipper.

25. Produce the documents supporting your claim that Plaintiff failed to exhaust his administrative remedies.

## **Vaughn Index**

If you claim that any requested document is privileged by work product, or otherwise, please prepare a "Vaughn Index" which must list for each separate document:

a. The date, author, and his or her capacity;
b. The recipient(s) (including copy recipient(s)) and their capacities;
c. The subject matter of the document;
d. The purpose of its production; and
e. A detailed specific explanation of why the document is privileged or immune from discovery.

Dated this 21st day of November, 2023.

JOHNSON, JANKLOW &
ABDALLAH, L.L.P.

BY _____

Scott A. Abdallah (scott@janklowabdallah.com)
Erin Schoenbeck Byre (erin@janklowabdallah.com)
101 South Main Avenue, Suite 100
Sioux Falls, SD 57104
(605) 338-4304

**SIMPSON LAW FIRM, PROF. L.LC.**
Michael J. Simpson (mike@simpsonsdlaw.com)
1600 Mountain View Road, Suite 110
Rapid City, SD 57702
(605) 716-1000

*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Plaintiff's Interrogatories and Requests for Production of Documents (First Set) to Defendant Gallagher Bassett Services, Inc.** was served by e-mail only upon the following individuals:

Attorneys for Defendant XL Insurance America, Inc.
- William Garry - Cadwell, Sanford, Deibert & Garry, L.L.P.
  *bgarry@cadlaw.com*

- Charles Browning /Nicole Ruggirello -Plunkett Cooney, PC
  *cbrowning@plunkettcooney.com - nruggirello@plunkettcooney.com*

Attorneys for Defendant Gallagher Bassett Services, Inc.
- Deanne Ayers - Ayers & Ayers
  *dayers@ayersfirm.com*

Dated this 21st day of November, 2023.

_____
Scott A. Abdallah