EXHIBIT
2

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL RICHTER, <br><br> Plaintiff, <br><br> vs. <br><br> XL INSURANCE AMERICA INC. and GALLAGHER BASSETT SERVICES, INC., <br><br> Defendants. | 4:23-cv-04094-RAL <br><br> **DEFENDANT GALLAGHER BASSETT SERVICES, INC.'S OBJECTIONS, ANSWERS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS (FIRST SET) TO DEFENDANT GALLAGHER BASSETT SERVICES, INC.** |

## GENERAL OBJECTIONS

1.      Defendant, Gallagher Bassett Services, Inc., objects to Plaintiff's Interrogatories and Request for Production of Documents to the extent such Requests seek information which is irrelevant or immaterial to the issues in this action and which is not reasonably calculated to lead to the discovery of admissible evidence on the grounds that compliance with such Request for Production of Documents would be unduly burdensome and oppressive and would cause undue time and expense to Defendant which is not commensurate with Plaintiff's legitimate discovery needs.

2.      Defendant, Gallagher Bassett Services, Inc., reserves the right, given the fact that this case is in its early stages and its investigation of the facts and law relevant to this matter is continuing, to supplement its responses and to introduce into evidence or at trial such additional facts and documents as are uncovered, developed, or relied upon by Defendant, its experts, and Defendant's counsel in the continuing discovery and investigation of the issues in this action.

3.      Defendant, Gallagher Bassett Services, Inc., objects to Plaintiff's Interrogatories and Request for Production of Documents to the extent many call for the disclosure of information or communications protected by the attorney-client privilege or any other applicable privilege on the ground that privileged matters are exempt from discovery. Defendant further objects to the extent that any responses constitute or include materials prepared in anticipation of litigation which may be discovered upon Plaintiff's fulfillment of the requirements set forth in SDCL 15-6-26(b)(3) and (4), which requirements have not been met.

## INTERROGATORIES

1.      Identify each person providing or furnishing any of the information you used in preparing answers to these interrogatories and state the answers that person assisted in answering.

**ANSWER**: Defendant will supplement this request. Documents referenced are contained at the documents previously produced by Gallagher and numbered as DEF 000001- DEF 001783 and those that are being produced as DEF001784 - DEF001943.

2.　　Identify each person by name, address, and phone number who you believe may have knowledge or information relating to the claims and defenses made in this matter who are known to you and describe in detail the information you believe each person possesses.

**ANSWER**:
1.　　Michael H. Richter
　　2104 Frannie Circle
　　Belle Fourche, SD 57717-3202
　　605-641-4717
　　Plaintiff.

Mr. Richter is likely to have discoverable information including the nature and extent of

his claims.

2.　　Medical Professionals and/or
　　Custodian of Medical Records
　　Spearfish Regional Hospital
　　1420 N. 10th Street
　　Rapid City, SD 57783-1532
　　Or
　　1440 N. Main Street
　　Rapid City, SD 57783
　　605-644-4000
　　Medical Provider to Plaintiff.

The physician(s) that examined and treated Plaintiff are likely to have discoverable

information concerning Plaintiff's treatment. The Custodian of Medical Records can verify the

authenticity of Plaintiff's medical records kept by him/her.

3.　　Dr. Drew Moss, MD
　　Custodian of Medical Records
　　Regional Health- Queen City Regional Medical Clinic
　　Dept. of Spearfish Regional Hospital
　　1420 N. 10th Street
　　Spearfish, SD 57783-1532
　　Medical Provider to Plaintiff.

Dr. Moss is expected to testify as to the facts and circumstances related to his examination/treatment of Plaintiff. The Custodian of Medical Records can verify the authenticity of Plaintiff's medical records kept by him/her.

4.       Dr. Joshua Sole, MD
       Custodian of Medical Records
       Rehabilitation Medicine Specialist (Sports Medicine)
       Monument Health Inc.
       Rapid City Hospital
       353 Fairmont Blvd.
       Rapid City, SD 57701 or
       Monument Health Spearfish Hospital
       1440 N. Main Street
       Spearfish, SD 57783-1505
       605-755-6730
       Medical Provider to Plaintiff.

Dr. Sole is expected to testify regarding his examination, care and treatment of Plaintiff. The Custodian of Medical Records for Monument Health Inc. can verify the authenticity of Plaintiff's medical records kept by him/her at Monument Health Inc.

5.       Robin Pigsley, RN
       Custodian of Medical Records
       Rehabilitation Medicine Specialist (Sports Medicine)
       Monument Health Inc.
       Rapid City Hospital
       353 Fairmont Blvd.
       Rapid City, SD 57701
       Medical Provider to Plaintiff.

Ms. Robin Pigsley, RN is expected to testify regarding her examination, care and treatment of Plaintiff.

6.       Dr. Garrett Cox, MD
       Custodian of Medical Records
       Regional Health- [Queen City Regional Medical Clinic]
       Dept. of Spearfish Regional Hospital
       1420 N. 10th Street
       Spearfish, SD 57783-1532
       Medical Provider to Plaintiff.

Dr. Cox is expected to testify as to the facts and circumstances related to his examination of Plaintiff. The Custodian of Medical Records can verify the authenticity of Plaintiff's medical records kept by him/her.

7. Tiffany Bolsta
Custodian of Medical Records
Regional Health- Queen City Regional Medical Clinic
Dept. of Spearfish Regional Hospital
1420 N. 10th Street
Spearfish, SD 57783-1532
Medical Provider to Plaintiff.

Ms. Bolsta is expected to testify as to the facts and circumstances related to her examination of Plaintiff. The Custodian of Medical Records can verify the authenticity of Plaintiff's medical records kept by him/her.

8. Dr. David M. Plunkett, MD; Radiologist
Custodian of Medical Records
Monument Health Spearfish Hospital
1440 N. Main Street
Spearfish, SD 57783-1505
605-342-2852
Medical Provider to Plaintiff.

Dr. Plunkett is expected to testify as to the facts and circumstances related to his examination of Plaintiff. The Custodian of Medical Records can verify the authenticity of Plaintiff's medical records kept by him/her.

9. Marci Marie Heine DPT
Custodian of Medical Records
Monument Health Rehabilitation and Sports Medicine
Dept. of Spearfish Regional Hospital
1420 N. Main Street
Spearfish, SD 57783
Or
Monument Health Inc.
353 Fairmont Blvd.
Rapid City, SD 57701
605-644-4370/4000
Medical Provider to Plaintiff.

Ms. Heine is expected to testify as to the facts and circumstances related to her examination of Plaintiff. The Custodian of Medical Records can verify the authenticity of Plaintiff's medical records kept by him/her.

10.     Tracy Yeargan, LPN
        Custodian of Medical Records
        Regional Health Clinic
        Dept. of Spearfish Regional Hospital
        1420 N. 10th Street
        Spearfish, SD 57783-1532
        Or
        MH Rapid City Clinic
        1635 Caregiver Circle
        Rapid City, SD  577002-8529
        Medical Provider to Plaintiff.

Ms. Yeargan is expected to testify regarding her examination, care, and treatment of Plaintiff.  The Custodian of Medical Records can verify the authenticity of Plaintiff's medical records kept by him/her.

11.     Dr. Jeffrey H. Nipper, MD; (Orthopedic Surgery)
        Custodian of Medical Records
        PT-OT Professionals, Inc.
        2001 7th Street
        Rapid City, SD 57701
        605-716-6474
        Or
        6465 Wayzata Blvd., Suite 900
        Minneapolis, Minnesota 55426
        952-229-8500
        Medical Provider to Plaintiff.

Dr. Nipper is expected to testify as to the facts and circumstances related to his independent medical examination of Plaintiff. He is expected to have knowledge of and testify as to the examination he conducted and the opinions he reported. The Custodian of Medical Records for PT-OT Professionals, Inc., can verify the authenticity of Plaintiff's medical records

kept by him/her at PT-OT Professionals, Inc.

    12.    Kimberly Cockrum, LPN
           Custodian of Medical Records
           Regional Health Clinic
           Dept. of Spearfish Regional Hospital
           1420 N. 10th Street
           Spearfish, SD 57783-1532
           Medical Provider to Plaintiff.

