# Johnson, Janklow & Abdallah, LLP

*101 South Main Avenue, Suite 100*
*Sioux Falls, South Dakota 57104*

Steven M. Johnson
A. Russell Janklow
Scott A. Abdallah
Ronald A. Parsons, Jr.
Kimberly J. Lanham
Jami J. Bishop
Lindsey K. Janklow
Erin Schoenbeck Byre

Sender's email: scott@janklowabdallah.com

Telephone (605)338-4304
Fax (605)338-4162

www.janklowabdallah.com

January 17, 2024

**VIA E-MAIL ONLY**
Ms. Deanne Ayers
Ayers & Ayers
*dayers@ayersfirm.com*

RE:   *Michael Richter vs. XL Insurance America, Inc., et al.*, 4:23-cv-04094-RAL

Dear Deanne:

We write in regard to Gallagher Bassett's (hereinafter, "Defendant Gallagher") discovery responses that were received from your office on December 20, 2023. After reviewing these responses, there were certain items that were either incomplete or objections that were non-responsive. We write in an attempt to resolve these discovery disputes prior to proceeding with court intervention.

### Interrogatories Exceeding Number of Permissible Requests

Starting at Interrogatory Number 12, Defendant Gallagher objects to each interrogatory on the basis that Plaintiff purportedly exceeded the number of permissible requests under Federal Rule of Civil Procedure 33.  We refer you to the Joint Discovery Report (Doc. 19) which you signed and the Court's corresponding Order (Doc. 20). It states that each party is permitted to serve "Thirty (30) [interrogatories], excluding subparts."  Accordingly, Plaintiff did not exceed the number of interrogatories he is allowed to serve, as he only served a total of 27.  We ask that you please withdraw this objection and respond fully to any interrogatory in which this objection was the basis for Defendant Gallagher withholding information.

### Interrogatory No. 6
(Reports of Dr. Nipper)

Interrogatory Number 6 asks Defendant Gallagher to identify every claim in which it or any of its entities' hired Dr. Nipper to perform an IME or record review related to an insured. Defendant Gallagher objected claiming it does not have any insured.  For clarity, we are requesting that Defendant Gallagher identify every claim in which it hired Dr. Nipper to perform an IME or record review on an individual's workers' compensation claim.

**EXHIBIT**
**3**

*- Committed to providing the highest standard of representation for our clients -*

Further, Defendant Gallagher's objection that this Interrogatory is unduly burdensome because it does not have an appropriate filing system has been found to be without merit in this District. The court squarely addressed this issue in *Haukaas v. Liberty Mutual Insurance Company*, by stating:

> The court is mindful that [the defendant] is not a small business unfamiliar with the intricacies and requirements of litigation, and it agrees with the conclusion of other district courts that permitting "**a defendant whose business generates massive records to frustrate discovery by creating an inadequate filing system, and then claiming undue burden, would defeat the purposes of the discovery rules**." . . . Although [defendant] has shown that information responsive to this request is not in a readily accessible format, the court is reticent to find undue burden where the most burdensome aspect of complying with this interrogatory . . . would largely be obviated if [the defendant] tracked litigation against it or retained its claims files in a format compatible with optical character recognition.

*Haukaas v. Liberty Mut. Ins. Co.*, No. 4:20-CV-04061-KES, 2021 WL 5416251, at *9 (D.S.D. Nov. 19, 2021) (emphasis added). The District Court then went on to require the production of Dr. Nipper's IME reports. It found defendant's production of the reports was not unduly burdensome, and the request was relevant to plaintiff's claim of bias. This same rationale applies to this litigation. Here, Plaintiff has also alleged that Dr. Nipper routinely provides biased medical opinions and, therefore, requested the production of other reports he has provided for Defendant. This Interrogatory is both relevant and not unduly burdensome. *See also Hofer v. United Financial Casualty Company d/b/a Progressive Northern Insurance Company*, CIV 15-4181 at Doc. 26; *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 518 (D.S.D. 2015).

