UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL RICHTER, | § | CASE NO. 4:23-CV-4094 |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | AFFIDAVIT /DECLARATION OF |
| XL INSURANCE AMERICA INC. and | § | BRONWYN KOSSMANN |
| GALLAGHER BASSETT SERVICES, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

BEFORE ME, the undersigned authority, personally appeared Bronwyn Kossmann, who, being by me duly sworn, deposes as follows:

1.     My name is Bronwyn Kossmann. I am over 18 years of age, of sound mind, capable of making this Affidavit/Declaration, and am personally acquainted with the facts stated herein and said facts are true and correct.

2.     I have been an employee of Gallagher Bassett Services, Inc. ("Gallagher") since April 6, 1998. I am currently employed by Gallagher as Assistant Vice President. My experience at Gallagher includes, working as a claims adjuster, supervising claims adjusters, Assistant Branch Manager, Branch Manager and currently serving as an Assistant Vice President. In that capacity and based on my tenure with Gallagher, I am familiar with the use of its computer system, claims handling, use of vendors, personnel matters, retention of independent medical examination providers, retention of documents and file retention. I am familiar with the manner in which Gallagher stores and retrieves records and the records and costs associated with the retrieval, review, and production of documents. I am the authorized representative for Gallagher for the

Exhibit J

purpose of determining costs and time involved in responding to discovery submitted by Plaintiff in this litigation.

3.      It is my understanding that the matter of *Richter v. Gallagher, et al.*, involves a claim for bad faith claims handling of a single workers' compensation claim under the South Dakota Workers' Compensation Act. In response to the discovery requests served in *Richter v. Gallagher, et al.*, I have investigated several issues.

4.      Gallagher is not an insurance carrier.  Gallagher is a third-party administrator retained as a vendor for claims adjustment.

5.      In most—but not all—instances Gallagher utilizes the services of independent medical examination (IME) scheduling vendors that schedule IMEs, and who are responsible for identifying, recommending, and the selection of doctors they assign. Adjusters schedule the IMEs through the vendors, not the doctors. In these instances, payment for the IME is made to the IME vendor.

6.      I have reviewed a number of files for the purpose of compiling the information for this Affidavit/Declaration. I have confirmed that between November 21, 2013, and November 21, 2023, Gallagher has opened at least 4,530,014 workers' compensation claim files nationwide.

7.      I have read the discovery requests submitted by Plaintiff.  I read the discovery requests submitted by Plaintiff and entitled *PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS (FIRST SET) TO DEFENDANT GALLAGHER BASSETT SERVICES, INC.*  The requested information includes information regarding claims of individuals other than Plaintiff, and claims in jurisdictions other than South Dakota.  The information sought is not available in a format that can be queried within Gallagher's system.  Gallagher's claim

Exhibit J

system does not contain information that can identify information as requested by Plaintiff's discovery requests, through computer- based queries.

8.    I have investigated whether an electronic search could be performed to identify claims in which Dr. Jeffery Nipper wrote a report. There is no search methodology within Gallagher that could be used to electronically search for such a topic. The Gallagher computer system does not allow a search of an individual doctor's name other than by one file at a time.  In the adjusting of workers' compensation claims, multiple vendors are utilized to locate, retain and schedule independent medical examinations. Generally, the vendors are paid rather than payment being made direct to the health care provider. A search of an individual's taxpayer identification number would not reveal to Gallagher what files a vendor has been retained on nor whether the independent medical examination vendor had referred a claim to any specific health care provider. There is no way for Gallagher to determine the claims on which Dr. Jeffery Nipper wrote a report without a manual review of every file.

9.    I have also investigated whether an electronic search could be performed to respond to, "[F]or the last ten (10) years, identify every claim in which you or any entity/third party/agent of yours hired Dr. Jeffrey Nipper to conduct a medical examination or records review of your insured. For purposes of this Interrogatory, you may redact the name and identifying information related to the person examined. With respect to such claim, state:

(a) The date of the claim;

(b) The date on which Dr. Nipper performed the medical examination;

(c) Identify Dr. Nipper's report;

(d) Describe, in detail and not in summary fashion, Dr. Nipper's opinion following the medical examination;

-3-

Exhibit J

(e) Identify whether the claim was denied or paid; and

(f) Identify if the insured disputed the claim, and if so, the result of the dispute[.]" as contained in Plaintiff's Interrogatory number 6. There is no search methodology that could be used to electronically search for this information. I have also investigated whether an electronic search could be conducted to identify for production, "…all of Dr. Jeffrey Nipper's Independent Medical Exam (IME) and Record Review reports that you or any affiliated entity had Dr. Nipper perform on your insured from the last ten (10) years for the states of South Dakota, North Dakota, Nebraska, Missouri, Minnesota, Iowa and Arkansas" as requested in Plaintiff's Request for Production Number 14.

10.    Gallagher does not have an employment relationship with Jeffery Nipper nor does it have a contract for services with him. Gallagher does not have the ability to search historical billing systems to determine the claims on which he has been paid as Gallagher typically retains a vendor to retain IME providers. Gallagher does not know Dr. Nipper's taxpayer identification number.

11.    Each of Gallagher's workers' compensation claim files generally contain claim notes, correspondence, emails, communications with state workers' compensation agencies, filings with the state agencies, medical records, medical bills, explanations of benefit forms, and investigative materials. Claims that have advanced through an administrative hearing process or district court actions for workers' compensation benefits could also contain pleadings, discovery, deposition or hearing transcripts, as well as confidential communications with administrative counsel.  Electronically maintained claim files require the reviewer to physically click on each document to be reviewed.

-4-

Exhibit J

12. By way of example to demonstrate the time involved in this process, I was randomly assigned eight workers' compensation claim files to review for involvement of Dr. Jeffery Nipper.

