UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL RICHTER,<br><br>Plaintiff,<br><br>vs.<br><br>XL INSURANCE AMERICA INC. and GALLAGHER BASSETT SERVICES, INC.,<br><br>Defendants. | 4:23-cv-04094-RAL<br><br><br>**AFFIDAVIT OF ERIN SCHOENBECK BYRE** |

STATE OF SOUTH DAKOTA    )
                                                 : ss
COUNTY OF MINNEHAHA    )

Erin Schoenbeck Byre, being first duly sworn upon oath, deposes and states:

1.

That I am one of the attorneys of record for the Plaintiff in the above-entitled matter.

2.

That this Affidavit is submitted in support of *Plaintiff's Motion to Compel Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(ii)-(iv)*.

3.

On November 21, 2023, Plaintiff's counsel served on Defendant XL Insurance America, Inc. ("Defendant XL") his first set of discovery requests.

4.

On December 15, 2023, Defendant XL's counsel requested a 30-day extension to respond to Plaintiff's discovery requests, which Plaintiff granted.

1

5.

On February 5, 2024, Defendant XL served its discovery responses. Notably, Defendant XL produced no documents, at that time, that were responsive to Plaintiff's requests. Attached as **Exhibit A** is a true and correct copy of Defendant XL's responses.

6.

Accordingly, Plaintiff's counsel e-mailed opposing counsel of February 7, 2024 requesting that Defendant XL include the documents referenced in its discovery responses. Defendant XL's counsel responded that it would produce the documents when a protective order was entered by the Court. Plaintiff's counsel informed Defendant XL that a protective order had already been circulated at that time, and Plaintiff's counsel was awaiting Defendant XL's response. Attached as **Exhibit B** is a true and correct copy of the e-mail exchange.

7.

Defendant XL's counsel finally responded to the e-mails sent by Plaintiff's counsel, regarding the protective order, on February 12, 2024. Plaintiff's counsel then had to repeatedly follow up with Defendants to have them sign the Motion for a Protective Order. Attached as **Exhibit C** is a true and correct copy of the e-mail exchange.

8.

After the Protective Order was filed, Plaintiff's counsel followed up with opposing counsel, on February 23, 2024, requesting that they please produce the documents responsive to Plaintiff's discovery requests. Defendant XL's counsel responded, on February 27, 2024, stating that they would send the documents that week. No documents were received that week. Attached as **Exhibit D** is a true and correct copy of the e-mail communications.

9.

On February 21, 2024, Plaintiff's counsel sent Defendant XL's counsel a letter outlining the deficiencies in its discovery responses.  Attached as **Exhibit E** is a true and correct copy of the letter.

10.

On February 27, 2024, Defendant XL's counsel e-mailed Plaintiff's counsel requesting a meet and confer.  The Parties held the meet and confer on Tuesday, March 5, 2024. Defendant XL's counsel informed Plaintiff's counsel that Defendant Sedgwick had many of the documents Plaintiff was seeking and refused to produce the documents in its possession.

11.

Later that day, Defendant XL's counsel again called Plaintiff's counsel to discuss the discovery dispute.  The Parties discussed that a 30(b)(6) deposition may be necessary to sort out the issues regarding the information possessed by Defendant XL.

12.

On March 11, 2024, Plaintiff's counsel then sent Defendant XL's counsel their 30(b)(6) topics and requested that Defendant XL designate an individual to speak to each of the topics. Plaintiff's counsel followed up on March 19, 2024. To which, Defendant XL's counsel responded that they were reviewing the topics.  Plaintiff's counsel followed up again, on March 29, 2024, requesting that Defendant XL designate an individual.  On April 2, 2024, Defendant XL finally designated an individual but expressed objections to various topics.  That same day, Plaintiff's counsel asked if, notwithstanding Defendant XL's objections, it would designate an individual for each topic.  Plaintiff's counsel did not receive a response and followed up on

April 12, 2024. Defendant XL's counsel responded stating that she was waiting to hear back from her client regarding whether or not they would designate an individual for each topic. Attached as **Exhibit F** is a true and correct copy of the email communications.

13.

Over the weekend, Plaintiff's and Defendant XL's in-state counsel discussed the issue regarding Defendant XL's refusal to designate a party to speak on each of the noticed topics. Plaintiff's counsel followed up with an e-mail on April 15, 2024. In the e-mail, Plaintiff's counsel provided Defendant XL's counsel caselaw informing Defendant XL that it held a duty to designate an individual, and if it did not, Plaintiff would file a motion to compel. Attached as **Exhibit G** is a true and correct copy of the e-mail.

14.

On April 26, 2024, Plaintiff served his 30(b)(6) Deposition Notice. Plaintiff then proceeded to arrange travel, as the deposition was to occur in Pennsylvania, and secured a court reporter for the deposition. Attached as **Exhibit H** is a true and correct copy of the Notice.

15.

On May 8, 2024, almost two months after Defendant XL had received the 30(b)(6) deposition topics, Defendant XL served on Plaintiff objections to every one of Plaintiff's topics and refused to produce a witness for 20 of the 31 topics. Attached as **Exhibit I** is a true and correct copy of Defendant XL's objections.

16.

Also, on May 8, 2024, Defendant XL's counsel finally sent Plaintiff's counsel a letter responding to Plaintiff's February 21, 2024 discovery dispute letter. The letter confirmed that Defendant XL would not be supplementing its responses for the disputed discovery requests. Attached as **Exhibit J** is a true and correct copy of the letter.

17.

Plaintiff's counsel reached out to Defendant XL's counsel to find a time to meet and confer regarding the discovery disputes. The Parties' met and conferred over a telephone conference on May 9, 2024. During the conference, the Parties were unable to reach a resolution regarding Defendant XL's objections to Plaintiff's written discovery and the 30(b)(6) topics.

18.

That same day, Plaintiff's counsel followed up with an e-mail in which they provided Defendant XL's counsel three recent decisions from our District that governed the discovery disputes. Defendant XL's counsel did not respond to this e-mail. Attached as **Exhibit K** is a true and correct copy of the e-mail.

19.

That same day, Plaintiff's counsel also sent Defendant XL's counsel an e-mail, again, providing Defendant XL caselaw which stated that it held a duty to designate an individual for each 30(b)(6) topic, file a protective order or Platintiff would be forced to file a motion to compel. Plaintiff was forced to postpone the deposition, cancel the court report and cancel his travel plans. Attached as **Exhibit L** is a true and correct copy of the e-mail.

20.

On May 17, 2024, Defendant XL finally produced the documents responsive to the Protective Order that it indicated it would produce in February. Notably, its response did not include any documents which were responsive to the parties' discovery dispute.

21.

Further your Affiant sayeth naught.

Dated this 21st day of May, 2024.

Erin Schoenbeck Byre

Subscribed and sworn to before me
this 21st day of May, 2024.

Notary Public – South Dakota
My Commission Expires: 7/15/27
(SEAL)



JENNIFER HERR
NOTARY PUBLIC
SOUTH DAKOTA
SEAL    SEAL

6