# Johnson, Janklow & Abdallah, LLP

*101 South Main Avenue, Suite 100*
*Sioux Falls, South Dakota 57104*

Steven M. Johnson
A. Russell Janklow
Scott A. Abdallah
Ronald A. Parsons, Jr.
Kimberly J. Lanham
Jami J. Bishop
Lindsey K. Janklow
Erin Schoenbeck Byre

Sender's email: erin@janklowabdallah.com

Telephone (605)338-4304
Fax (605)338-4162

www.janklowabdallah.com

February 21, 2024

Mr. William Garry
Cadwell, Sanford, Deibert & Garry, L.L.P.
*bgarry@cadlaw.com*

**VIA EMAIL ONLY**

Mr. Charles Browning
Ms. Nicole Ruggirello
Plunkett Cooney, PC
*cbrowning@plunkettcooney.com*
*nruggirello@plunkettcooney.com*

RE:    *Michael Richter vs. XL Insurance America, Inc., et al.*, 4:23-cv-04094-RAL

Dear Counsel:

We write in regard to XL Insurance America, Inc.'s (hereinafter, "Defendant XL") discovery responses that were received from your office on February 4, 2024. After reviewing these responses, we found them to be insufficient and not in compliance with our Rules of Civil Produce. We write in an attempt to resolve these discovery disputes prior to proceeding with court intervention.

### Interrogatories Exceeding Number of Permissible Requests

Defendant XL objected to the served discovery claiming that Plaintiff purportedly exceeded the number of permissible interrogatories in violation of the Court's Scheduling Order. We ask that Defendant XL again please review the Joint Discovery Report (Doc. 19) which its counsel signed and the Court's corresponding Order (Doc. 20). The parties' report states that each party is permitted to serve "Thirty (30) [interrogatories], <u>excluding subparts</u>." Accordingly, Plaintiff did not exceed the number of interrogatories he is allowed to serve, as he only served a total of 27. We ask that Defendant XL please withdraw this objection and respond fully to any interrogatory where this objection was asserted.

**EXHIBIT**

**E**

*- Committed to providing the highest standard of representation for our clients -*

Mr. William Garry
Mr. Charles Browning
Ms. Nicole Ruggirello
February 21, 2024
Page 2

### Confidential or Proprietary Information Objections

Plaintiff has repeatedly asked that Defendant XL enter into a protective order, and it has failed to respond to Plaintiff's numerous emails regarding the Joint Motion. Plaintiff again asks that Defendant XL sign the Joint Motion that Plaintiff drafted. Upon entry of the protective order, Plaintiff asks that Defendant XL please produce any documents that it is withholding based upon its confidential or proprietary information objections. Specifically, Plaintiff requests that Defendant XL supplement its answers to Interrogatory 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27, which is every single Interrogatory except 1 and 9. In addition, Plaintiff respectfully requests that Defendant XL please supplement Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24 and 25 which is every document request.

### Interrogatories 3, 4, 5, 7, 9, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 24, 25, 26 & 27
### Requests for Production 7, 8, 9, 10, 11, 13, 20, 24 & 25

Defendant XL has refused to answer fully Interrogatories 3, 4, 5, 7, 9, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 24, 25, 26 and 27 and Requests for Production of Documents 7, 8, 9, 10, 11, 13, 20, 24 and 25. Instead, it has referred Plaintiff generally to the documents Defendant Gallagher Bassett produced. Defendant XL's responses do not comply with our Federal Rules of Civil Procedure.

First, Defendant XL holds a duty to answer each Interrogatory "separately and fully" under oath. Referring Plaintiff generally to information that the other Defendant may or may not produce does not comply with this requirement. While "Rule 33(d) gives a party the option to produce business records in lieu of a detailed Interrogatory Answer," the requested information must "actually be obtainable from the documents." *Jim Hawk Truck-Trailers of Sioux Falls, Inc. v. Crossroads Trailer Sales & Serv., Inc.*, No. 4:20-CV-04058-KES, 2023 WL 356121, at *13 (D.S.D. Jan. 23, 2023) (citations omitted). "[S]imply referring the interrogating party generally to large numbers of documents does not satisfy a party's obligations under Rule 33(d)." *Id.* Here, Defendant XL did not even refer Plaintiff to any documents, but rather responded that the information *may* be in the documents Defendant Gallagher produces. This in no way complies with our Rules of Civil Procedure.

