UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL RICHTER,<br><br>Plaintiff,<br><br>vs.<br><br>XL INSURANCE AMERICA INC. and GALLAGHER BASSETT SERVICES, INC.,<br><br>Defendants. | 4:23-cv-04094-RAL<br><br><br>**NOTICE OF DEPOSITION PURSUANT TO FED.R.CIV.P. 30(B)(6)** |

TO:    DEFENDANT XL INSURANCE AMERICA, INC. AND ITS
       ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that you are hereby directed to appear on <u>Tuesday, June 4, 2024, at 8:00 a.m. (EDT)</u> and at that time to produce the individual designated pursuant to Fed.R.Civ.P. 30(b)(6) to testify via deposition. The deposition will take place at XL Insurance, 505 Eagleview Boulevard, Exton, Pennsylvania before a duly authorized court reporter and will continue thereafter until completed. The deposition will also be available via Zoom for participating attorneys and/or parties unable to attend the deposition in person.

The individual designated by Defendant XL Insurance America, Inc. ("Insurer") will testify regarding the following matters:

1.    Protocols, guidelines, policies and procedures from the last ten years that assist Insurer's employees and/or adjusters in handling and/or adjusting workers compensation claims in South Dakota, including the process for determining whether an injury is covered.

2.    Protocols, guidelines, policies and procedures for processing, investigating and valuing workers' compensation claims from the last ten years.

3.    Insurer's denial of Michael Richter's workers' compensation benefits on or about October 5, 2020, and the information insurer used and reviewed to support its denial.

1



4. The duties and obligations of good faith and fair dealing under South Dakota law when adjusting workers' compensation claims during the past ten years.

5. The duties and responsibilities of Insurer as it relates to the South Dakota Unfair Claims Practices Act.

6. Actions or activities that would constitute bad faith under South Dakota law when adjusting workers' compensation claims during the past ten years.

7. Insurer's protocols, guidelines, procedures or policies for investigating workers' compensation claims decisions which have been appealed or challenged by an injured worker for the past ten years.

8. Insurer's protocols, procedures for resolving or reconciling the opinions of treating doctors that are inconsistent with the opinions of doctors retained to perform Independent Medical Examinations (IME) or Record Reviews during the past ten years.

9. The role generally played by representatives of the Insurer when determining whether a workers' compensation claim is covered during the past ten years.

10. The role generally played by Insurer when determining whether a workers' compensation claim is covered during the past ten years.

11. The roles played by Insurer, XL Insurance Third Party Administrator - Gallagher, and any person or entity that Insurer alleges was involved in the decision to deny Plaintiff's benefits.

12. The responsibilities Insurer holds to evaluate and review the work of its Third Party Administrators and agents.

13. The Insurer's employees who played a role in its decision to deny Plaintiff's benefits related to his September 6, 2017, work-related injury.

14. The general claims handling process with respect to Plaintiff's claim.

15. The loss reserves that were determined, set or discussed by the Insurer in relation to Plaintiff's claim.

16.     Insurer's responses to Plaintiff's Interrogatories.

17.     Time Insurer allotted to process a workers' compensation claim during the past ten years.

18.     Insurer's protocols, policies, procedures and processes for requesting an IME during the past ten years.

19.     Protocols, policies, procedures and processes for selecting a specific doctor to perform an IME during the past ten years.

20.     Vetting process for doctors used to perform an IME or Records Review for the past ten years.

21.     The selection of Dr. Nipper to review Plaintiff's claim for workers' compensation benefits.

22.     The information Dr. Nipper was provided prior to his IME of Plaintiff.

23.     The importance of an IME when determining whether an event was a major contributing cause to an injury during the past ten years.

24.     Protocols, guidelines policies and procedures following the receipt of an IME report and process for verifying accuracy of the report for the past ten years.

25.     The accuracy of Dr. Nipper's reports and opinions in connection with Plaintiff's claim for workers' compensation benefits.

26.     The history of Plaintiff's medical treatment and Plaintiff's medical records since his date of injury.

27.     The mechanism of Plaintiff's injury on September 6, 2017.

28.     The investigation of Plaintiff's September 6, 2017, injury including documents reviewed, interviews taken and pictures that were gathered following Plaintiff's injury.

29.     The facts surrounding any regulatory actions that have been filed against Insurer, including but not limited to suspension or revocation proceedings, Market Conduct Examinations, Cease and Desist Orders, Consent Orders, Reports of Examinations, Corrective Orders or

3

Corrective Action Plans, involving Insurer's handling of workers' compensation claims within past ten (10) years.

30. The facts surrounding any department of Insurance consumer complaints involving Insurer's handling of workers' compensation claims from the past ten (10) years.

31. The facts surrounding any civil lawsuit alleging insurance bad faith or unfair claims processing filed against Insurer in the past ten (10) years involving a workers' compensation claim.

Dated this 26th day of April, 2024.

**JOHNSON, JANKLOW & ABDALLAH, L.L.P.**

BY _____
Scott A. Abdallah (scott@janklowabdallah.com)
Erin Schoenbeck Byre (erin@janklowabdallah.com)
101 South Main Avenue, Suite 100
Sioux Falls, SD 57104
(605) 338-4304

**SIMPSON LAW FIRM, PROF. L.L.C.**
Michael J. Simpson  (mike@simpsonsdlaw.com)
1600 Mountain View Road, Suite 110
Rapid City, SD 57702
(605) 716-1000

*Attorneys for the Plaintiff*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Notice of Deposition Pursuant to Fed.R.Civ.P. 30(b)(6)** was served by e-mail only upon the following individuals:

<u>Attorneys for Defendant XL Insurance America, Inc.</u>
- <u>William Garry</u> - Cadwell, Sanford, Deibert & Garry, L.L.P.
  *bgarry@cadlaw.com*
- <u>Charles Browning</u> /<u>Nicole Ruggirello</u> -Plunkett Cooney, PC
  *cbrwning@plunkettcooney.com - nruggirello@plunkettcooney.com*

<u>Attorneys for Defendant Gallagher Bassett Services, Inc.</u>
- <u>Deanne Ayers</u> - Ayers & Ayers
  *dayers@ayersfirm.com*

Dated this 26th day of April, 2024.

_____

Scott A. Abdallah
Erin Schoenbeck Byre