

Via Electronic Mail Only
Erin Schoenbeck Byre
Scott Abdallah
Johnson, Janklow & Abdallah, L.L.P
101 S. Main Avenue, #100
Sioux Falls, South Dakota 57104
erin@janklowabdallah.com

      **Re:**    *Michael Richter v. XL Insurance America, Inc., et al.,* **United States District Court of the District of South Dakota, Case No. 4:23-cv-04094-RAL**

Dear Counsel:

We write in response to your letter dated February 21, 2024, regarding Plaintiff Michael Richter's ("Plaintiff") First Set of Interrogatories and First Request for Production of Documents ("Discovery Requests") and XL Insurance America, Inc.'s ("XL") answers and objections to those Discovery Requests ("Discovery Responses").

At the outset, and as we discussed on our meet-and-confer call, the first time that XL learned of this claim was on June 1, 2023, only six (6) days before the lawsuit was filed in this matter. As such, XL does not have a claim file for this claim that predates litigation. Rather, as XL indicated in its Discovery Responses, Gallagher Basset Services, Inc. ("GB") handled all aspects of the workers' compensation claim that is the subject of the above-captioned lawsuit. Thus, XL simply does not have any pre-litigation documents in its possession relating to the handling of the subject claim.

Before addressing specific interrogatories and requests for production, XL notes that it does not agree its discovery responses are insufficient as Federal Rule of Civil Procedure 26 only permits discovery "regarding any nonprivileged matter that is ***relevant*** to any party's claim or defense and ***proportional to the needs of the case***, considering the importance of the issues at stake in the action … the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit" (emphasis added).  As stated in *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011):

> Discovery may be obtained "regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1). While discovery is not a fishing expedition, the relevancy standard is broader for discovery than for admissibility of evidence. *Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 380 (8th Cir. 1992) (citations omitted). "***Some threshold showing of relevance must be made before parties are***



**ATTORNEYS & COUNSELORS AT LAW**

May 8, 2024
Page 2

> ***required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.***" *Id.* The party seeking discovery bears this burden. *See id.* "'Even if relevant, ***discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information.***'" *Miscellaneous Docket Matter # 1 v. Miscellaneous Docket Matter # 2,* 197 F.3d 922, 925 (8th Cir. 1999) (quoting *Micro Motion, Inc. v. Kane Steel Co.,* 894 F.2d 1318, 1323 (Fed. Cir. 1990)).

(emphasis added).

Given the discovery standards as outlined above, and the fact that XL neither handled Plaintiff's workers' compensation claim nor was notified about the claim until six (6) days before this lawsuit was filed, the Discovery Request as to XL seek information that is neither relevant nor proportional to the needs of the case, and XL has rightfully objected on such bases.

### Interrogatories Exceeding Number of Permissible Requests

XL refers Plaintiff to paragraph 5 of the Court's Rule 16 Scheduling Order, which states that "[a] maximum of 30 interrogatories, 30 requests for production, and 30 requests for admissions by each party are allowed…" [Doc 20]. The Court's Order does not exclude subparts, which is what XL's objections are based upon. That being said, and as you'll note, XL did answer all of the Interrogatories served on XL in this case.

### Confidential or Proprietary Information Objections

The objection XL asserted concerning confidential and proprietary information is appropriate to the extent the Discovery Requests sought such information or documents. As we discussed on our meet-and-confer call, however, the objection in this regard was not meant to communicate that XL has documents relating to Plaintiff's workers' compensation claim that it is withholding on this basis. Rather, as indicated in response to Interrogatory No. 11, XL will produce its first notice of Plaintiff's workers' compensation claim in this case subject to the protective order. Furthermore, as indicated in response to Request for Production No. 1, XL will produce the XL Policy subject to the protective order. Those are the only two pre-litigation documents that XL has located in its business records relating to Plaintiff's workers' compensation claim.

May 8, 2024
Page 3

### Interrogatories 3, 4, 5, 7, 9, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 24, 25, 26, & 27
### Requests for Production 7, 8, 9, 10, 11, 13, 20, 24, & 25

As discussed above and in its Discovery Responses, XL does not have pre-litigation knowledge or a claim file that it maintained regarding this claim. Again, XL's first notice of this claim was on June 1, 2023—six days before the complaint was filed in this action. XL's intent, therefore, in referring Plaintiff to GB's discovery responses and document productions was merely to communicate the reality that GB is the entity that handled Plaintiff's workers' compensation claim and, as such, it is GB that has the relevant knowledge and potentially responsive documents.  XL is a separate business entity from GB.  XL is not the custodian of GB's documents and does not possess access or the means to search for documents within GB's business records. Though XL appreciates that Plaintiff is asserting GB is an agent of XL, that theory does not somehow provide XL with direct access to GB's documents.

