| | |
|---|---|
| **From:** | Scott Abdallah |
| **Sent:** | Thursday, May 9, 2024 4:20 PM |
| **To:** | Ruggirello, Nicole; Jennifer Herr |
| **Cc:** | Bill Garry; Browning, Charles; Deanne Ayers; Erin Schoenbeck Byre; Mike Simpson; Renea Koupal; Chidiac, Danielle |
| **Subject:** | RE: Michael Richter vs. XL Insurance America, Inc., et al., 4:23-cv-04094-RAL |

Nicole:  This e-mail follows our meet and confer today regarding XL's refusal to produce witnesses in response to our 30(b)(6) Notice as well as XL's objections to our discovery requests.  This e-mail also follows our prior meet and confer on April 19th.

As you know, XL has objected to all 31 topics that were referenced in our 30(b)(6) Notice and has refused to produce any witness related to 20 of the 31 topics.  These 30(b)(6) topics are routinely employed in bad faith litigation, and XL's outright refusal to produce any witness whatsoever is unprecedented.  As I indicated in my April 15th e-mail, the law is well settled that a responding party does not have the right to refuse to attend a Rule 30(b)(6) deposition because it considers the deposition, or any part of it, to be objectionable.  Our courts have made clear that "[i]t is not the prerogative of counsel, but of the court, to rule on objections."  *Plaisted v. Gesinger*, 210 F.R.D. 527, 533 (M.D.Penn. 2002).  Under the express terms of Rule 37, it is grounds for sanctions if a party refuses to attend or produce relevant witnesses for a Rule 30(b)(6) deposition:  "The court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition."  If a party, for any reason, does not intend to comply with a notice of deposition, it must seek a protective order *before* the deposition is scheduled in the notice to take place.  *See* Fed. R. Civ. P. 37(d)(2) ("A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act had a *pending* motion for a protective order under Rule 26(c)."

The named party in a Rule 30(b)(6) deposition has an absolute duty to designate one or more witness who will testify on behalf of the corporation on each of the topics.  Failing to produce a witness who is both prepared and has authority to speak on behalf of the corporation is tantamount to failure to appear, as is sending a witness who only repeats "I don't know" in response to the inquiries.  *See T & W Funding Co. v. Pennant Rent-A-Car Midwest, Inc.*, 21- F.R.D. 730, 735 (D.Kan. 2002).

The general topics that we have provided are highly relevant to this case.  On 20 of these topics, XL will not produce any witness.  For example, XL will not produce any witness regarding general claims handling policies, protocols or procedures involving workers compensation claims handling in South Dakota.   In addition, XL will not produce any witness related to the general obligations of good faith and fair dealing in South Dakota nor any witness related to the general obligations of South Dakota's Unfair Claims Practices Act.  Furthermore, XL refuses to produce any witness with knowledge of the general policies or protocols for selecting an independent medical doctor (which is an issue at the heat of this case) and, likewise, XL refuses to produce any witness related to the general oversight and review of work performed by third-party administrators like Gallagher.

XL has also failed to file a protective order (in compliance with the rules) and instead has simply advised us that it will not be producing witnesses.  Obviously, we are not going to fly all the way to Philadelphia for a deposition when we have been told in advance that XL will not be producing witnesses.  Therefore, we now have no choice but to cancel the 30(b)(6) deposition in Philadelphia on June 4th.   Because XL has failed to seek a protective order, we are forced to file a Motion to Compel related to our 30(b)(6) Notice.

1

EXHIBIT

L

In addition, we will be filing a Motion to Compel related to XL's refusal to respond to our prior discovery requests. We have provided XL with numerous cases from this District involving identical discovery issues. Notwithstanding this caselaw, XL still refuses to respond.

