**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH DAKOTA**
**SOUTHERN DIVISION**

MICHAEL RICHTER,                              )
                                             )
     Plaintiff,                             )
                                             )
vs.                                          )   Civil Action No. 4:23-cv-04094-RAL
                                             )
XL INSURANCE AMERICA INC., and               )
GALLAGHER BASSETT SERVICES, INC..            )
                                             )
     Defendants.                            )

**NON-PARTY EXAMWORKS, LLC'S MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER**

Pursuant to Federal Rules of Civil Procedure 26 and 45, ExamWorks files this Motion to Quash and Motion for Protective Order and respectfully shows the Court as follows:

## I.   SUMMARY

On May 22, 2024, Defendant Gallagher Bassett Services, Inc. ("GBS") served Non-Party ExamWorks with a subpoena for documents (the "Subpoena"). The Subpoena seeks the same documents that Plaintiff seeks to compel from GBS and to which GBS itself has objected and filed sworn testimony supporting its objection that the requests were of "no practical value" and unduly burdensome. The Court has not ruled on Plaintiff's pending motion to compel against GBS, and the matter is currently before Magistrate Judge Veronica L. Duffy. *See* Dkt. 32.

In response to the Subpoena, Non-Party ExamWorks asserted many of the same objections that GBS asserted to the same requests served by Plaintiff. GBS cited extensive authority showing why GBS's requests were improper, particularly from a non-party. On or about the same day GBS received ExamWorks' objections, GBS immediately threatened to file a "show cause" motion—a

surprising position given GBS's own objections and sworn testimony supporting similar objections.

Regardless, the purpose of the Subpoena is plain: The discovery sought by Plaintiff and now by GBS *is* irrelevant and unduly burdensome. The Subpoena seeks *ten years* of records spanning *seven different states*. But rather than bearing that burden itself, GBS seeks to hedge its bets and shift the burden of producing these documents to a non-party in the (presumably unlikely) event Plaintiff prevails on its motion to compel. This is a clear violation of Rule 45 of the Federal Rules of Civil Procedure, which requires that the parties to a suit bear the costs of discovery before burdening a non-party.

For the reasons set forth below, the Subpoena should be quashed in its entirety. Additionally, the Court should grant ExamWorks' motion for protective order and enter an order protecting ExamWorks from further discovery related to information sought in the Subpoena by any party to the litigation.

## II.    FACTUAL BACKGROUND[1]

Plaintiff Michael Richter ("Plaintiff") brought a bad-faith claim against his insurer, XL Insurance America Inc. ("Insurer") and its claim administrator, GBS. Dkt No. 1 ("Compl.") at ¶¶ 44-49. Relevant to this Subpoena, Plaintiff alleged that his Insurer and GBS breached their duties of good faith by hiring Dr. Nipper "to conduct an IME knowing or having the ability to know that the doctor was biased in favor of insurance companies." *Id.* at ¶ 46. Based on this allegation, Plaintiff filed a motion to compel seeking to compel GBS to produce "all of Dr. Jeffrey Nipper's 'Independent Medical Exam (IME)' and Record Review reports that you or any affiliated

---

[1]    For the convenience of the Court, ExamWorks will not burden the Court with duplicate copies of the exhibits filed in Plaintiff's motion to compel or GBS's motion opposing it and will instead cite to the Court's docket and the relevant portion.

entity had Dr. Nipper perform on your insured from the last ten (10) years for the states of South Dakota, North Dakota, Nebraska, Missouri, Minnesota, Iowa and Arkansas." Dkt. No 24 ("MTC") at 5.

On April 3, 2024, GBS files it response in opposition to the motion to compel, asserting a number of objections to Plaintiff's requests and filing an affidavit from a GBS representative detailing the undue burden these requests would impose upon GBS. Dkt. No. 28.

On May 22, 2024, GBS served Non-Party ExamWorks with the Subpoena. Exhibit 1. The Subpoena seeks essentially the same documents that Plaintiff seeks to compel production from GBS and to which GBS itself has objected as unduly burdensome:

1. The report reflecting all referrals made for any independent medical examination with Jeffrey H. Nipper, M.D. at the request of or with the approval of Gallagher Bassett Services, Inc. The time period for this request is the past ten years from today's date encompassing the geographic area of Nebraska, Missouri, Minnesota, Iowa, Arkansas, South Dakota and North Dakota. You may redact the name of the individual who was the subject of the examination. You may not redact the Gallagher Bassett Services, Inc., claim number.