Ms. Cockrum is expected to testify regarding her examination, care and treatment of Plaintiff. The Custodian of Medical Records for Spearfish Regional Hospital can verify the authenticity of Plaintiff's medical records kept by him/her at Spearfish Regional Hospital.

    13.    Dr. Hollan Harper, DO (Sports Medicine Specialist)
           Custodian of Medical Records
           Regional Specialty Clinic
           Dept. of Spearfish Regional Hospital
           1420 N. 10th Street
           Spearfish, SD 57783-1532
           Medical Provider to Plaintiff.

Dr. Harper is expected to testify regarding his/her examination, care and treatment of Plaintiff. The Custodian of Medical Records for Spearfish Regional Hospital can verify the authenticity of Plaintiff's medical records kept by him/her at Spearfish Regional Hospital.

    14.    Kara Weigel, PT
           Custodian of Medical Records
           Regional Health Clinic
           Dept. of Spearfish Regional Hospital
           1420 N. 10th Street
           Spearfish, SD 57783-1532
           Medical Provider to Plaintiff.

Ms. Weigel is expected to testify regarding her examination, care and treatment of Plaintiff. The Custodian of Medical Records for Spearfish Regional Hospital can verify the authenticity of Plaintiff's medical records kept by him/her at Spearfish Regional Hospital.

    15.    Dr. Tyler Ptacek, MD (Surgeon)
           Custodian of Medical Records

Rapid City MC Pain Medicine
101 East Minnesota Street
Rapid City, SD 57701-7758
605-342-3280
Medical Provider to Plaintiff.

Dr. Ptacek is expected to testify regarding his examination, care, and treatment of Plaintiff. The Custodian of Medical Records for RCMC Pain Medicine can verify the authenticity of Plaintiff's medical records kept by him/her at RCMC Pain Medicine.

16.     Jennifer Knowles
        Custodian of Medical Records
        Black Hills Imaging Center
        2820 Mount Rushmore Road
        Rapid City, SD 57701
        Or
        RCMC Pain Medicine
        101 East Minnesota Street
        Rapid City, SD 57701-7758
        605-342-3280
        Medical Provider to Plaintiff.

Ms. Knowles is expected to testify regarding her examination, care, and treatment of Plaintiff. The Custodian of Medical Records for RCMC Pain Medicine can verify the authenticity of Plaintiff's medical records kept by him/her at RCMC Pain Medicine.

17.     Dr. Gregory Brandenberg, MD, PhD (Specialty)
        Custodian of Medical Records
        Monument Health Rapid City Clinic
        Dept. of Spearfish Regional Hospital
        1420 N. 10th Street
        Spearfish, SD 57783-1532
        Or
        353 Fairmont Blvd.
        Rapid City, SD 57701
        605-755-6720
        Medical Provider to Plaintiff.

Dr. Brandenberg is expected to testify regarding his examination, care and treatment of Plaintiff. The Custodian of Medical Records for Spearfish Regional Hospital can verify the authenticity of Plaintiff's medical records kept by him/her at Spearfish Regional Hospital.

18. Dr. Christopher Fromm, MD
Custodian of Medical Records
Regional Specialty Clinic
Dept. of Spearfish Regional Hospital
1420 N. 10th Street
Spearfish, SD 57783-1532
605-644-4000
Medical Provider to Plaintiff.

Dr. Fromm is expected to testify regarding his examination, care, and treatment of Plaintiff. The Custodian of Medical Records for Spearfish Regional Hospital can verify the authenticity of Plaintiff's medical records kept by him/her at Spearfish Regional Hospital.

19. Dr. Andrew Vanosdol, MD
Custodian of Medical Records
Regional Specialty Clinic
Dept. of Spearfish Regional Hospital
1420 N. 10th Street
Spearfish, SD 57783-1532
Medical Provider to Plaintiff.

Dr. Vanosdol is expected to testify regarding his examination, care, and treatment of Plaintiff. The Custodian of Medical Records for Spearfish Regional Hospital can verify the authenticity of Plaintiff's medical records kept by him/her at Spearfish Regional Hospital.

20. Dr. Stephen Vosler, MD
Custodian of Medical Records
Regional Specialty Clinic
Dept. of Spearfish Regional Hospital
1420 N. 10th Street
Spearfish, SD 57783-1532
605-717-8595
Medical Provider to Plaintiff.

Dr. Vosler is expected to testify regarding his examination, care, and treatment of Plaintiff. The Custodian of Medical Records for Spearfish Regional Hospital can verify the authenticity of Plaintiff's medical records kept by him/her at Spearfish Regional Hospital.

21.  Dr. Daniel Berens, DO
     Custodian of Medical Records
     Regional Health- Medical Clinic Family Medicine
     Dept. of Spearfish Regional Hospital
     1420 N. 10th Street
     Spearfish, SD 57783-1532
     Medical Provider to Plaintiff.

Dr. Berens is expected to testify as to the facts and circumstances related to his examination of Plaintiff. The Custodian of Medical Records for Spearfish Regional Hospital can verify the authenticity of Plaintiff's medical records kept by him/her at Spearfish Regional Hospital.

22.  Dr. Michael Huot, MD
     Monument Health Rapid City Orthopedic & Specialty Hospital
     1635 Caregiver Circle
     Rapid City, SD 57702
     605-755-5258
     Medical Provider to Plaintiff.

Dr. Huot is expected to testify as to the facts and circumstances related to his examination of Plaintiff. The Custodian of Medical Records for Monument Health Inc. can verify the authenticity of Plaintiff's medical records kept by him/her at Monument Health Inc.

23.  Andrew Menigoz, OPT (Physical Therapist)
     Pain & Movement Solutions
     511 National Street, #101
     Belle Fourche, SD  57717
     605-723-0185
     Medical Provider to Plaintiff.

Mr. Menigoz is expected to testify as to the facts and circumstances related to his examination of Plaintiff. The Custodian of Medical Records for Pain & Movement Solutions can

verify the authenticity of Plaintiff's medical records kept by him/her at Pain & Movement Solutions.

24. Dr. Joseph Carda, MD
Custodian of Medical Records
West River Anesthesiology Consultants
631 St. Anne Street, Suite 102
P.O. Box 2760
Rapid City, SD  57709-2760
Medical Provider to Plaintiff.

Dr. Carda is expected to testify as to the facts and circumstances related to his examination of Plaintiff. The Custodian of Medical Records for West River Anesthesiology Consultants can verify the authenticity of Plaintiff's medical records kept by him/her at West River Anesthesiology Consultants.

25. Dr. Michael Troy Nesbit, MD
Monument Health Rapid City Orthopedic & Specialty Hospital
1635 Caregiver Circle
Rapid City, SD 57702
605-755-5258
Medical Provider to Plaintiff.

Dr. Nesbit is expected to testify as to the facts and circumstances related to his examination of Plaintiff. The Custodian of Medical Records for Monument Health Inc. can verify the authenticity of Plaintiff's medical records kept by him/her at Monument Health Inc.

26. Dr. John Butz, MD
Monument Health Rapid City Orthopedic & Specialty Hospital
1635 Caregiver Circle
Rapid City, SD 57702
605-755-5258
Medical Provider to Plaintiff.

Dr. Butz is expected to testify as to the facts and circumstances related to his examination of Plaintiff. The Custodian of Medical Records for Monument Health Inc. can verify the authenticity of Plaintiff's medical records kept by him/her at Monument Health Inc.

27. Erica Gerkin
Custodian of Medical Records
Regional Health- Queen City Regional Medical Clinic
Dept. of Spearfish Regional Hospital
1420 N. 10th Street
Spearfish, SD 57783-1532
Medical Provider to Plaintiff.

Ms. Erica Gerkin is expected to testify as to the facts and circumstances related to her examination of Plaintiff. The Custodian of Medical Records for Spearfish Regional Hospital can verify the authenticity of Plaintiff's medical records kept by him/her at Spearfish Regional Hospital.

28. Robin Overby, Kaylen Lee, Sara Fox, Patricia Kelllogg, Mackey Carter
Aspirion
1506 6th Avenue
P.O. Box 1437
Columbus, Georgia 31901
706-660-5536

Anticipated to have information regarding Plaintiff reporting of his claim, income, employer wage continuation.