Finally, regarding Defendant Gallagher's claim that the information is confidential and protected by HIPAA, that Interrogatory specifically states: "For purposes of this Interrogatory, you may redact the name and identifying information related to the person examined." Accordingly, this issue can be obviated by, as the Interrogatory states, Defendant Gallagher redacting the information.

**Interrogatory No. 16 & Request No. 5**
(Experts Who Reviewed Claim)

Defendant Gallagher responded to this Interrogatory and Request with objections relating to Rule 26 Expert disclosures. Unlike Interrogatory Number 8, this Interrogatory is not seeking information regarding the expert Defendant Gallagher will retain to testify at trial. Rather, this Interrogatory and Request are seeking information regarding any experts Defendant Gallagher retained to evaluate Plaintiff's claim. Accordingly, this Interrogatory and Request fall outside of Rule 26.

The experts who reviewed Plaintiff's claim are readily discoverable. As the case law in this District clearly provides that materials gathered as part of an insurance company's routine

investigation are discoverable. *See Roy v. D.J.L. Homes, Inc.*, No. CIV. 07-4087-KES, 2007 WL 8030880, at *5 (D.S.D. Dec. 18, 2007). Accordingly, we respectfully request that Defendant Gallagher supplement its response to Interrogatory Number 16 and Request Number 5.

### Interrogatory No. 20
(Prior Bad Faith Litigation)

Defendant Gallagher responded that Interrogatory Number 20 is irrelevant, overbroad and unduly burdensome. It then proceeded to unilaterally limit the Interrogatory to the individual who handled Plaintiff's workers' compensation claim. These objections run contrary to the clear case law in this District, which regularly require the above-requested information to be produced.

> First, courts in this district have routinely allowed discovery of prior litigation related to insurance bad faith. Second, Lillibridge is seeking to establish that Nautilus engages in a pattern of conduct that could amount to bad faith or lead to admissible evidence related to his claims. . . . [P]rior bad faith litigation may be relevant to show Nautilus's knowledge and conduct and whether a pattern and practice of inadequate investigation, offering unreasonably low settlement offers, or other reprehensible conduct is being repeated among policyholders.

*Lillibridge v. Nautilus Ins. Co.*, No. CIV. 10-4105-KES, 2013 WL 1896825, at *6 (D.S.D. May 3, 2013). Further, courts in this District have not placed a strict geographical limitation on this type of request. *See id.*; *Haukaas v. Liberty Mut. Ins. Co.*, No. 4:20-CV-04061-KES, 2021 WL 5416251, at *6 (D.S.D. 2021).

In this District, it is common practice for a defendant to produce information pertaining to its prior litigation. In bad faith matters, prior litigation is particularly relevant to the practices of the insurer. Moreover, Plaintiff has limited the scope of this Interrogatory to the matters at issue in this litigation— insurance bad faith, unfair claims processing and regulatory complaints involving a workers' compensation claim. Accordingly, Defendant Gallagher's objections are not supported by the case law in this District. We respectfully request that Defendant Gallagher supplement this Interrogatory.

### Interrogatory Nos. 26 & 27
(Exhaust Administrative Remedies & Barred by XL Policy)

Defendant Gallagher objected to these Interrogatories claiming that they are overly broad, vague and burdensome or irrelevant. These inquiries relate directly to the defenses asserted by the Defendants in this litigation. Accordingly, they are highly relevant and fall squarely within the permissible scope of discovery. Plaintiff is entitled to information regarding the defenses raised by Defendant Gallagher and, we respectfully request that these Interrogatories be answered.