13. Review of these eight files took me an average of 66.75 minutes to review each file.

14. I have detailed the time spent to review each of the eight files I examined for Dr. Nipper's involvement in the following chart. Each "File Attachment" had to be opened separately.

| File Number | Size of File | Time to Review | Dr. Nipper Involvement |
|---|---|---|---|
| 002170-19443-WC-01<br><br>Jurisdiction: Arkansas | Number of Claim Notes:  475<br>Number of Medical Bill Notes: 116<br>E-bills attached<br>Number of File Attachments 211 (not including e-bills)<br>Total pages for e-bills and all attachments:  1542 | 1 hours and 21 minutes | No |

| File Number | Size of File | Time to Review | Dr. Nipper Involvement |
|---|---|---|---|
| 001123-009064-WC-01<br><br>Jurisdiction:  Minnesota | Number of Claim Notes: 692<br>Number of Medical Bill Notes: 63<br>Number of File Attachments total number: 338.  Number of total pages 1524 | 1 hours and 2 minutes | No |

| File Number | Size of File | Time to Review | Dr. Nipper Involvement |
|---|---|---|---|
| 001123-009375-WC-01<br><br>Jurisdiction:  MO/KS/NE | Number of Claim Notes: 476<br>Number of Medical Bill Notes: 43 e-bills<br>Number of File Attachments: 164 for 990 pages | 1 hours and 11 minutes | No |

| File Number | Size of File | Time to Review | Dr. Nipper Involvement |
|---|---|---|---|
| 030012-010887-WC-01<br><br>Jurisdiction:  IA | Number of Claim Notes: 599<br>Number of Medical Bill Notes: 25<br>Number of File Attachments: 514 for 2512 pages | 2 hours and 14 minutes | No |

Exhibit J

| File Number | Size of File | Time to Review | Dr. Nipper Involvement |
|---|---|---|---|
| 006000-024029-WC-01<br><br>Jurisdiction: SD | Number of Claim Notes: 161<br>Number of Medical Bill Notes: 3<br>Number of File Attachments: 53 for 173 pages | 53 minutes | No |

| File Number | Size of File | Time to Review | Dr. Nipper Involvement |
|---|---|---|---|
| 005319-005803-WC-01<br><br>Jurisdiction: CA | Number of Claim Notes: 50<br>Number of Medical Bill Notes: 0<br>Number of File Attachments: 3 for 43 pages | 15 minutes | No |

| File Number | Size of File | Time to Review | Dr. Nipper Involvement |
|---|---|---|---|
| 009088-107558-WC-01<br><br>Jurisdiction: SD | Number of Claim Notes: 364<br>Number of Medical Bill Notes: 7<br>Number of File Attachments: 176 attachments for 2568 pages | 1 hours and 3 minutes | No |

| File Number | Size of File | Time to Review | Dr. Nipper Involvement |
|---|---|---|---|
| 009088-108667-WC-01<br><br>Jurisdiction: SD | Number of Claim Notes: 433<br>Number of Medical Bill Notes: 158<br>Number of File Attachments: 121 attachments for 1116 pages | 55 minutes | No |

15.    Based on the tasks I performed for drafting this affidavit, I believe it would be unduly burdensome for Gallagher to review all claim files since November 21, 2013, to research any claim in which Dr. Jeffery Nipper provided services.

16.    Even using the average time for review that I undertook for this exercise, it would take 302,378,434.50 minutes to review the workers' compensation files opened beginning November 21, 2013, and November 21, 2023.  I arrived at this figure by multiplying my average time to review a file (66.75 minutes) by the number of files opened.  In actuality, the average time to review each file could easily double or triple to review the entire file. This calculation is also based

Exhibit J

on my level of experience, and a less skilled individual would take longer to review each claim. My projected calculation also does not take into account the number of hours to administratively gather the files and oversee the review. Given the request for documents served by Plaintiff, Gallagher would have to retain temporary staffers to complete the review. Contract adjusters are typically paid up to $25.00 per hour. This would cost (5,039,640.575 hours to review times $25.00 per hour) an estimated $125,991,014.38 and does not include expenses associated with the space and computer access for the review to occur. Additionally, Gallagher's attorneys would have to review any files identified to confirm whether they truly are responsive to the request and oversee redaction of confidential information.

17.    Claim files include highly confidential, proprietary, and privileged information regarding Gallagher, insurers, employers, workers, third parties, pending claims, pending litigation, protected medical information and confidential financial information. Many jurisdictions require that claim file material be maintained as confidential records. This data would have to be reviewed and confidential, privileged, and proprietary data would need to be redacted.

18.    My estimates contained herein are based on my best good faith effort to gather information about the costs and time frame associated with responding to Plaintiff's discovery requests based on the information known at the time of the signing of this affidavit.

19.    I declare, under penalty of perjury, that upon information and belief everything I have stated in this document is true and correct.

SIGNED this the _2nd_ day of April 2024.

_____
Bronwyn Kossmann, *Affiant.*

Exhibit J

THE STATE OF ILLINOIS  :

COUNTY OF  COOK          :

BEFORE ME, the undersigned authority, on this day personally appeared Bronwyn Kossman, known to me to be the person whose name is subscribed hereto and who stated to me under oath that she signed the foregoing instrument for the purpose and consideration therein expressed.

TO CERTIFY WHICH, WITNESS MY HAND AND SEAL OF OFFICE on this _____ day of April, 2024.

> OFFICIAL SEAL
> KATHLEEN J HARRIS
> NOTARY PUBLIC, STATE OF ILLINOIS
> My Commission Expires 12/7/24

Notary Public, State of Illinois

My Commission Expires: 12.7.2024

-8-

Exhibit J