Moreover, Defendant Gallagher is an *agent* of Defendant XL. Courts in this District have repeatedly required an insurer to produce documents in its agents' possession. Specifically, in *Schultz v. Sentinel*, the court held that an "[insurer] has the legal right and ability to ask for these documents; [therefore], the documents are within [insurer's] 'possession, custody or control.'" 15-CV-04160-LLP, 2016 WL 3149686, at *15 (D.S.D. June 3, 2016). Accordingly, we respectfully request that Defendant XL respond to these Interrogatories and Requests for Production of Documents. Defendant XL's responses, referring Plaintiff generally to Defendant Gallagher's responses, in no way comply with our Rules.

Mr. William Garry
Mr. Charles Browning
Ms. Nicole Ruggirello
February 21, 2024
Page 3

## Interrogatory 3

**INTERROGATORY 3**: Identify all past and/or present personnel or representatives of your company who were involved in any way in the handling or evaluating the workers' compensation claims that are the subject of this lawsuit, that spoke with the Plaintiff, or who possess any knowledge or information relating to the defenses raised in your Answer, stating as to each such person:

Defendant XL objected to this Interrogatory claiming it is vague and it did not handle nor evaluate Plaintiff's workers' compensation claim. For clarity, Plaintiff is seeking information on the individuals who managed or worked on Plaintiff's workers' compensation claim. Defendant XL is the carrier for American Colloid. Accordingly, its claim that it has no knowledge of any individual who was involved in Plaintiff's workers' compensation claim is nonsensical, to say the least. Further, in Interrogatory 10, Defendant XL had no issues identifying an individual who handled Plaintiff's claim. Accordingly, Defendant XL does possess responsive information, and we respectfully request that it fully respond to this commonly used Interrogatory.

## Requests for Production 12, 15, 16 & 17

**REQUEST 12**: Produce copies of any and all policies or guidelines used during the previous ten (10) years dealing directly or indirectly with claims handling procedures, specifically including but not limited to, the proper amount of time for claims handling, the process for evaluating claims, the scope and nature of investigation pertaining to claims handling and the utilization of medical examinations.

**REQUEST 15**: Produce all human resource manuals, salary administration manuals, personnel bulletins or manuals, orientation booklets, directives, memos or other documents used during the previous ten (10) years to inform claims personnel of the manner in which they can expect to receive salary increases, bonuses or other commissions.

**REQUEST 16**: Produce all documents which relate to incentives given to claims personnel in return for reducing the amount of claims' payments, reducing combined ratio, reducing claim severity and reducing claims' payouts.

Mr. William Garry
Mr. Charles Browning
Ms. Nicole Ruggirello
February 21, 2024
Page 4

REQUEST 17: Produce all documents relating to efforts or goals to decrease loss ratios, or decrease claim severity costs, over the past ten (10) years.

Defendant XL objected to these Requests claiming they are vague and irrelevant. Contrary to Defendant XL's contention, this information is regularly deemed within the permissible scope of discovery in this District, as it affects how Defendant's personnel evaluated and addressed Plaintiff's claim. Plaintiff is allowed to review this information in order to understand Defendant's approach to claim evaluation and the behavior of Defendant's employees. *See, e.g., Rounds v. Hartford*, No. 4:20-cv-04010-KES, 2021 WL 4150838, at *6 (D.S.D. Sept. 13, 2021); *Lyon v. Bankers Life & Cas. Co.*, No. CIV. 09-5070-JLV, 2011 WL 124629, at *10 (D.S.D. Jan. 14, 2011); *Kirschenman v. Auto-Owners Ins.*, 280 F.R.D. 474, 485 (D.S.D. 2012); *Diana Stedillie vs. Milford Casualty Insurance Company, et al.*, 4:22-cv-04048. Accordingly, we respectfully ask that Defendant XL please supplement its responses.