Any insinuation that XL and GB are one in the same entity simply because there may be an agency relationship is also untrue. *Baker Livestock Exch., Inc. v. Thompson*, 520 N.W.2d 263, 265 (S.D. 1994) (an agent and corporation are not the same entity). Furthermore, though you cite to *Schultz v. Sentinel Ins. Co., Ltd*, No. 4:15-CV-04160-LLP, 2016 WL 3149686, *15 (D.S.D. June 3, 2016), that case is distinguishable from the instant matter because the insurer in that action had the third-party documents in its possession to produce.  Moreover, unlike the *Schultz* matter, GB is a party to this lawsuit represented by separate counsel, and Plaintiff can (and ostensibly did) receive responsive documents from GB directly through discovery.

### Interrogatory 3

With respect to Interrogatory No. 3, you have clarified that you are "seeking information on the individuals who managed or worked on Plaintiff's workers' compensation claim."  Again, as XL did not manage or work on Plaintiff's workers' compensation claim, there is no one at XL to identify in response to this Interrogatory. Moreover, XL has no knowledge regarding the identity of any such individuals prior to this litigation.

Though you highlight XL's response to Interrogatory No. 10, in that response, XL did not "identify an individual who handled Plaintiff's claim." Rather, Interrogatory No. 10 asked: "When did your company first receive notice of Plaintiff's claim for workers' compensation benefits? Include within your answer the full name, address, telephone number and job title or capacity of your company's representative who received this notice." XL received notice on June 1, 2023 through Mr. Gibbs. Neither Mr. Gibbs, nor anyone else from XL, handled Plaintiff's workers' compensation claim.  Though not entirely clear, you appear to also represent that American Colloid was involved in some manner in the handling of Plaintiff's workers' compensation claim.  To the extent that is true, again, XL has no pre-litigation knowledge regarding American Colloid's role in the handling of Plaintiff's workers'

May 8, 2024
Page 4

compensation claim, let alone knowledge regarding a specific individual with such involvement.

## Requests for Production 12, 15, 16 & 17

With respect to Requests for Production Nos. 12 and 15-17 that seek documents regarding XL's polices and guidelines, various manuals and incentive programs, you note that the information sought is permissible "as it affects how Defendant's personnel evaluated and addressed Plaintiff's claim." Once again, XL's personnel did not evaluate or address Plaintiff's claim. Rather, GB investigated and evaluated the claim. Accordingly, the cases you cited are simply inapplicable as to XL because they involved situations where the insurer investigated, handled, and otherwise knew about the claim, which did not occur here. *Rounds v. Hartford*, No. 4:20-CV-04010-KES, 2021 WL 4150838 (D.S.D. Sept. 13, 2021), *adopted*, No. 4:20-CV-04010-KES, 2022 WL 703204 (D.S.D. Mar. 9, 2022) (analyzing a discovery dispute in a matter where the insurer investigated plaintiff's claim); *Lyon v. Bankers Life & Cas. Co.*, No. CIV. 09-5070-JLV, 2011 WL 124629 (D.S.D. Jan. 14, 2011) (same); *Kirschenman v. Auto-Owners Ins.*, 280 F.R.D. 474 (D.S.D. 2012), *objections overruled,* No. CV 09-4190-KES, 2012 WL 13040020 (D.S.D. Apr. 18, 2012) (same); *Diana Stedillie vs, Milford Casualty Insurance Company, et aI.*,4:22-cv-04048 (same).

Moreover, these Requests are not proportional to the needs of the case where XL did not engage in any claims handling activities in this matter. "Rule 26(b)(2) requires the court to limit discovery if it determines, for example, that the discovery sought is unreasonably cumulative or duplicative or that 'the burden or expense of the proposed discovery outweighs its likely benefit ...'" *Murphy v. Kmart Corp.,* 255 F.R.D. 497, 501 (D.S.D. 2009) (citations omitted). The *Murphy* court went on to note that:

> While the standard of relevance in the context of discovery is broader than in the context of admissibility (Rule 26(b) clearly states that inadmissibility is no grounds for objection to discovery), this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.

*Id*. (quoting *Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 380 (8th Cir. 1993)).

Respectfully, Plaintiff's Discovery Requests as to XL amount to nothing more than a fishing expedition. Plaintiff has made no showing as to why information relating to these Requests "reasonably bear upon the issues in the case," especially where XL was not the entity handling the claim. Moreover, such broad requests have been deemed impermissible and rightfully limited. See e.g., *Nye v. Hartford Acc. & Indem. Co.*, No. CIV. 12-5028-JLV, 2013 WL 3107492 (D.S.D. June 18, 2013). As such, XL properly objected to these Requests.

May 8, 2024
Page 5

**Interrogatory 6**
**Request for Production 14**

Though Plaintiff is seeking information regarding other matters involving Dr. Nipper, such information and documents would be in GB's possession. Moreover, the cases you cited to are distinguishable. As discussed, in *Haukaas*, the insurer was actively involved in the handling of the claim. Moreover, the insurer in that case requested that the plaintiff undergo an IME, which she did with Dr. Nipper. Again, XL was not involved in the handling of this claim, nor did it request that Plaintiff undergo an IME with Dr. Nipper.