It is unfortunate that XL did not file a motion for protective order and is ignoring the law in this District, requiring us to file a Motion to Compel. This will unnecessarily delay this case and result in additional cost to all parties involved. I'm sorry that we were unable to resolve these issues, Nicole. Please advise XL that we will be seeking attorney's fees and costs related to these motions. Thank you. Scott

Scott A. Abdallah
Johnson, Janklow & Abdallah, LLP
101 South Main Avenue, Suite 100
Sioux Falls, SD 57104
Direct 605-275-8542
Office 605-338-4304; Fax 605-338-4162
scott@janklowabdallah.com
www.janklowabdallah.com



---

**From:** Ruggirello, Nicole <NRuggirello@plunkettcooney.com>
**Sent:** Wednesday, May 8, 2024 5:14 PM
**To:** Scott Abdallah <scott@janklowabdallah.com>; Jennifer Herr <jennifer@janklowabdallah.com>
**Cc:** Bill Garry <bgarry@cadlaw.com>; Browning, Charles <CBrowning@plunkettcooney.com>; Deanne Ayers <dayers@ayersfirm.com>; Erin Schoenbeck Byre <erin@janklowabdallah.com>; Mike Simpson <Mike@simpsonsdlaw.com>; Renea Koupal <renea@simpsonsdlaw.com>; Chidiac, Danielle <DChidiac@plunkettcooney.com>
**Subject:** RE: Michael Richter vs. XL Insurance America, Inc., et al., 4:23-cv-04094-RAL

Scott,

I don't believe XL uses a dedicated deposition location, but I am waiting to hear back from one other individual to confirm. You may want to check with your preferred court reporter to see if they have an office location proximate to the witness if you wish to proceed in person.

Also please see the attached correspondence regarding discovery. Once you have had a chance to review, we think it make sense to discuss on a meet and confer.

Thanks,
Nicole



**Nicole C. Ruggirello**
Plunkett Cooney
Attorneys & Counselors at Law
T 248.594.2716    C 248.219.6651
bio | office | vcard | web | linkedin

2

**From:** Scott Abdallah <scott@janklowabdallah.com>
**Sent:** Saturday, May 4, 2024 9:37 AM
**To:** Jennifer Herr <jennifer@janklowabdallah.com>
**Cc:** Bill Garry <bgarry@cadlaw.com>; Browning, Charles <CBrowning@plunkettcooney.com>; Ruggirello, Nicole <NRuggirello@plunkettcooney.com>; Deanne Ayers <dayers@ayersfirm.com>; Erin Schoenbeck Byre <erin@janklowabdallah.com>; Mike Simpson <Mike@simpsonsdlaw.com>; Renea Koupal <renea@simpsonsdlaw.com>
**Subject:** Re: Michael Richter vs. XL Insurance America, Inc., et al., 4:23-cv-04094-RAL

[EXTERNAL]

Good morning, Nicole.  Just checking to see if you have any update on your preferred location for the 30(b)(6) deposition?  Thanks, and have a good weekend.  Scott

On Apr 26, 2024, at 10:50 AM, Jennifer Herr <jennifer@janklowabdallah.com> wrote:

**Please see attached. Thanks.

_____

Jennifer Herr, ACP
*Advanced Certified Paralegal*
Johnson, Janklow & Abdallah, L.L.P.
101 South Main Avenue, Suite 100
Sioux Falls, SD 57104
(605) 338-4304 – office
(605) 338-4162 – fax
jennifer@janklowabdallah.com
www.janklowabdallah.com

<image001.jpg>

CONFIDENTIALITY NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Act, 18 U.S.C. 2210-2521, is confidential and may be legally privileged. This E-mail contains information that is private, confidential, or is protected by the attorney-client work product doctrines, and is intended only for the use of the individual(s) named herein. If you are not the intended recipient, be advised that unauthorized use, disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you have received this E-mail in error, please immediately notify the sender by replying to this E-mail, and delete the original message and any attachments. Thank you.

<2024-04-26 Letter to Counsel.pdf>
<Notice of 30(b)(6) Depo - Def. XL.pdf>