2. All independent medical examination reports that you had Jeffrey H. Nipper, M.D. perform on any claim that was adjusted by Gallagher Bassett Services, Inc. The time period for this request is the past ten years from today's date encompassing the geographic area of Nebraska, Missouri, Minnesota, Iowa, Arkansas, South Dakota and North Dakota. You may redact the name of the individual who was the subjection of the examination. You may not redact the Gallagher Bassett Services, Inc., claim number.

3. All record review reports that you had Jeffrey H. Nipper, M.D. conduct on any claim that was adjusted by Gallagher Bassett Services, Inc. The time period for this request is the past ten years from today's date encompassing the geographic area of Nebraska, Missouri, Minnesota, Iowa, Arkansas, South Dakota and North Dakota. You may redact the name of the individual who was the subject of the examination. You may not redact the Gallagher Bassett Services, Inc., claim number.

4. All independent medical examination reports for examinations that you scheduled with or facilitated with Jeffrey H. Nipper, M.D. relating to any claim that was adjusted by Gallagher Bassett Services, Inc. The time period for this request is the past ten years from today's date encompassing the geographic area of Nebraska, Missouri, Minnesota, Iowa, Arkansas, South Dakota and North Dakota. You may redact the name

of the individual who was the subject of the examination. You may not redact the Gallagher Bassett Services, Inc., claim number.

Exhibit 1.

In response to the Subpoena, Non-Party ExamWorks asserted many of the same objections that GBS asserted to the same requests served by Plaintiff. *See* Exhibit 2. Surprisingly, GBS threatened ExamWorks with a motion to "show cause."

### III.   ARGUMENT AND AUTHORITIES

### A.   Legal Standard

Under Federal Rule 26(b), a party may obtain discovery "regarding any nonprivileged matter that is relevant to a party's claim or defense." FED. R. CIV. P. 26(b)(1). "In a discovery context, relevancy has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Penford Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 265 F.R.D. 430, 432 (N.D. Iowa 2009) (internal quotations omitted). Despite this, courts bar discovery of matters that are not relevant to resolution of the litigation. *Id.* (rejecting argument that discovery of claims made by policyholders outside of the litigation was relevant to plaintiff's bad faith claim).

Under Rule 45(d)(3)(A), "[o]n timely motion, the court for the district where compliance is required *must* quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A) (emphasis added). "When a nonparty is subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]." *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011); *see also Gen. Parts Distr., LLC v. Perry*, No. 12-MC-93 SRN/SER, 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("[C]oncern about the burden on non-parties carries 'special weight.'").

The Court also "may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Id.* at 610. "Courts have found that a subpoena for documents for a non-party is facially overbroad where the subpoena's document requests seek all documents concerning the parties to [the underlying action], regardless of whether those documents relate to that action and regardless of date; [t]he requests are not particularized; and [t]he period covered by the requests is unlimited." *Id.*

**B.    ExamWorks' Motion to Quash**

In response to the Subpoena, ExamWorks asserted lengthy objections detailing the serious flaws with the Subpoena. *See* Exhibit 2. ExamWorks' motion to quash should be granted for at least the following reasons.

### i.    *The information sought by GBS's Subpoena is not relevant to any issue in this case and federal and South Dakota courts prohibit such discovery from non-parties.*

The information sought in the Subpoena is not discoverable because it is completely irrelevant to this litigation—a fact recognized by federal and South Dakota courts prohibiting such discovery. *See Ferguson v. Thaemert,* 952 N.W.2d 277, 283 (S.D. 2020) ("Allowing a fishing expedition through confidential non-party patient records cannot be permitted where there has not been a sufficient showing that they are reasonably likely to contain or lead to evidence relevant to the issues of the case.").[2]

---

[2]    While GBS will likely cite *Haukaas v. Liberty Mutual Ins. Co.*, No. 4:20-CV-04061-KES, 2021 WL 5416251 (D.S.D. Nov. 19,2021), as GBS noted in its own opposition to Plaintiff's Motion to Compel: "Plaintiff's reliance on *[Haukass]* is misplaced. The insurer defendant [in *Haukass*], Liberty, specifically put all of Dr. Nipper's IME reports in issue when it raised a defense that all of his IME reports would have to be reviewed before Plaintiff could offer expert testimony that he was biased . . . The case noted that to avoid the discovery Liberty could withdraw that defense. That defense has not been asserted here. The entire premise of *Haukass* is related to a defense not in issue here. Gallagher has not put all of Dr. Nipper's reports in issue." Dkt. 28 at 9–10.