29. Corporate Representative
American Colloid Company [Mineral Technologies, Inc.]
10881 US Highway 212
Belle Fourche, SD 57717
Plaintiff's Employer.

American Colloid Company / Mineral Technologies, Inc. was the Plaintiff's employer at the time of the alleged work-related injury.

30. Michael Simpson
Julius & Simpson, LLP
1600 Mountain View Road, Suite 110
Rapid City, SD 57702
605-716-1000
Attorney for Plaintiff.

Mr. Simpson was one of the legal representatives for Plaintiff in the underlying workers' compensation claim. It is anticipated Mr. Simpson has discoverable knowledge and information regarding interactions with relevant parties in this matter.

31. Dawn Wyse
WC Senior Resolution Manager
P.O. Box 2934
Clinton, Iowa 52733-2934
800-227-7391/ 847-273-0381
Current or former employees of Gallagher Bassett Services, Inc. Information regarding Plaintiff's claim or discovery in this litigation.

32. Corporate Representative; and current or former employees
XL Insurance Co.
One Beaver Valley Road
Wilmington, DE 19803
Current or former employees of XL Co.
Information regarding Plaintiff's claim or discovery in this litigation.

33. Defendant intends to name any of Plaintiff's co-workers whose identities are unknown to Defendant at this time. Such witnesses are likely to have discoverable information concerning the nature and extent of Plaintiff's claim and work history.

34. Any person disclosed by Plaintiff in his disclosures or identified in documents disclosed or produced by Plaintiff.

You are also referred to Gallagher's Disclosures and all supplements thereto.

3. Identify all past and/or present personnel or representatives of your company who were involved in any way in the handling or evaluating the workers' compensation claims that are the subject of this lawsuit, that spoke with the Plaintiff, or who possess any knowledge or information relating to the defenses raised in your Answer, stating as to each such person:

(a) The identity of each person;
(b) Their address and phone number;
(c) Their job title or capacity;
(d) Their tenure with your company;
(e) Their present status of employment with your company;
(f) Their present whereabouts;
(g) The date(s) during which they handled or evaluated the claims;

(h)   The reason they handled or evaluated the claims during that particular time period;

(i)   A description of their involvement in the handling or evaluation of Plaintiff's claim;

(j)   The reason they relinquished handling of the claim, if applicable; and

(k)   The knowledge possessed by each such person with regard to Plaintiff's claims or any defenses raised in your Answer.

**ANSWER:**   The claim notes provide the information for the claim related questions above.   Each should be contacted through counsel for Gallagher. Their tenure with Gallagher, although not relevant will be supplemented.

>  Dawn Wyse
>  WC Senior Resolution Manager
>  P.O. Box 2934
>  Clinton, Iowa  52733-2934
>  800-227-7391/ 847-273-0381

To the extent Plaintiff's request is broad enough to include work activities of Defendant's legal counsel, objection is made based on work product and attorney client communication.

4.      Was any business or third person, including experts, hired to adjust or review Plaintiff's claim? If so, provide the name of said company or person and describe in detail the relationship between you, said company or third person, and any opinions or reports they provided.

**ANSWER:**  Gallagher objects to this request to the extent that the wording "or review" renders the request vague and ambiguous. Gallagher did not outsource claims handling of this claim to another adjusting firm. An IME was sought but not for purposes of adjusting the claim, but solely to provide an unbiased  medical opinion.  To the extent Plaintiff's request is broad enough to include work activities of Defendant's legal counsel, objection is made based on work product and attorney client communication.

5.      With regard to any of your activities on Plaintiff's workers' compensation claim prior to the commencement of this litigation, please indicate whether you are relying, in whole or in part, on advice of counsel to help explain, support or justify any of your actions, conduct or handling of Plaintiff's claim.  If your answer is "yes", please identify in detail all activities where you relied, in whole or in part, on advice of counsel to support or justify any of your actions, conduct or handling of Plaintiff's claim.

**ANSWER:**   Defendant is not at this time relying on advice of counsel as a defense in this litigation.  To the extent Plaintiff's request is intended to seek the work product of Defendant's attorneys, objection based on attorney client communication, attorney work product and anticipation of litigation.

Rule 26(a)(2)(D) of Federal Rules of Civil Procedure does not require Defendant to designate its experts before the party seeking affirmative relief is required to disclose expert. This request is overly broad, burdensome and exceeds the scope and timing of expert discovery. Without waiving this objection, Gallagher has not made a decision regarding the expert witnesses to be called to testify in this case. Discovery is on-going and Gallagher will supplement this response at a time agreeable to the parties or in accordance with an order of the Court.

6.      For the last ten (10) years, identify every claim in which you or any entity/third party/agent of yours hired Dr. Jeffrey Nipper to conduct a medical examination or records review of your insured. For purposes of this Interrogatory, you may redact the name and identifying information related to the person examined. With respect to such claim, state:

(a)   The date of the claim;
(b)   The date on which Dr. Nipper performed the medical examination;
(c)   Identify Dr. Nipper's report;
(d)   Describe, in detail and not in summary fashion, Dr. Nipper's opinion following the medical examination;
(e)   Identify whether the claim was denied or paid; and
(f)   Identify if the insured disputed the claim, and if so, the result of the dispute.

**ANSWER:** Gallagher objects to the wording of the request, "any entity/third party/agent" as overbroad, burdensome, harassing, and vague. Objection to this request as Gallagher does not have "insureds" and this is form boilerplate discovery not specific to this case.

Responding further, Gallagher does not aggregate data of this nature and cannot determine without conducting a file by file review of every file to determine whether Dr. Nipper has seen a claimant whether for an IME or otherwise. As such, this request is overbroad, burdensome, harassing, and not proportional to the claim being made by Plaintiff. Additionally, this request is overbroad as not reasonably limited in scope of time. Rule 26 provides that discovery must be both relevant and proportional to the needs of the case. *Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979)("judges should not hesitate to exercise appropriate control over the discovery process."); *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)("[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries."). When Rule 26 was amended in 2015, the Advisory Committee Notes provided that "[i]nformation is discoverable under revised Rule 26(b)(1) if it is relevant to any party's claim or defense and is proportional to the needs of the case . . . . The present amendment restores the proportionality factors to original place in defining the scope of discovery. This change reinforces the Rule 26(g) obligation of the parties to consider these factors in making discovery requests, responses, or objections. Restoring the proportionality calculation to Rule 26(b)(1) does not change the existing responsibilities of the court and the parties to consider proportionality...." Numerous Courts have commented on the amendment reiterating the importance of proportionality in discovery. *North Shore-Long Island Jewish Health Systems, Inc. v. Multi-Plan, Inc.*, -- F.Supp.3d --, 2018 WL 1515711, *9 (E.D.N.Y. Mar. 28, 2018), *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088, 2016 WL 616386, *13 (S.D.N.Y. Feb. 16 2016); *Robertson v. People*

*Magazine*, No. 14, Civ. 6759, 2015 WL 9077111, *2 (S.D.N.Y. Dec. 16, 2015). "The rule vests the district court with discretion to limit discovery if it determines inter alia, the burden or expense of the proposed discovery outweighs its likely benefit." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003). "[T]he actual scope of discovery should be determined according to the reasonable needs of the action." *Riis v. Does One Through Twenty*, No. 3:17-CV-03017-RAL, 2017 WL 5197405, *3 (D.S.D. Nov. 9, 2017). Objection to the extent this request seeks confidential and HIPAA protected information of non-parties.

7. Identify each document, report and/or picture you provided to Dr. Nipper prior to Dr. Nipper issuing his September 29, 2020 report and November 18, 2021 addendum.

**ANSWER:** It is believed that on or about August 20, 2020, all medical records that existed in Defendant's possession were sent to the IME service. The FROI was also provided. You are referred to the documents previously produced by Gallagher and numbered as DEF 000001-DEF 001783.

8. Identify each witness you expect to call as an expert witness at trial. Please state the following:

      (a) The name, address, occupation and qualifications of the expert witness;
      (b) The subject matter in which the expert is expected to testify;
      (c) The substance of the facts and opinions to which the expert is expected to testify;
      (d) A summary of the grounds for such opinion;
      (e) A bibliography of all medical literature, treatises, papers or other publications in support of the expert's opinion;
      (f) On what other cases such expert has testified; and
      (g) The documents/reports/literature the expert considers controlling in the field.