**Request No. 7**
(Claims Handlers' Workloads)

Defendant Gallagher objected to the Request claiming it was vague, ambiguous, overbroad and seeks proprietary information. First, any claim that the Request seeks proprietary information can be obviated by the Court entering a Protective Order. The Plaintiff will stipulate to a Protective Order. Further, the requested information is highly relevant to this matter. The workloads of the individuals' and their supervisors' who handled Plaintiff's claim provides insight into the review Defendant Gallagher performed on Plaintiff's workers' compensation claim and the time it was able to allocate to his highly important matter. Specifically, this litigation involves allegations that Defendant Gallagher mismanaged its handling of Plaintiff's workers' compensation claim. Accordingly, Plaintiff holds the right to examine the reasons behind Defendant Gallagher's mismanagement. We respectfully request that Defendant Gallagher respond to this Request.

**Request No. 10**
(Employment Evaluations)

Defendant Gallagher objected claiming this Request is vague and ambiguous. To provide further clarification, as the Request states, Plaintiff is seeking all employment evaluations, employment contracts, compensation plans, incentive plans and employment files for the individuals that participated in the handling of Plaintiff's claim, their supervisors and their supervisors' supervisor. The Request is straightforward and seeks specific documents from the delineated individuals. Accordingly, Defendant Gallagher's claim that it is vague and ambiguous is without merit.

Further, Defendant Gallagher objected on the grounds that the Request is irrelevant and overly burdensome. This objection is contrary to the caselaw of this District. The requested information is highly relevant as it examines Defendant Gallagher's claims handling process for Plaintiff's claim and provides information regarding whether Defendant Gallagher complied with its duties. Furthermore, this information is routinely produced in insurance bad faith cases. *See Schultz v. Sentinel Ins. Co., Ltd*, No. 4:15-cv-04160-LLP, 2016 WL 3149686, at *10 (D.S.D. June 3, 2016) (holding insurer was required to produce personnel files and noting that personnel files have routinely been held proper subjects of discovery); *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 512 (D.S.D. 2015); *Rounds v. Hartford*, No. 4:20-cv-04010-KES, 2021 WL 4150838, at *4 (D.S.D. Sept. 13, 2021); *Lyon v. Bankers Life & Cas. Co.*, No. CIV. 09-5070-JLV, 2011 WL 124629, at *9 (D.S.D. Jan. 14, 2011); *Kirschenman v. Auto-Owners Ins.*, 280 F.R.D. 474, 483 (D.S.D. 2012); *Frazier v. Farmers Mut. Ins. Co. of Nebraska,* No. 4:19-cv-04132-LLP, 2020 WL 3036361, at *6 (D.S.D. June 5, 2020).

Moreover, Defendant Gallagher's claim that the information affects the privacy interests of its employees is obviated by the Request. The Request explicitly states that "you may redact or withhold social security numbers, and bank, credit card or other financial account numbers of any person." Further, any claim that the Request includes proprietary or confidential information can be obviated through a Protective Order.

Finally, Defendant Gallagher cannot unilaterally limit the Request to the claims handler that reviewed Plaintiff's case. Caselaw in this District provides:

> Well settled case law in this district establishes that personnel files in bad faith actions have routinely been found to be relevant and discoverable. "Personnel files may reveal an inappropriate reason or reasons for defendant's action with respect to plaintiff's claim or an 'improper corporate culture.'" Furthermore, in cases where the insurance company tried to limit discovery to the claims handler and his or her immediate supervisor, that attempt has been rejected.

*Leichtnam v. Am. Zurich Ins. Co.*, 2018 WL 4701353, at *3 (D.S.D. Sept. 30, 2018) (citations omitted). Accordingly, we respectfully request that Defendant Gallagher fully comply with this Request.

**Request No. 14**
(Dr. Nipper IME Reports)

Defendant Gallagher objected claiming this Request was overly broad and burdensome. As is discussed above in reference to Interrogatory Number 6, the caselaw in this District establishes that a defendant's ineffective or inefficient filing system does not provide justification for its failure to respond to a discovery request. *See Haukaas v. Liberty Mut. Ins. Co.*, No. 4:20-CV-04061-KES, 2021 WL 5416251, at *9 (D.S.D. Nov. 19, 2021); *see also Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 518 (D.S.D. 2015).