### Interrogatory 6
### Request for Production 14

INTERROGATORY 6: For the last ten (10) years, identify every claim in which you or any entity/third party/agent of yours hired Dr. Jeffrey Nipper to conduct a medical examination or records review of your insured. For purposes of this Interrogatory, you may redact the name and identifying information related to the person examined. . . .

REQUEST 14: Produce all of Dr. Jeffrey Nipper's "Independent Medical Exam (IME)" and Record Review reports that you or any affiliated entity had Dr. Nipper perform on your insured from the last ten (10) years for the states of South Dakota, North Dakota, Nebraska, Missouri, Minnesota, Iowa and Arkansas. For purposes of this Request for Production, you may redact the name(s) and identifying information related to the person examined.

Defendant XL objected claiming the Request and Interrogatory are irrelevant. Contrary to Defendant's contention, this information has regularly been deemed relevant and discoverable in this jurisdiction. In particular, courts in this District have specifically ruled on the relevancy of Dr. Nipper's biased reports in a workers' compensation claim. *See Haukaas v. Liberty Mut. Ins. Co.*, No. 4:20-CV-04061-KES, 2022 WL 1719412, at *5 (D.S.D. May 27, 2022); *Diana Stedillie vs. Milford Casualty Insurance Company, et al.*, 4:22-cv-04048. In *Haukaas*, the District Court determined that it was neither unduly burdensome nor disproportionate to the needs of the case for the insurer to produce the IME reports created by Dr. Nipper.

Mr. William Garry
Mr. Charles Browning
Ms. Nicole Ruggirello
February 21, 2024
Page 5

Moreover, Plaintiff has alleged that Dr. Nipper routinely provides biased medical opinions for insurers and, as a result, Defendant performed a sham investigation of Plaintiff's workers' compensation claim. The requested information is directly relevant to Plaintiff's bad faith claim. Accordingly, Plaintiff respectfully requests that Defendant XL fully respond to this Interrogatory and Request. *See also Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 518 (D.S.D. 2015); *Hofer v. United Financial Casualty Company d/b/a Progressive Northern Insurance Company*, CIV 15-4181 at Doc. 26.

## Interrogatory 20

**INTERROGATORY 20**: In the last five (5) years, have you been a party in a civil lawsuit alleging insurance bad faith or unfair claims processing, or been a party in a regulatory complaint brought against you, involving a workers' compensation claim? If so, identify the case by name, court and trial docket number, and indicate the substance of the allegations, as well as the outcome of the case.

Defendant XL objected claiming the Interrogatory is overly broad and irrelevant. These objections run contrary to the clear case law in this District, which regularly require the above-requested information to be produced.

First, courts in this district have routinely allowed discovery of prior litigation related to insurance bad faith. Second, [Plaintiff] is seeking to establish that [insurer] engages in a pattern of conduct that could amount to bad faith or lead to admissible evidence related to his claims. . . . [P]rior bad faith litigation may be relevant to show [insurer's] knowledge and conduct and whether a pattern and practice of inadequate investigation, offering unreasonably low settlement offers, or other reprehensible conduct is being repeated among policyholders.

*Lillibridge v. Nautilus Ins. Co.*, No. CIV. 10-4105-KES, 2013 WL 1896825, at *6 (D.S.D. May 3, 2013). Further, courts in this District *have not* placed a strict geographical limitation on this type of request. *See id.*; *Haukaas v. Liberty Mut. Ins. Co.*, No. 4:20-CV-04061-KES, 2021 WL 5416251, at *6 (D.S.D. 2021).

In this District, it is common practice for a defendant to produce information pertaining to its prior litigation. In bad faith matters, prior litigation is particularly relevant to the practices of the insurer. Moreover, Plaintiff has limited the scope of this Interrogatory to the matters at issue in this litigation - insurance bad faith, unfair claims processing and regulatory complaints involving a workers' compensation claim. Accordingly, Defendant XL's objections are not

Mr. William Garry
Mr. Charles Browning
Ms. Nicole Ruggirello
February 21, 2024
Page 6

supported by the case law in this District. We respectfully request that Defendant XL supplement this Interrogatory.