Similarly, Plaintiff's reliance on *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503 (D.S.D. 2015), *Diana Stedillie vs, Milford Casualty Insurance Company, et aI.*,4:22-cv-04048, and *Hofer v. United Financial Casualty Company d/b/a Progressive Northern Insurance Company*, CIV 15-4181 at Doc. 26 is also misplaced because those cases involve an insurer who was actively handling the claim, unlike the matter at hand.

**Interrogatory 20**

With regard to Interrogatory no. 20, how XL handled previous claims, and whether those claims resulted in litigation is in no way relevant to the matter at hand. In this matter, XL did not adjust Plaintiff's claim, nor was it even aware of the claim until a few days before the Lawsuit was filed. Moreover, your reliance on *Lillibridge v. Nautilus Ins. Co.*, No. CIV. 10-4105-KES, 2013 WL 1896825 (D.S.D. May 3, 2013) and *Haukaas v. Liberty Mut. Ins. Co.*, No. 4:20-CV-04061-KES, 2022 WL 1719412 (D.S.D. May 27, 2022) is improper where, again, the insurer in those cases actively handled the claim at issue. That, as discussed at length, is not the same situation that we have in this matter.

**Requests for Production 18 & 19**

Once again, XL is not the entity who hired Dr. Nipper to perform the IME in this matter. In fact, XL was not even aware that the IME was being conducted at all, let alone with Dr. Nipper. As such, this information sought in this Discovery Request is better suited to be provided by GB. As discussed above, your reliance on *Schultz v. Sentinel Ins. Co., Ltd*, No. 4:15-CV-04160-LLP, 2016 WL 3149686 (D.S.D. June 3, 2016), *Haukaas v. Liberty Mut. Ins. Co.*, No. 4:20-CV-04061-KES, 2022 WL 1719412 (D.S.D. May 27, 2022), and *Frazier v. Farmers Mut. Ins. Co. of Nebraska*, No. 4:19-CV-04132-LLP, 2020 WL 3036361 (D.S.D. June 5, 2020) is misplaced as all of these cases involve a situation where the insurer was actively adjusting and handling the claim at issue.

May 8, 2024
Page 6

## Requests for Production 21 & 22

Once again, XL did not handle this claim, and was in not involved in the investigation, adjustment, or ultimate coverage determination. As such, any request for pleadings, affidavits, and/or transcripts filed in other lawsuits brought against XL is neither relevant to the matter at hand, nor is it proportional to the needs of this case, as GB is the entity which handled this claim in all aspects.

Furthermore, *Rounds v. Hartford*, No. 4:20-CV-04010-KES, 2021 WL 4150838 (D.S.D. Sept. 13, 2021), *adopted*, No. 4:20-CV-04010-KES, 2022 WL 703204 (D.S.D. Mar. 9, 2022), *Lyon v. Bankers Life & Cas. Co.*, No. CIV. 09-5070-JLV, 2011 WL 124629 (D.S.D. Jan. 14, 2011), *Kirschenman v. Auto-Owners Ins.*, 280 F.R.D. 474 (D.S.D. 2012), *objections overruled,* No. CV 09-4190-KES, 2012 WL 13040020 (D.S.D. Apr. 18, 2012) are all distinguishable because each case, again, involves a situation where the insurer, rather than a third-party, handled the claim at issue.

## Request for Production 23

As discussed above, *Schultz v. Sentinel Ins. Co., Ltd*, No. 4:15-CV-04160-LLP, 2016 WL 3149686 (D.S.D. June 3, 2016) and *Haukaas v. Liberty Mut. Ins. Co.*, No. 4:20-CV-04061-KES, 2022 WL 1719412 (D.S.D. May 27, 2022) are distinguishable where the insurer was adjusting its own claim. Furthermore, the request at issue in *Schultz* was narrowly tailored to specifically name the third parties from which discovery was sought. In *Haukaas*, the court ordered the insurer to ask its third-party vendors to share lists or records that could help it locate IME reports. This in no way is the same as a request that seeks "information pertaining to a third-party entity's evaluation of insured's claims[.]"

## Vaughan Index

As discussed ad nauseum above, XL does not have any pre-litigation documents regarding Plaintiff's claim for workers' compensation benefits. As such, there are no documents that were withheld that should have been included on a privilege log. Any documents that XL does have are post-litigation documents, which would not be produced to Plaintiff, and as such, would not be logged on a privilege log.

As noted on our meet-and-confer call, XL remains open to further discussion of these issues and believes that the parties will be able to meet and confer in order to reach an amicable resolution. XL continues to fully and completely reserve all of its rights with respect to its Discovery Responses.

Sincerely,

PLUNKETT COONEY

*Nicole C. Ruggirello*

May 8, 2024
Page 7

Charles W. Browning
Nicole Ruggirello
cbrowning@plunkettcooney.com
nruggirello@plunkettcooney.com

William C. Garry
bgarry@cadlaw.com

Open.23899.32415.33234841-1