Medical assessments are highly individualized, so comparing the outcomes of Dr. Nipper's hundreds of examinations, particularly when no claims of bad faith were made, does not make any fact at issue in this case more of less likely. There are so many variables that go into each individual medical examination, any attempt to draw broad trends or statistics from these examinations is evidence of nothing. For example, even assuming for the sake of argument that Dr. Nipper found that every injured worker he examined had fully recovered in 100% of his independent medical exams, that fact proves _nothing_ about whether his opinions about Plaintiff's injuries _in this case_ were inaccurate. It would be no different than if this Plaintiff sought to disqualify this Court because he claimed the Court's rulings in other, unrelated cases proved the Court had a bias for defendants since more defendants had prevailed than plaintiffs. Such an analysis is meaningless and unsupportable.

In short, Dr. Nipper's reports outside of this litigation do not bear on any issue in the case and they are consequently outside the scope of discovery. Accordingly, the Court should reject GBS' efforts to obtain production of the documents.

ii.     **GBS's Subpoena is facially overbroad and thus unduly burdensome on a non-party, particularly when the documents are within GBS's own custody and control.**

ExamWorks is not a party to this litigation. Requiring it to go through hundreds of reports to determine which reports are responsive to the above requests imposes an undue burden. If the Court requires GBS to produce the requested discovery, it is GBS' burden—not ExamWorks'—to collect and produce the requested reports. _Gen. Parts Distribution_, 2013 WL 3223374, at *4 ("[I]t may be appropriate to prohibit a party from obtaining discovery from a non-party if that same discovery is available from another party to the litigation."). Further, when a request to a

non-party is overbroad on its face, a supporting affidavit on undue burden is not necessary. *MetroPCS*, 327 F.R.D. at 610.

Here, GBS cannot legitimately contest that the Subpoena—which seeks documents over a ten-year period and spanning seven states—is overbroad on its face. This is particularly true since the information sought is also within GBS's own possession, custody and control—a fact equally clear on the face of GBS's requests:

1. The report reflecting all referrals made for any independent medical examination with Jeffrey H. Nipper, M.D. *at the request of or with the approval of Gallagher Bassett Services, Inc.* The time period for this request is the past ten years from today's date encompassing the geographic area of Nebraska, Missouri, Minnesota, Iowa, Arkansas, South Dakota and North Dakota. You may redact the name of the individual who was the subject of the examination. You may not redact the Gallagher Bassett Services, Inc., claim number.

2. All independent medical examination reports that you had Jeffrey H. Nipper, M.D. perform on *any claim that was adjusted by Gallagher Bassett Services, Inc.* The time period for this request is the past ten years from today's date encompassing the geographic area of Nebraska, Missouri, Minnesota, Iowa, Arkansas, South Dakota and North Dakota. You may redact the name of the individual who was the subjection of the examination. You may not redact the Gallagher Bassett Services, Inc., claim number.

3. All record review reports that you had Jeffrey H. Nipper, M.D. conduct on any claim *that was adjusted by Gallagher Bassett Services, Inc.* The time period for this request is the past ten years from today's date encompassing the geographic area of Nebraska, Missouri, Minnesota, Iowa, Arkansas, South Dakota and North Dakota. You may redact the name of the individual who was the subject of the examination. You may not redact the Gallagher Bassett Services, Inc., claim number.

4. All independent medical examination reports for examinations that you scheduled with or facilitated with Jeffrey H. Nipper, M.D. *relating to any claim that was adjusted by Gallagher Bassett Services, Inc.* The time period for this request is the past ten years from today's date encompassing the geographic area of Nebraska, Missouri, Minnesota, Iowa, Arkansas, South Dakota and North Dakota. You may redact the name of the individual who was the subject of the examination. You may not redact the Gallagher Bassett Services, Inc., claim number.

Courts across the country have routinely refused to permit similar discovery under these circumstances, holding that, absent evidence that a party is unable to obtain the requested

discovery from the other parties, the burden imposed by seeking such discovery from a non-party far outweighs any interest a party has in obtaining the information:

> Having considered the arguments of counsel and the applicable legal standard, this Court is of the opinion that because the information at issue is available from Apple, a party to the litigation, any interest Plaintiffs have in obtaining said information from a non-party is far outweighed by the burden imposed…. The Court finds that until and unless Plaintiffs can establish they are unable to obtain the requested information from the Defendant, subpoenaing the information from [the non-party] creates an undue burden that is not outweighed by Plaintiffs' need for the information. Therefore, the Court finds the Subpoena should be quashed as unduly burdensome under Rule 45.