**ANSWER:** Defendant objects to this request as being overly broad, burdensome and exceeding the scope and timing of expert discovery. Rule 26(a)(2)(D) of Federal Rules of Civil Procedure does not require Defendant to designate its experts before the party seeking affirmative relief is required to disclose expert. Further, this request is objectionable in that it exceeds the permissible scope of expert discovery under Rule 26(a)(2). Without waiving this objection, Gallagher has not made a decision regarding the expert witnesses to be called to testify in this case. Discovery is on-going and Gallagher will supplement this response at a time agreeable to the parties or in accordance with an order of the Court.

9. Do you contend that Plaintiff has made any statements or admissions against his interest? If so, then for each statement or admission please state the following:

      (a) What Plaintiff wrote or said;
      (b) To whom it was written or said;
      (c) When it was written or said, including the date and time;

(d)     Where it was written or said;

(e)     Whether and what documents or materials exist concerning the alleged admission against interest; and

(f)     The name, address and phone number of each person who read or heard it or who was present at the time.

**ANSWER:**  See response to number 17 herein.

10.     When did your company first receive notice of Plaintiff's claim for workers' compensation benefits?  Include within your answer the full name, address, telephone number and job title or capacity of your company's representative who received this notice.

**ANSWER:**  The claim was electronically submitted on September 6, 2017 (19:18).

11.     Was any writing or other form of record made that confirms the receipt of such notice by a representative of your company?  If so for each writing, state:

(a)     The date it was prepared;

(b)     The reason for its preparation;

(c)     The full name, address, telephone number and job title or capacity at the time of the preparation of the person who prepared it; and

(d)     Its substance.

**ANSWER:**   The claim was electronically submitted and as such no employee created a writing as requested herein.

12.     Describe, in detail and not in summary fashion, the exact claims handling procedure used by your company in processing Plaintiff's workers' compensation claim, including the name, address, email, telephone number and job title/capacity of each of your employees or representatives, or outside parties or persons, including hired third-party services, involved in the claims handling process, and state whether any of said persons or entities opined as to the injuries suffered by Plaintiff, their opinion, and specifically identify all documents that each person relied upon in making said evaluation.

**ANSWER:**   Gallagher objects to this inquiry in that it exceeds the number of permissible requests under Federal Rule of Civil Procedure 33.  Gallagher objects to this inquiry in that it is overly broad, vague, and burdensome.  This inquiry exceeds permissible discovery.  Gallagher further objects to this inquiry in that it seeks information protected by the attorney-client privilege and the attorney work product doctrine.  To the extent Plaintiff's request is intended to seek the work product of Defendant's attorneys, objection based on attorney client communication, attorney work product and anticipation of litigation.

Subject to and without waiving said objections, you are referred to the claim notes, which are being produced contemporaneously with these interrogatories in Response to Plaintiff's Request for Production. These notes describe the tasks conducted, by whom and the date. You are also referred to the individuals identified in Gallagher's Rule 26 Disclosure and its response to

interrogatory number 1, including any amendment or supplement thereto. These records provide detailed activities on the claim made by Plaintiff.

13. Up until the commencement of this litigation, state the reserves that were set by your company in response to Plaintiff's claim for benefits under the policy, when the reserves were set, and the names and employment position of the person(s) involved in the setting of the reserve amount.

**ANSWER:** Gallagher objects to this inquiry in that it exceeds the number of permissible requests under Federal Rule of Civil Procedure 33. Subject to and without waiving said objection, Gallagher objects to this interrogatory on the basis that it is overly broad and seeks information that is irrelevant and not reasonably calculated to lead to discoverable information. Subject to and without waiving said objections, you are further referred to the reserve information contained in the claim notes that will be voluntarily produced upon entry of a protective order.

14. Identify any investigation conducted by you before the denial of Plaintiff's workers' compensation benefits? If so, for each investigation, state:

(a) The dates made;
(b) The full name, address, telephone number and job title or capacity of the person or persons who authorized it;
(c) The name, address, telephone number and job title or capacity of each investigator;
(d) Each step you took to investigate Plaintiff's claim;
(e) Whether the investigation is reflected in any document, identifying each document;
(f) A description, in detail and not in summary fashion, of the facts and circumstances obtained by you in said investigation; and
(g) The purpose of the investigation.

**ANSWER:** Gallagher objects to this inquiry in that it exceeds the number of permissible requests under Federal Rule of Civil Procedure 33. Subject to and without waiving said objection, Plaintiff's workers' compensation claim was not denied. Benefits were initiated. Plaintiff and carrier received a subrogation recovery on or about July 24, 2018. Plaintiff then next made contact on April 17, 2018, and wanted to know whether he would be paid if he was off work for "headaches." No records regarding treatment were provided and it is not known whether Plaintiff actually did receive treatment at that time. On or about December 13, 2019, it is believed Plaintiff sought treatment at Spearfish. The claim was noted there was or may be further treatment. An independent medical examination was requested to determine Plaintiff's status and causality given the gap in time since the last known treatment. Dr. Nipper conducted an independent medical examination and provided a medical opinion on which Defendant relied. The medical report has been previously provided to you. The records regarding this activity have been previously provided to you and are contained at the documents previously produced by Gallagher and numbered as DEF 000001- DEF 001783 and those that are being produced as DEF001784 - DEF001943.

15. Identify each and every fact upon which you based your denial of Plaintiff's workers' compensation benefits.

      (a)    The dates of denial;

      (b)    The full name, address, telephone number and job title or capacity of the person or persons who authorized it;

      (c)    The name, address, telephone number and job title or capacity of each person making or assisting with making a decision to deny benefits;

      (d)    Whether the denial is reflected in any document, identifying each document;

      (e)    A description, in detail and not in summary fashion, of the facts and circumstances upon which you based the denial of Plaintiff's workers' compensation benefits;

      (f)    Each and every document relied upon by your company in denying Plaintiff's claim for workers' compensation benefits; and

      (g)    The reason you denied Plaintiff's workers' compensation benefits.

**ANSWER:** Gallagher objects to this inquiry in that it exceeds the number of permissible requests under Federal Rule of Civil Procedure 33. Subject to and without waiving said objection, Plaintiff's workers' compensation claim was not denied. Benefits were initiated. Plaintiff and carrier received a subrogation recovery on or about July 24, 2018. Plaintiff then next made a contact on April 17, 2018; he wanted to know if he would be paid if he was off work for "headaches." No records regarding treatment were provided and it is not known whether Plaintiff actually did receive treatment at that time. On or about December 13, 2019, it is believed Plaintiff sought treatment at Spearfish. The claim was noted there was or may be further treatment. An independent medical examination was requested to determine Plaintiff's status and causality given the gap in treatment. Dr. Nipper conducted an independent medical examination and provided a medical opinion on which defendant relied. The medical report has been previously provided to you. The records regarding this activity has been previously provided to you and are contained at the documents previously produced by Gallagher and numbered as DEF 000001- DEF 001783 and those that are being produced as DEF001784 - DEF001943.

16. For any experts, besides Dr. Nipper, that were consulted in this case, please provide their name, address and phone number, the date on which they were contacted, state what opinions they provided and identify any document provided to such expert by you, identify any document authored by such expert(s), and identify any other cases in which you have utilized such expert(s) services.

**ANSWER:** Gallagher objects to this inquiry in that it exceeds the number of permissible requests under Federal Rule of Civil Procedure 33. To the extent Plaintiff's request is broad enough to include work activities of Defendant's legal counsel, objection is made based on work product and attorney client communication. Defendant objects to this request as being overly

broad, burdensome and exceeding the scope and timing of expert discovery.  Rule 26(a)(2)(D) of Federal Rules of Civil Procedure does not require Defendant to designate its experts before the party seeking affirmative relief is required to disclose expert.  Further, this request is objectionable in that it exceeds the permissible scope of expert discovery under Rule 26(a)(2).  Without waiving this objection, Gallagher has not made a decision regarding the expert witnesses to be called to testify in this case.  Discovery is on-going and Gallagher will supplement this response at a time agreeable to the parties or in accordance with an order of the Court.