Further, any claim that the Request seeks confidential information protected by HIPAA is obviated within the Request itself. The Request provides, "you may redact the name(s) and identifying information related to the person examined." Accordingly, we respectfully request that Defendant Gallagher fully respond to the Request.

**Request Nos. 18 & 19**
(Regulatory Actions and Consumer Complaints)

Defendant Gallagher objected to these Requests claiming they are irrelevant and overbroad and limited the Requests to South Dakota. Courts in the District regularly and consistently deem the requested information discoverable.

> [I]nformation about regulatory actions and consumer complaints is not a new issue in bad faith litigation in this district. *Lillibridge*, 2013 U.S. Dist. LEXIS 63398, 2013 WL 1896825 at *13; *Lyon v. Bankers Life & Cas. Co.*, No. CIV. 09-5070-JLV, 2011 U.S. Dist. LEXIS 4702, 2011 WL 124629, at *15 (D.S.D. Jan. 14, 2011)]; *McElgunn*, Civ. No. 06-05061 Docket No. 206 at p. 14 (D.S.D. 2008); *Beyer*, 266 F.R.D. at 339. This information is relevant for the same reason the information about past bad faith claims against Sentinel is relevant: it may tend to show a pattern or practice of business conduct by Sentinel that shows it denied claims it knew were covered, or that it acted with reckless disregard in denying

such claims. *Lillibridge*, 2013 U.S. Dist. LEXIS 63398,2013 WL 1896825 at *13; *Beyer*, 266 F.R.D. at 339.

*Schultz v. Sentinel Ins. Co., Ltd*, No. 4:15-CV-04160-LLP, 2016 WL 3149686, at *12 (D.S.D. June 3, 2016); *see also Haukaas v. Liberty Mut. Ins. Co.*, 2021 U.S. Dist. LEXIS 223917, at *22, 2021 WL 5416251 (D.S.D. 2021); *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 514 (D.S.D. 2015); *Frazier v. Farmers Mut. Ins. Co. of Nebraska*, No. 4:19-CV-04132-LLP, 2020 WL 3036361, at *6 (D.S.D. June 5, 2020). Here, Plaintiff has alleged a pattern and practice by Defendant Gallagher of hiring biased IME doctors, recklessly disregarding known facts and denying claims it knew were covered. There is no question that the requested information is highly relevant to Plaintiff's bad faith claim, and we respectfully request that Defendant Gallagher supplement its responses.

Further, as is discussed above in reference to Interrogatory Number 6, caselaw in this District establishes that a defendant's ineffective or inefficient filing system does not provide justification for its failure to respond to a discovery request. *See Haukaas v. Liberty Mut. Ins. Co.*, No. 4:20-CV-04061-KES, 2021 WL 5416251, at *9 (D.S.D. Nov. 19, 2021); *see also Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 518 (D.S.D. 2015).

Finally, Defendant Gallagher cannot unilaterally limit the Request to South Dakota. Courts in this District hold that nationwide discovery requests seeking regulatory actions and consumer complaints are within the permissible scope of discovery. *See Lillibridge v. Nautilus Ins. Co.*, No. CIV. 10-4105-KES, 2013 WL 1896825, at *14 (D.S.D. May 3, 2013). Accordingly, we respectfully request that Defendant Gallagher supplement its responses.

### __Request No. 20__
(Investigations Conduct by Adjuster & Supervisor)

Defendant Gallagher objected claiming the Request is overbroad, burdensome and seeks confidential information. First, as the Request states, "You may redact or withhold social security numbers, and bank, credit card or other financial account numbers of any person." As a result, the claimants' confidentiality will be protected.

Further, contrary to Defendant Gallagher's contention, the Request is not unduly burdensome. The information requested has been limited to the last five years and only to the individuals and their supervisors that handled Plaintiff's claim.