### Requests for Production 18 & 19

> **REQUEST 18**: Produce any and all documents relating to regulatory actions, including but not limited to suspension or revocation proceedings, Market Conduct Examinations, Cease and Desist Orders, Consent Orders, Reports of Examinations, Corrective Orders or Corrective Action Plans, involving your handling of workers' compensation claims from the past ten (10) years to present. This Request is not limited to South Dakota. You may redact or withhold social security numbers and bank, credit card or other financial account numbers of any person.

> **REQUEST 19**: Provide copies of any Department of Insurance consumer complaints involving your handling of workers' compensation claims from the past ten (10) years to present. This Request is not limited to South Dakota. You may redact or withhold social security numbers, and bank, credit card or other financial account numbers of any person.

Defendant XL objected claiming these Requests are overly broad and irrelevant. Contrary to Defendant XL's contention, courts in the District have regularly and consistently deemed this requested information discoverable.

> [I]nformation about regulatory actions and consumer complaints is not a new issue in bad faith litigation in this district. *Lillibridge*, 2013 U.S. Dist. LEXIS 63398, 2013 WL 1896825 at *13; *Lyon v. Bankers Life & Cas. Co.*, No. CIV. 09-5070-JLV, 2011 U.S. Dist. LEXIS 4702, 2011 WL 124629, at *15 (D.S.D. Jan. 14, 2011)]; *McElgunn*, Civ. No. 06-05061 Docket No. 206 at p. 14 (D.S.D. 2008); *Beyer*, 266 F.R.D. at 339. This information is relevant for the same reason the information about past bad faith claims against [insurer] is relevant: it may tend to show a pattern or practice of business conduct by [insurer] that shows it denied claims it knew were covered, or that it acted with reckless disregard in denying such claims. *Lillibridge*, 2013 U.S. Dist. LEXIS 63398, 2013 WL 1896825 at *13; *Beyer*, 266 F.R.D. at 339.

*Schultz v. Sentinel Ins. Co., Ltd*, No. 4:15-CV-04160-LLP, 2016 WL 3149686, at *12 (D.S.D. June 3, 2016); *see also Haukaas v. Liberty Mut. Ins. Co.*, 2021 U.S. Dist. LEXIS 223917, at *22,

Mr. William Garry
Mr. Charles Browning
Ms. Nicole Ruggirello
February 21, 2024
Page 7

2021 WL 5416251 (D.S.D. 2021); *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 514 (D.S.D. 2015); *Frazier v. Farmers Mut. Ins. Co. of Nebraska*, No. 4:19-CV-04132-LLP, 2020 WL 3036361, at *6 (D.S.D. June 5, 2020). Here, Plaintiff has alleged a pattern and practice by Defendant XL of hiring biased IME doctors, recklessly disregarding known facts and denying claims it knew were covered. There is no question that the requested information is highly relevant to Plaintiff's bad faith claim, and we respectfully request that Defendant XL supplement its responses.

### Requests for Production 21 & 22

**REQUEST 21**: Produce all pleadings from any lawsuit filed against you in the last five (5) years, brought within the states of South Dakota, North Dakota, Nebraska, Missouri, Minnesota, Iowa and/or Arkansas alleging insurance bad faith, breach of contract, fraud, deceit or unfair claims processing involving a workers' compensation claim.

**REQUEST 22**: Produce any and all affidavits, transcripts of depositions or trial testimony of any of your employees or officers in any suit alleging breach of contract, fraud, deceit, bad faith and/or unfair claims practices in a case arising out of a workers' compensation claim, from the last five (5) years, brought within the states of South Dakota, North Dakota, Nebraska, Missouri, Minnesota, Iowa and/or Arkansas.

Defendant XL objected claiming the Requests are overly broad and irrelevant. This information is relevant as it reveals declarations by Defendant XL's personnel regarding their interpretation of claims manuals, other claims protocol, bonus or award programs or claims quality assurance. It also reveals internal procedures or other relevant conduct regarding individuals' handling of workers' compensation claims and provides information regarding the claims handlers in this action. Further, this information is regularly deemed discoverable. *See Rounds v. Hartford*, No. 4:20-cv-04010-KES, 2021 WL 4150838, at *10 (D.S.D. Sept. 13, 2021); *Lyon v. Bankers Life & Cas. Co.*, No. CIV. 09-5070-JLV, 2011 WL 124629, at *12 (D.S.D. Jan. 14, 2011); *Kirschenman v. Auto-Owners Ins.*, 280 F.R.D. 474, 490 (D.S.D. 2012).