*Rembrandt Patent Innovations v. Apple, Inc.*, No. 1:15-CV-438-RP, 2015 U.S. Dist. LEXIS 91756, at *4–5 (W.D. Tex. 2015); *see also Banca v. Lone Star Fund IX U.S.*, No. 3:18-mc-100-M, 2020 U.S. Dist. LEXIS 256940 at *58 (N.D. Tex. Sept. 25, 2020) ("Any interest Petitioners have in obtaining [documents already obtained from parties to the litigation] from Respondents is outweighed by the burden imposed."); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) (concluding that a subpoena propounded on non-party imposed undue burden where propounding party could "more easily and inexpensively obtain the documents" from a party); *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996) ("[I]f the documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness [pursuant to Rule 45]).") (citing WRIGHT & MILLER, *Federal Practice and Procedure* § 2204); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) ("The district court could properly require Herman Miller to seek discovery from its party opponent before burdening the nonparty Allsteel with this ancillary proceeding."); *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011) ("When a nonparty is subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]."); *Gen. Parts*, 2013 WL 3223374, at *4 ("[C]oncern about the burden on non-parties

carries 'special weight.'"); *see also Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003) ("The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit.").

Further, as set forth below, the Court has a duty to limit the extent of discovery sought from a non-party if it determines that the discovery is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive—like from the parties themselves. FED. R. CIV. P. 26(b). Such is the case here.

**C.       ExamWorks' Motion for Protective Order Pursuant to Rule 26**

Pursuant to Rule 26, the Court should enter a protective order protecting ExamWorks from further discovery attempts seeking this same information for the following reasons:

***First***, GBS's requested discovery is outside the permissible scope and limits of Rule 26(b). As explained above, the information sought related to other non-parties seen by Dr. Nipper is not relevant to any claim in this litigation.

***Second***, to the extent the Court finds that some of this discovery is relevant, the proper party to bear the burden of producing those documents is GBS—not a non-party. Pursuant to Rule 26(b)(2)(C), "[o]n motion or on its own, the court ***must*** limit the frequency or extent of discovery otherwise allowed by these rules or by local rules if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C) (emphasis added).

Here, all three factors weigh against GBS's requested discovery. Specifically: (i) GBS's requested discovery is unreasonably cumulative and duplicative since, to the extent this

information is discoverable, GBS will have to produce the same discovery in response to Plaintiff's pending motion to compel and that discovery can be obtained from a more convenient, less burdensome, and less expensive source—*i.e.*, the parties themselves; (ii) GBS has ample opportunity to obtain the majority of the information sought from its own records; and (iii) GBS's proposed discovery is outside the scope permitted by Rule 26(b)(1).

Accordingly, in addition to an order quashing GBS's Subpoena, ExamWorks seeks a protective order protecting it from further subpoenas from any party to this litigation seeking the same information sought by GBS at issue in this motion.

## IV.    ATTORNEYS' FEES

Pursuant to Rule 26(c), ExamWorks respectfully requests its attorneys' fees and costs incurred in bringing this motion.

## V.    CONCLUSION & PRAYER

For these reasons, ExamWorks requests that the Court quash GBS's Subpoena in its entirety and grant ExamWorks motion for protective order as set forth herein. ExamWorks further respectfully requests its reasonable and necessary attorneys' fees incurred in preparing this motion.

Respectfully submitted,

Dated: June 10, 2024

Ballard Spahr LLP

By:

Daniel R. Fritz
Email: fritzd@ballardspahr.com
605-978-5200
101 South Reid Street, Suite 302
Sioux Falls, SD 57103-7030

*Attorneys for Non-Party Examworks, LLC*

## CERTIFICATE OF PRE-MOTION CONFERENCE

Counsel for Examworks LLC (a non-party to this matter) hereby certifies, pursuant to Fed. R. Civ. P. 26(c) and Local Rule 37.1, that prior to filing its Motion to Quash and for Protective Order, he conferred via two Zoom meetings with counsel for Gallagher Bassett in an attempt to resolve this matter without the intervention of the Court. These meetings occurred on June 7, 2024 and June 10, 2024 and during such meetings counsel for Gallagher Bassett stated that, despite the arguments raised in Examworks LLC's Responses and Objections she would not withdraw the Subpoena.

_____
Attorney for Non-Party Examworks, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 10ᵗʰ day of June, 2024, the foregoing instrument was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of filing to all counsel of record.

_____

Attorney for Non-Party Examworks, LLC