17.     Describe, in detail and not in summary fashion, each and every communication between Plaintiff and any representative of your company relating to Plaintiff's claim for benefits.  For each such communication, please state the following:

(a)     The date of the communication;
(b)     What Plaintiff said;
(c)     What your representative said;
(d)     Whether and what documents or materials exist concerning the communication; and
(e)     The name, address and phone number of each person who read or heard the communication or was present at the time of the communication.

**ANSWER:**  Gallagher objects to this inquiry in that it exceeds the number of permissible requests under Federal Rule of Civil Procedure 33.  Subject to and without waiving said objection, the communications with Plaintiff are recorded in the claim notes and are restated below:

Entry Date   : 09-26-2017 (15:38)
Author      : Wyse, Dawn
Claimant contact completed notes found. The claimant is married with 2 dependents under 18. Prior to working here he worked in the coalmines from 2008 to 2015.  Earns 28.80 hr. He was following a low boy to another location on the highway 2014 Chevy crew van, 3 row seats. They were getting off the ramp onto a dirt road and another semi trailer didn't slow down and he saw him coming in his rear view mirror the truck didn't hit his breaks. Mike tried to move over into the other lane but the semi struck the van causing it to roll over which is the vehicle Mike was in. He was taken by ambulance to Spear Fish Hospital. He followed up with  his pcp Dr. Drew  Moss, 605 717 8595.  And now pain and movement solutions. He has a follow up with Dr. Moss on 10/9. He did rtw on 9/27 light duty. He is still having neck pain and headaches. He was diagnosed with whiplash, pain in left side of his neck and arms.

Entry Date   : 04-17-2018 (12:03)
Author      : Wyse,Dawn

Talked to attorney who represents Plaintiff on the personal injury claim. They requested the payment ledger/requested. Also provided me with the insurance information for Vykom
Progressive
Their claim#      17-1259807
Sent lien letter to fax# provided by p/a.

On 4/17/19 [plaintiff] called asking whether he would be paid for time off when he has headaches.

Entry Date   : 12-13-2019 (13:02)
Author: Wyse, Dawn
The claimant called, he is having headaches bad again, neck is hurting. He was seen at Spearfish again. They gave him rx. Still employed with Amcol. Says the more he drives the heavy equipment the more his neck hurts. Claims no new incidents, no slip and fall, no mva.

Entry Date   : 01-07-2020 (15:30)
Author       : Wyse,  Dawn
Spoke with the claimant, claims no other injuries, accidents since the mva. The doctor has referred him to Mayo Clinic for injections but the appt is not until March. He is a bit confused. I spoke with Spearfish and they will explain the plan to him.

18.     If Plaintiff's claim for benefits or any portion of said claims were submitted to a claims committee, review board, firm, company or similar entity for evaluation, state:

(a)     The date the claims or any portion of the claims was submitted;
(b)     The identity of each person who constituted the committee, including the person's name, title or position, address, phone number and present whereabouts;
(c)     The manner in which the claims or any portion of the claims were presented;
(d)     The identity of each document relating to the submission of the claims; and
(e)     The identity of the present custodian of each document identified in your answer to subsection (d), including the person's name, title or position, address, phone number and present whereabouts.

**ANSWER:**    Gallagher objects to this inquiry in that it exceeds the number of permissible requests under Federal Rule of Civil Procedure 33.   Subject to and without waiving said objection, not applicable. To the extent Plaintiff's request is broad enough to include work activities of Defendant's legal counsel, objection is made based on work product and attorney client communication. Objection is made to the phrase "or similar entity" as vague and ambigious. Without waiving the foregoing, Plaintiff's claim was not submitted to a claims committee, review board, firm, or company by Gallagher.

19. Have you, or your attorneys, agents or insurance company had any surveillance performed or made of Plaintiff? If so, identify:

      (a)    Who made the surveillance;
      (b)    The dates of the surveillance;
      (c)    The places at which the Plaintiff was observed; and
      (d)    Whether, in making it, any person was interviewed or examined, and if so, identify each such person.

**ANSWER:** Gallagher objects to this inquiry in that it exceeds the number of permissible requests under Federal Rule of Civil Procedure 33. This interrogatory is objectionable on the grounds that it violates the attorney work product privilege and material gathered in anticipation of litigation in this instant lawsuit. Subject to and without waiving said objections, based on information and belief, no surveillance was performed of the Plaintiff in the underlying workers' compensation claim.

20. In the last five (5) years, have you been a party in a civil lawsuit alleging insurance bad faith or unfair claims processing, or been a party in a regulatory complaint brought against you, involving a workers' compensation claim? If so, identify the case by name, court and trial docket number, and indicate the substance of the allegations, as well as the outcome of the case.

**ANSWER:** Gallagher objects to this inquiry in that it exceeds the number of permissible requests under Federal Rule of Civil Procedure 33. Defendants object to this inquiry as it is not relevant to the claims, which form the basis of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. This inquiry is not limited in scope nor is it limited to claims handled under the South Dakota Workers' Compensation Act or the individuals who were directly involved in handling Plaintiff's claim. This request is overbroad in that it is not limited to allegations substantially similar to those made by Plaintiff. As such, the request is overbroad and burdensome. This request is unduly burdensome, and propounded primarily for the purpose of causing annoyance, harassment and creating undue expense. "[T]o be relevant, these other cases must share some factual or legal vector with the plaintiffs' claims." *Torres v. Travelers Ins. Co.*, and *Kirschenman v. Auto-Owners Ins.,* 280 F.R.D 474, 489 (D.S.D. 2012).

Subject to and without waiving said objections, none in the possession of Defendant with regard to the individuals who directly handled Plaintiff's workers' compensation claim.

21. Describe in detail the process you utilized to select Dr. Nipper to perform Plaintiff's IME, including whether alternative doctors were considered, which alternative doctors were considered, and the reason you selected Dr. Nipper.

**ANSWER:** Gallagher objects to this inquiry in that it exceeds the number of permissible requests under Federal Rule of Civil Procedure 33. Subject to and without waiving said objection, as reflected in Gallagher's claim notes:

*EW: The closest ortho I have to Mike s location would be Dr. Nipper in Rapid City. He'll be there on August 6th. Will that work?? His current report turnaround time is 3-4 weeks if the file is under 300 pages and 6-8 weeks if it is larger than 300.CR-Melanie Earle, , (615) 778-5114*

22.     If you are aware of documents that are not in your possession that are related to the Plaintiff's claim and were gathered by a person or entity working on behalf of you (directly or indirectly), identify the documents, including the persons and/or entities in possession of those documents with last known addresses.  This request does not seek work product.

**ANSWER:**   Gallagher objects to this inquiry in that it exceeds the number of permissible requests under Federal Rule of Civil Procedure 33.   Subject to and without waiving said objection, none known at this time.  To the extent Plaintiff's request is intended to seek the work product of Defendant's attorneys, objection based on attorney client communication, attorney work product and anticipation of litigation.

23.     Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for workers' compensation benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe your document retention policy.

**ANSWER:**   Gallagher objects to this inquiry in that it exceeds the number of permissible requests under Federal Rule of Civil Procedure 33.   Subject to and without waiving said objection, not to Defendant's knowledge.

24.     Identify any communications you had with Plaintiff's treating physicians, regarding the injuries at-issue in this litigation, including:

> (a)     The name of the individual you spoke with;
> (b)     The date of the communication; and
> (c)     Describe in detail the contents of the discussion.

**ANSWER:**   Gallagher objects to this inquiry in that it exceeds the number of permissible requests under Federal Rule of Civil Procedure 33.   Subject to and without waiving said objection, any communications with any provider are contained in the Gallagher claim notes and will contain the requested information.

25.     Identify in detail and not summary fashion how Plaintiff's claim is barred by accord and satisfaction as asserted in your Answer.

**ANSWER:**   Gallagher objects to this inquiry in that it exceeds the number of permissible requests under Federal Rule of Civil Procedure 33.   Subject to and without waiving said objection, Plaintiff appears to seek benefits within the exclusive jurisdiction of the administrative agency.  Those benefits have been paid and accepted by Plaintiff.

26.     Identify in detail and not summary fashion how Plaintiff failed to exhaust his administrative remedies as asserted in your Answer.