Finally, as part of Plaintiff's punitive damages claim, the Defendant's pattern and/or practice of denying individual's workers' compensation benefits is highly relevant. Accordingly, we ask that Defendant Gallagher please supplement its response. *See Frazier v. Farmers Mut. Ins. Co. of Nebraska*, No. 4:19-cv-04132-LLP, 2020 WL 3036361, at *7 (D.S.D. June 5, 2020).

**Requests Nos. 21 & 22**
(Pleadings & Transcripts from Litigation)

Defendant Gallagher objected to these Requests claiming they were irrelevant and unduly burdensome. This information is relevant as it reveals declarations by Defendant's personnel regarding their interpretation of claims manuals, other claims protocol, bonus or award programs or claims quality assurance. It also reveals internal procedures or other relevant conduct regarding individuals' handling of workers' compensation claims and provides information regarding the claim handlers in this action. Further, this information is regularly deemed discoverable. *See Rounds v. Hartford*, No. 4:20-cv-04010-KES, 2021 WL 4150838, at *10 (D.S.D. Sept. 13, 2021); *Lyon v. Bankers Life & Cas. Co.*, No. CIV. 09-5070-JLV, 2011 WL 124629, at *12 (D.S.D. Jan. 14, 2011); *Kirschenman v. Auto-Owners Ins.*, 280 F.R.D. 474, 490 (D.S.D. 2012).

Moreover, the Requests are not unduly burdensome they have been limited in time to the last five years and limited geographically to seven states. Further, the Requests were limited to the claims raised in this litigation. Accordingly, the production of the documents is not unduly burdensome. Further, as is discussed in *Haukaas v. Liberty Mutual Insurance Company*, Defendant's failure to adequately store this information is not grounds for withholding the documents. No. 4:20-CV-04061-KES, 2021 WL 5416251, at *9 (D.S.D. Nov. 19, 2021).

Finally, any confidentiality concerns can be obviated through a protective order and/or redacting the individuals' confidential information. As a result, we respectfully request that Defendant Gallagher respond to these Requests.

**Vaughn Index**

Defendant Gallagher withheld information contained within documents Bates stamped as DEF-1826, 1828, 1831, 1835, 1841, 1846, 1858, 1863, 1865-67, 1870 and 1873-1942 on the ground of the attorney-client privilege. These communications do not appear to pertain to any communications between Defendant Gallagher and its attorney(s). Rather, the redacted documents are authored by Dawn Wyse, an employee of Gallagher, or are notes that are system generated. These documents clearly do not fall within the parameters of the attorney-client privilege, as they do not appear to involve Defendant's attorney(s). *See* SDCL 19-19-502. Accordingly, we ask that Defendant Gallagher please produce the redacted information.

**Supplemental Answers/Protective Order**

Interrogatory Number 3 provides that this interrogatory will be supplemented at a later date. We request that your provide a timeline for this information's production with a date no later than January 19, 2023.

In addition, in response to Interrogatory Number 13 and Request Numbers 10, 12 & 15, Defendant Gallagher states that the reserves and other purportedly proprietary information will be provided upon entry of a protective order. We ask that a proposed protective order be

produced within a week of receipt of this e-mail so we can proceed with a Joint Motion for Entry of a Protective Order.

## **Conclusion**

Thank you in advance for your prompt attention to these important discovery issues. My client has a lot at stake in this matter, and we ask that you please let us know Defendant Gallagher's position by no later than January 30, 2023. I hope that we will not have to burden the Court with these straightforward discovery issues and that we can come to an amicable resolution. Thank you, again, and we look forward to hearing from you soon.

Sincerely,

JOHNSON, JANKLOW &
ABDALLAH, L.L.P.

SCOTT A. ABDALLAH
For the firm

SAA:jmp
cc: Mr. Michael Richter (via email)
   Mr. Mike Simpson (via email)
   Mr. Bill Gary (via email)
   Ms. Nicole Ruggirello (via email)
   Mr. Charles Browning (via email)