Moreover, the Requests are not unduly burdensome as they have been limited in time to the last five years and limited geographically to seven states. Further, the Requests were limited to the claims raised in this litigation. Accordingly, the production of these documents is not unduly burdensome.

Mr. William Garry
Mr. Charles Browning
Ms. Nicole Ruggirello
February 21, 2024
Page 8


Finally, any confidentiality concerns can be obviated through a protective order and/or redacting the individuals' confidential information. As a result, we respectfully request that Defendant XL respond to these Requests.

### Request for Production 23

> **REQUEST 23**: If a third-party entity assisted with the evaluation of Plaintiff's claim, provide all documents that show the number of other matters in which the same entity was retained by you to evaluate other insureds' workers' compensation claims over the past five (5) years and whether the claim was denied or paid.

Defendant XL objected claiming the Request is overly broad and unduly burdensome. Contrary to Defendant XL's objection, this information is highly relevant. Plaintiff is claiming that Defendant XL hired biased third parties to evaluate his claim and performed a sham investigation of his workers' compensation claim, which was aimed at denying him benefits. Accordingly, the third parties that Defendant XL hired to review Plaintiff's claim are highly relevant to the issues in this litigation.

Moreover, courts in this District have routinely deemed requests that seek information pertaining to a third-party entity's evaluation of insured's claims within the permissible scope of discovery. *See, e.g., Schultz v. Sentinel Ins. Co., Ltd*, No. 4:15-CV-04160-LLP, 2016 WL 3149686, at *14 (D.S.D. June 3, 2016) and *Haukaas v. Liberty Mut. Ins. Co.*, No. 4:20-CV-04061-KES, 2022 WL 1719412, at *7 (D.S.D. May 27, 2022). Accordingly, Plaintiff respectfully requests that Defendant XL supplement its response.

### Vaughn Index

In every one of Defendant XL's Interrogatory and Request for Production of Document answers it claims an attorney-client privilege. Yet, Defendant XL failed to produce any Vaughn Index detailing the documents for which it claimed privilege. These responses and claims of privilege fail to comply with our Rules of Civil Procedure. Courts in this District hold that a failure to provide a privilege log is sanctionable conduct. *See Hurley v. State Farm Mut. Auto. Ins. Co.*, No. CIV. 10-4165-KES, 2012 WL 1600796, at *3 (D.S.D. May 7, 2012); *Taylor v. Pilot Travel Ctrs.*, LLC, No. 09–4170–KES, 2011 WL 542123, at *4–5 (D.S.D Feb. 8, 2011); *Black v. Pilot Travel Ctrs.*, LLC, No. 09–4170–KES, 2011 WL 3421595, at *2–3 (D.S.D. Aug. 4, 2011) ("reasoning that Rule 37 sanctions were appropriate when 'the court had to instruct [the party] to follow its *mandatory* obligation to produce a privilege log' and, had the party produced the log, the requesting party would not have moved to compel production of the requested documents" (emphasis in original)). Accordingly, we respectfully request that Defendant XL comply with our Rules of Civil Procedure and promptly produce a privilege log.

Mr. William Garry
Mr. Charles Browning
Ms. Nicole Ruggirello
February 21, 2024
Page 9

## Conclusion

Thank you in advance for your immediate attention to these important discovery issues. My client has a lot at stake in this matter, and we ask that you please let us know Defendant XL's position no later than March 1, 2024. I hope that we will not have to burden the Court with these straightforward discovery issues and that we can come to an amicable resolution. Thank you again, and we look forward to hearing from you soon.

Sincerely,

JOHNSON, JANKLOW &
ABDALLAH, L.L.P.

ERIN SCHOENBECK BYRE
For the firm

ESB:jmh
cc:    Mr. Michael Richter (via email)
       Mr. Mike Simpson (via email)