**ANSWER:** Gallagher objects to this inquiry in that it exceeds the number of permissible requests under Federal Rule of Civil Procedure 33. Gallagher objects to this inquiry in that it is overly broad, vague, and burdensome. This inquiry exceeds permissible discovery. Gallagher further objects to this inquiry in that it seeks information protected by the attorney-client privilege and the attorney work product doctrine.

27. Identify in detail and not summary fashion how Plaintiff's claim is barred by the terms, conditions and limitations contained in the XL Policy. Specifically, identify the policy provisions which bar Plaintiff's claim.

**ANSWER:** Gallagher objects to this inquiry in that it exceeds the number of permissible requests under Federal Rule of Civil Procedure 33. Gallagher objects to the relevance of this inquiry as this lawsuit does not purport to seek to recover workers' compensation benefits under an insurance policy. Gallagher objects to this inquiry in that it is overly broad, vague, and burdensome. This inquiry exceeds permissible discovery. Gallagher further objects to this inquiry in that it seeks information protected by the attorney-client privilege and the attorney work product doctrine.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce any and all documents and communications, including, but not limited to, electronic mail, text messages, recordings (audio or visual), and/or pictures, regarding any matter set forth in Plaintiff's Complaint or your Answers.

**RESPONSE:** You are referred to the documents previously produced by Gallagher and numbered as DEF 000001- DEF 001783 and any additional documents which may be produced in discovery.

To the extent Plaintiff's request is broad enough to include work activities of Defendant's legal counsel, objection is made based on work product and attorney client communication. To the extent Plaintiff's request is intended to seek the work product of Defendant's attorneys, objection based on attorney client communication, attorney work product and anticipation of litigation.

2. Produce duplicate copies of any photographs, videotapes, motion pictures or other visual representations, of any other matters pertaining to the issues in this lawsuit.

**RESPONSE:** No photographs, videotapes, motion pictures or other visual representations were taken of Plaintiff in the underlying workers' compensation claim.

To the extent Plaintiff's request is broad enough to include work activities of Defendant's legal counsel, objection is made based on work product and attorney client communication.

3. Produce a complete copy of the resume and curriculum vitae of any expert retained or consulted regarding the subject matter of this lawsuit.

**RESPONSE:** To the extent Plaintiff's request is broad enough to include work activities of Defendant's legal counsel, objection is made based on work product and attorney client communication. Defendant objects to this request as being overly broad, burdensome and exceeding the scope and timing of expert discovery. Rule 26(a)(2)(D) of Federal Rules of Civil Procedure does not require Defendant to designate its experts before the party seeking affirmative relief is required to disclose expert. Further, this request is objectionable in that it exceeds the permissible scope of expert discovery under Rule 26(a)(2). Without waiving this objection, Gallagher has not made a decision regarding the expert witnesses to be called to testify in this case. Discovery is on-going and Gallagher will supplement this response at a time agreeable to the parties or in accordance with an order of the Court.

4. Produce any and all written and/or recorded statements you have from any person regarding any of the events or happenings detailed in Plaintiff's Complaint or your Answers.

**RESPONSE:** Defendant objects to the scope of the request as being unreasonably, burdensome and not limited to material relevant to this litigation. Defendant assumes Plaintiff is referring only to his workers' compensation claim and answers as to the Plaintiff's workers' compensation claim only.

Defendant further objects to this Request in that it seeks attorney work product, and attorney client communication. Defendant is not withholding any statement taken of Plaintiff or any witness to the underlying workers' compensation claim. Defendant only withholds the communications between it and counsel. Subject to and without waiving said objections, you are referred to the documents produced in discovery in this matter.

5. With respect to any expert retained by you to analyze Plaintiff's workers' compensation claim, produce a complete copy of all material prepared by such expert, and each and every document, report, chart, graph, object, summary, compilation of data, or other thing relied upon by any of your experts, in whole or in part, in the formulation of the expert's opinions and conclusions in this case.

**RESPONSE:** To the extent Plaintiff's request is broad enough to include work activities of Defendant's legal counsel, objection is made based on work product and attorney client communication. Defendant objects to this request as being overly broad, burdensome and exceeding the scope and timing of expert discovery. Rule 26(a)(2)(D) of Federal Rules of Civil Procedure does not require Defendant to designate its experts before the party seeking affirmative relief is required to disclose expert. Further, this request is objectionable in that it exceeds the permissible scope of expert discovery under Rule 26(a)(2). Without waiving this objection, Gallagher has not made a decision regarding the expert witnesses to be called to testify in this case. Discovery is on-going and Gallagher will supplement this response at a time agreeable to the parties or in accordance with an order of the Court.

6. Produce copies of each exhibit you may or will offer at the deposition of any witness in this case or at the trial of this case.

**RESPONSE:** You are referred to the documents previously produced by Gallagher and numbered as DEF 000001- DEF 001783 and any additional documents which may be produced in discovery.

To the extent Plaintiff's request is broad enough to include work activities of Defendant's legal counsel, objection is made based on work product and attorney client communication.

7.      Produce copies of any written or electronic documents pertaining to the respective workloads and responsibilities of each of the persons and their direct supervisor who in any manner participated in the handling and evaluation of Plaintiff's workers' compensation claim. Said request should include requests for additional staff or assistance by any of said persons.

**RESPONSE:** Defendants object to this inquiry as vague and ambiguous.  This inquiry is overbroad in that the definition of "claims staff in this case" seeks information for individuals who had no direct involvement with the handling of Plaintiff's workers' compensation claim. Defendants further object to the extent this inquiry violates the privacy interest of their employees.  This inquiry constitutes an improper fishing expedition for documentation that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)(which disallowed "fishing expeditions" and required "[s]ome threshold showing of relevance" for discovery requests).  Defendants also object as this request encompasses proprietary information and business/trade secrets of Defendants.   Further, this request seeks information outside of the period of the Plaintiff's workers' compensation claim and is not relevant, is overly broad and not reasonably limited in scope.

Defendant does not have documents it believes responsive to this request.  However, to the extent Plaintiff may contend an employee evaluation is responsive, you are referred to Defendants' response to Number 10 herein.

8.      Produce a copy of the claims file for the at-issue claim, including any claim forms completed, correspondence to and from your insured, correspondence to and from any other person or entity related to the claim, and any internal business notes, log entries, valuations or reserves related to the claim.

**RESPONSE:** Defendant objects to this request to the extent it fails to identify the specific document(s) being sought and as such is vague and ambiguous. Defendant objects to this request to the extent it seeks "correspondence to and from any other person" which includes information protected by the attorney-client privilege and the attorney work product privilege. Gowan v. Mid-Century Ins. Co., 309 F.R.D. 503, 510 (D.S.D. 2015), *citing, American Soc. For the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 233 F.R.D. 209, 212 (D.D.C. 2006). Subject to and without waiving said objection, the non-privileged portions of the claim file have been previously produced. Defendant withholds all documents created by its attorney or exchanged between it and its attorney. Gallagher further responds that it is not an insurance carrier and does not have correspondence to and from "your insured." You are referred

to the documents previously produced by Gallagher and numbered as DEF 000001- DEF 001783 and any additional production of documents.

9.     Produce a copy of any and all communications between you and any expert or any healthcare professional, prior to the commencement of this litigation, relating to Plaintiff's claim for workers' compensation benefits, including Dr. Jeffrey Nipper and any of Plaintiff's physicians.

**RESPONSE:** You are referred to the documents previously produced by Gallagher and numbered as DEF 000001- DEF 001783 and any additional documents which may be produced in discovery.

To the extent Plaintiff's request is broad enough to include work activities of Defendant's legal counsel, objection is made based on work product and attorney client communication.

10.     Provide copies of any employment evaluations for the individuals, including their supervisors and their supervisor's supervisor, that reviewed or in any way participated in the handling of Plaintiff's claims, any employment contracts with said person(s), all documents related to compensation plans of said persons, any incentive plans offered to such persons and copies of such persons' employment files.  You may redact or withhold social security numbers, and bank, credit card or other financial account numbers of any person.

**RESPONSE:** Defendants object to this inquiry as vague and ambiguous. This inquiry is overbroad as it seeks personnel files for individuals who had no involvement with the handling of Plaintiff's workers' compensation claim.  Defendant further objects to the extent this inquiry violates the privacy interest of its employees as such files include personal medical and financial information unrelated to any claims handling activities.  This inquiry constitutes an improper fishing expedition for documentation that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.   *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)(which disallowed "fishing expeditions" and required "[s]ome threshold showing of relevance" for discovery requests). Defendant also objects as this request encompasses proprietary information of Defendant and encompasses trade and business secrets.

Defendant objects to the extent this inquiry violates the privacy interest of employees as such files include personal medical and financial information unrelated to Plaintiff's claim handling activities. This inquiry constitutes an improper fishing expedition for documentation that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)(which disallowed "fishing expeditions" and required "[s]ome threshold showing of relevance" for discovery requests). Defendant also objects as this request encompasses proprietary information of Defendant and encompasses trade and business secrets.

Subject to and without waiving said objections, although the Defendant does not waive the objections above, to the extent such documents may exist, the handling adjuster's job application and performance document, if any, will be produced under the terms of a Protective Order so as to protect the confidential information of individual(s).

11. If you utilize claims tracking software, generate and provide a copy of the electronic diary, including the electronic and paper notes made by your claims personnel, contractors, and third-party adjusters/adjusting firms relating to the Plaintiff's claim.

**RESPONSE:** Defendant objects to this request as being vague and amibugous. It is unknown what is mean by "claim tracking software." This request is further objectionable in that it seeks documents protected by the attorney-client privilege and attorney work product doctrine. Subject to and without waiving said objections, you are referred to the claim notes produced in discovery.

12. Produce copies of any and all policies or guidelines used during the previous ten (10) years dealing directly or indirectly with claims handling procedures, specifically including but not limited to, the proper amount of time for claims handling, the process for evaluating claims, the scope and nature of investigation pertaining to claims handling and the utilization of medical examinations.

**RESPONSE:** Defendants object to this request as overly broad, not limited in scope to training on handling claims handled under the *South Dakota* Workers' Compensation Act, and is burdensome. Defendant handles claims in multiple states. This Request for Production is vague and ambiguous, and subject to multiple interpretations. Defendant objects as this request seeks documentation that is not relevant and not calculated to lead to admissible evidence. This request constitutes an improper fishing expedition. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Defendant further objects in that the requested documentation is privileged and proprietary constituting trade secrets.

Subject to and without waiving said objections, the Defendant followed the South Dakota Workers' Compensation Act when handling Plaintiff's workers' compensation claim. The South Dakota Workers' Compensation Act is equally available to Plaintiff. The claims personnel have available to them the rules, law and forms which are located and equally available to Plaintiff at: http://dlr.sd.gov/workers_compensation/default.aspx. Defendant offers to make available its proprietary best practices under the proposed protective order.

13. Produce all recordings or any communications in your possession with a representative of the Julius & Simpson, LLP or Simpson, LLP law firm or its predecessor(s) related to Plaintiff.

**RESPONSE:** You are referred to the documents previously produced by Gallagher and numbered as DEF 000001- DEF 001783 and any additional documents which may be produced in discovery.

14. Produce all of Dr. Jeffrey Nipper's "Independent Medical Exam (IME)" and Record Review reports that you or any affiliated entity had Dr. Nipper perform on your insured from the last ten (10) years for the states of South Dakota, North Dakota, Nebraska, Missouri, Minnesota, Iowa and Arkansas. For purposes of this Request for Production, you may redact the name(s) and identifying information related to the person examined.

**RESPONSE:** Defendant objects to this inquiry as being overly broad, burdensome and harassing. This request is not relevant and is not limited in time or scope. Defendant does not maintain a database housing reports of a specific medical provider, therefore, it would require reviewing every workers' compensation claim over a ten year period across seven states. Further, this Defendant does not have "insureds" and as such has no responsive documents to this request. Defendant objects to the phrase "any affiliated entity" as vague, ambiguous, burdensome, and overbroad. Objection is made to the extent this request seeks confidential and HIPAA protected information of non-parties and this request is not proportional to the claim. This inquiry constitutes an improper fishing expedition for documentation that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)(which disallowed "fishing expeditions" and required "[s]ome threshold showing of relevance" for discovery requests).

15. Produce all human resource manuals, salary administration manuals, personnel bulletins or manuals, orientation booklets, directives, memos or other documents used during the previous ten (10) years to inform claims personnel of the manner in which they can expect to receive salary increases, bonuses or other commissions.

**RESPONSE:.** Defendant objects to this inquiry as vague and ambiguous. This inquiry constitutes an improper fishing expedition for documentation that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)(which disallowed "fishing expeditions" and required "[s]ome threshold showing of relevance" for discovery requests). Defendant also object as this request encompasses proprietary information of Defendant and encompasses trade and business secrets.

Subject to and without waiving said objections, although the Defendant does not waive the objections above, to the extent such document may exist, the handling adjuster's performance document will be produced under the terms of a Protective Order so as to protect the confidential information of individual(s).

16. Produce all documents which relate to incentives given to claims personnel in return for reducing the amount of claims' payments, reducing combined ratio, reducing claim severity and reducing claims' payouts.

**RESPONSE:** Defendant objects to this inquiry as vague and ambiguous. This inquiry constitutes an improper fishing expedition for documentation that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)(which disallowed "fishing expeditions" and required "[s]ome threshold showing of relevance" for discovery requests). Defendant objects as this request encompasses proprietary information and trade/business secrets of Defendant. Further, this request seeks information outside of the period of the Plaintiff's workers' compensation claim and is therefore overbroad and not reasonable in scope. Without waiving the foregoing, there are no incentive plans or programs as requested that applied to the claims personnel involved in Plaintiff's claim. Without waiving the foregoing valid objections, Defendant responds: None.

17. Produce all documents relating to efforts or goals to decrease loss ratios, or decrease claim severity costs, over the past ten (10) years.

**RESPONSE:** Defendant objects to this inquiry as vague and ambiguous. This inquiry constitutes an improper fishing expedition for documentation that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)(which disallowed "fishing expeditions" and required "[s]ome threshold showing of relevance" for discovery requests). Defendant objects as this request encompasses proprietary information and trade/business secrets of Defendant. Further, this request seeks information outside of the period of the Plaintiff's workers' compensation claim and is therefore overbroad and not reasonable in scope. Without waiving the foregoing, as Defendant understands this request, none.

18. Produce any and all documents relating to regulatory actions, including but not limited to suspension or revocation proceedings, Market Conduct Examinations, Cease and Desist Orders, Consent Orders, Reports of Examinations, Corrective Orders or Corrective Action Plans, involving your handling of workers' compensation claims from the past ten (10) years to present. This Request is not limited to South Dakota. You may redact or withhold social security numbers and bank, credit card or other financial account numbers of any person.

**RESPONSE:** Defendants object to this inquiry as it is not relevant to claims, which form the basis of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. This request is also overbroad in that it seeks documents of any complaints filed, even if the complaint was unfounded. This inquiry is not reasonably limited in scope or time, nor is it limited to claims handled under the South Dakota Workers' Compensation Act or the individuals who were directly involved in handling Plaintiff's claim. As such, the request is overbroad and burdensome. Further, production of any such files would invade the privacy of other injured workers who are not a party to this litigation. To the extent this inquiry seeks "documents" covered by the attorney-client and attorney work product privilege, the request is objectionable. *Gowan v. Mid-Century Ins. Co.*, 309 F.R.D. 503, 510 (D.S.D. 2015), *citing, American Soc. For the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 233 F.R.D. 209, 212 (D.D.C. 2006).

This request is unduly burdensome, and propounded primarily for the purpose of causing annoyance, harassment and creating undue expense. Defendant does not maintain aggregate data of a nature to allow reasonable response to this request. Defendant object to this inquiry as it is not relevant to claims, which form the basis of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, to the extent there are any documents responsive to claims in South Dakota they are produced herein.

19. Provide copies of any Department of Insurance consumer complaints involving your handling of workers' compensation claims from the past ten (10) years to present. This Request is not limited to South Dakota. You may redact or withhold social security numbers, and bank, credit card or other financial account numbers of any person.

**RESPONSE:** Defendants object to this inquiry as it is not relevant to claims, which form the basis of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. This request is also overbroad in that it seeks documents of any complaints filed, even if the complaint was unfounded. This inquiry is not limited in scope or time, nor is it limited to claims handled under the South Dakota Workers' Compensation Act or the individuals who were directly involved in handling Plaintiff's claim. As such, the request is overbroad and burdensome. Further, production of any such records would invade the privacy and HIPAA protected information of other workers who are not a party to this litigation. To the extent this inquiry seeks "documents" covered by the attorney-client and attorney work product privilege, the request is objectionable. *Gowan v. Mid-Century Ins. Co.*, 309 F.R.D. 503, 510 (D.S.D. 2015), *citing, American Soc. For the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 233 F.R.D. 209, 212 (D.D.C. 2006). This request is unduly burdensome, and propounded primarily for the purpose of causing annoyance, harassment and creating undue expense. Defendant does not maintain aggregate data of a nature to allow response to this request. Defendant objects to this inquiry as it is not relevant to claims, which form the basis of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

20. Produce a list of all workers' compensation claim investigations conducted by the adjuster(s) and their direct supervisor(s) who were involved in the determination on Plaintiff's claim within the past five (5) years and state whether such claim was accepted as compensable or denied in whole or in part. This Request is not limited to South Dakota. You may redact or withhold social security numbers, and bank, credit card or other financial account numbers of any person.

**RESPONSE:** Objection as overbroad, burdensome, and harassing. Plaintiff has the burden to make a "threshold showing of relevance before production of information, which does not reasonably bear on the issues in the case, is required." *E.E.O.C. v. Woodmen of the World Life Ins. Society*, 2007 WL 1217919, *1 (D. Neb. Mar. 15, 2007)(*citing, Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1993). "Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case." *Id. (citing Cervantes v. Time, Inc.*, 464 F.2d 986, 994 (8th Cir. 1972). Plaintiff has not met that burden in this case and Defendant objects to this inquiry as it is not relevant to the claim, which form the basis of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. This inquiry is not limited to claims handled under the South Dakota Workers' Compensation Act. As such, the request is overbroad and burdensome. Further, production of any such records would invade the privacy and HIPAA protected information of other injured workers who are not a party to this litigation. Many jurisdictions maintain that claim files and records related to workers are confidential and by statute may not be disclosed. Further, this request violates the Health Insurance Portability and Accountability Act by seeking disclosure of health care of individuals not a party to this litigarion. To the extent this inquiry seeks "documents" covered by the attorney-client and attorney work product privilege, the request is objectionable. *Gowan v. Mid-Century Ins. Co.*, 309 F.R.D. 503, 510 (D.S.D. 2015), *citing, American Soc. For the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 233 F.R.D. 209, 212 (D.D.C. 2006). This request is overbroad in that it involves time

periods outside of the handling of Plaintiff's workers' compensation claim. This request is unduly burdensome, and propounded primarily for the purpose of causing annoyance, harassment and creating undue expense. Defendant does not maintain aggregate data of the nature requested by Plaintiff and do not have information that can be released. This request is overbroad in that it also seeks any denial in any jurisdiction during at least a five year time period when in fact such denials were not wrongful, may have been stipulated as not pertaining to work related events and may have been found through an administrative or civil litigation not to be compensable. This request is also ambiguous and subject to multiple interpretations in that different jurisdictions have different definitions for what act would constitute a denial.

21.     Produce all pleadings from any lawsuit filed against you in the last five (5) years, brought within the states of South Dakota, North Dakota, Nebraska, Missouri, Minnesota, Iowa and/or Arkansas alleging insurance bad faith, breach of contract, fraud, deceit or unfair claims processing involving a workers' compensation claim.

**RESPONSE:**  Defendants object to this inquiry as it is not relevant to claims, which form the basis of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  This inquiry is not reasonably limited in scope or time, nor is it limited to claims handled under the South Dakota Workers' Compensation Act or the individuals who were directly involved in handling Plaintiff's claim. As such, the request is overbroad and burdensome. This request is unduly burdensome, and propounded primarily for the purpose of causing annoyance, harassment and creating undue expense.

Subject to and without waiving said objections, none in the possession of Defendant with regard to the individuals who directly handled Plaintiff's workers' compensation claim. Defendant doesd not maintain aggregate data of this nature.

22.     Produce any and all affidavits, transcripts of depositions or trial testimony of any of your employees or officers in any suit alleging breach of contract, fraud, deceit, bad faith and/or unfair claims practices in a case arising out of  a workers' compensation claim, from the last five (5) years, brought within the states of South Dakota, North Dakota, Nebraska, Missouri, Minnesota, Iowa and/or Arkansas.

**RESPONSE:**  Defendants object to this inquiry as it is not relevant to claims, which form the basis of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. This inquiry is not reasonably limited in scope or time, nor is it limited to claims handled under the South Dakota Workers' Compensation Act. As such, the request is overbroad and burdensome. Further, production of any such transcripts would invade the privacy and HIPAA protected information of other injured workers who are not a party to this litigation. This request is overly broad and burdensome as it is not limited to any alleged prior claim during their work at Defendant. This request is unduly burdensome, and propounded primarily for the purpose of causing annoyance, harassment and creating undue expense.

Subject to and without waiving said objections, none in the possession of Defendant with regard to the individuals who directly handled Plaintiff's workers' compensation claim. Defendants do not compile or aggregate this type of information.

23.     If a third-party entity assisted with the evaluation of Plaintiff's claim, provide all documents that show the number of other matters in which the same entity was retained by you to evaluate other insureds' workers' compensation claims over the past five (5) years and whether the claim was denied or paid.

**RESPONSE:** Defendant objects to this inquiry to the extent it seeks information concerning retention of legal counsel.  Such information is protected by the attorney-client privilege and attorney work product doctrine.  Further, any third-party's assistance with the evaluation of other workers' compensation claims has no relevance.  Defendant also objects in that it does not maintain such aggragate data, and to require Defendant to review every claim file over the last five years to collect this data would be overbroad, burdensome and harassing.

24.     Produce your contract with Dr. Nipper, and/or his employer/contractor for the services he performed on Plaintiff's claim and any documents you use to evaluate Dr. Nipper's performance, and any documents involving your selection or vetting of Dr. Nipper.

**RESPONSE:** There are no responsive contracts or performance evaluations of Dr. Nipper.  The information regarding his selection is produced in the claim notes and initial disclosure.

25.     Produce the documents supporting your claim that Plaintiff failed to exhaust his administrative remedies.

**RESPONSE:** You are referred to the documents previously produced by Gallagher and numbered as DEF 000001- DEF 001783 and any supplemental production of documents.You are specifically referred to Plaintiff's complaint and computation of damage information.

## **Vaughn Index**

A Vaughn Index is being served contemporaneously with this discovery response.

**DATED** this 20th day of December 2023.

*/s/Deanne C. Ayers*
Deanne C. Ayers
AYERS & AYERS
Licensed: Arizona, Colorado, Massachusetts, Minnesota, Montana, New York, Oklahoma, South Dakota, Texas
4205 Gateway Drive, Suite 100
Colleyville, Texas  76034
817-267-9009 Telephone
817-318-0663 Facsimile
dayers@ayersfirm.com

<h1 style="text-align: center;"><u>CERTIFICATE OF SERVICE</u></h1>

I hereby certify that on this the 20th day of December 2023, I have served on all parties, by and through his/its attorney of record, a true and correct copy of the above and foregoing document, together with document production referenced via email service containing a link providing access to the documents as follows:

JULIUS & SIMPSON, LLP
Michael Simpson
1600 Mountain View Road, Suite 110
Rapid City, SD 57702
605-716-1000
Mike@juliussimpson.com

JOHNSON, JANKLOW & ABDALLAH, L.L.P.
Scott A. Abdallah
Erin Schoenbeck Byre
101 South Main Avenue, Suite 100
Sioux Falls, SD 57104
(605) 338-4304
scott@janklowabdallah.com
erin@janklowabdallah.com

CADWELL SANFORD DEIBERT & GARRY LLP
William C. Garry
200 East 10th St., Suite 200
Sioux Falls, SD 57104
(605) 336-0828
bgarry@cadlaw.com

PLUNKETT COONEY, P.C.
Charles Browning
Nicole Ruggirello
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
248-594-2716
cbrowning@plunkettcooney.com
rrivera@plunkettcooney.com

*/s/ Deanne C. Ayers*
Deanne C. Ayers