# EXHIBIT 2

**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION**

MICHAEL RICHTER

    Plaintiff,

    v.

XL INSURANCE AMERICA INC. and
GALLAGHER BASSETT SERVICES, INC.,

    Defendants.

CIVIL ACTION NO 4:23-cv-04094-RAL

**EXAMWORKS, LLC'S RESPONSES AND
OBJECTIONS TO SUBPOENA IN CIVIL ACTION**

TO: Deanne C. Ayers, 4205 Gateway Dr. Suite 100, Colleyville, TX 76262; dayers@ayersfirm.com.

ExamWorks, LLC, a non-party to this litigation, submits these responses and objections to the subpoena served upon ExamWorks pursuant to Rule 45(d) without waiver of any further objection or assertion of privilege related to specific documents when or if such documents are identified.

## I.    PRELIMINARY STATEMENT

In the event ExamWorks is required to further respond to the Subpoena, ExamWorks reserves the right to seek its costs and expenses associated with responding, including such costs for personnel to investigate responsive materials and preparing responsive materials for production and any additional legal and equitable relief to which it may be justly entitled.[1]

---

[1]    ExamWorks objects to this subpoena in its entirety on the grounds that its place of compliance is more than 100 miles from the closest location where ExamWorks regularly transacts business in person. *See* Fed. R. Civ. P. 45. The closest location where ExamWorks has individual employees or regularly transacts its business in person is in Minnesota—*i.e.*, more than 100 miles from the specified place of compliance in the subpoena. Notwithstanding the foregoing objection, and in the event ExamWorks is required to respond further to this subpoena, ExamWorks is willing to confer with counsel for Gallagher Basset Services, Inc. regarding electronically producing any records ordered or agreed to be produced, to the extent such an agreement can be reached.

NON-PARTY OBJECTIONS TO SUBPOENA

## II.    SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

1.    The report reflecting all referrals made for any independent medical examination with Jeffrey H. Nipper, M.D. at the request of or with the approval of Gallagher Bassett Services, Inc. The time period for this request is the past ten years from today's date encompassing the geographic area of Nebraska, Missouri, Minnesota, Iowa, Arkansas, South Dakota and North Dakota. You may redact the name of the individual who was the subject of the examination. You may not redact the Gallagher Bassett Services, Inc., claim number.

> **RESPONSE/OBJECTION(S):**  As set forth more fully below, ExamWorks objects to this request because it is irrelevant, overly broad, not reasonably limited in time or scope, unduly burdensome, and it is not proportional to needs of the case considering the scope of the request and irrelevance of the information sought and the fact that it seeks information from a non-party.
>
> Plaintiff Michael Richter ("Plaintiff") brought a bad-faith claim against his insurer, XL Insurance America Inc. ("Insurer") and its claim administrator, Gallagher Bassett Services, Inc. ("Gallagher"). Dkt No. 1 ("Compl.") at ¶¶ 44-49.  Relevant to this subpoena and the foregoing objections, Plaintiff alleged that Insurer and Gallagher breached their duties of good faith by hiring Dr. Nipper "to conduct an IME knowing or having the ability to know that the doctor was biased in favor of insurance companies." *Id.* at ¶ 46.  Based on this allegation, Plaintiff filed a motion to compel seeking to compel Gallagher to produce "all of Dr. Jeffrey Nipper's 'Independent Medical Exam (IME)' and Record Review reports that you or any affiliated entity had Dr. Nipper perform on your insured from the last ten (10) years for the states of South Dakota, North Dakota, Nebraska, Missouri, Minnesota, Iowa and Arkansas." Dkt. No 24 ("MTC") at 5.  In turn, Gallagher served ExamWorks with this Subpoena.
>
> First, Gallagher cannot evade its own discovery obligations and instead burden a non-party to the case with the cost and expense of producing Gallagher's own documents.  "When a nonparty is subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]." *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011); *see also, Gen. Parts Distribution, LLC v. Perry*, No. 12-MC-93 SRN/SER, 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("[C]oncern about the burden on non-parties carries 'special weight.'").  ExamWorks is not a party to this litigation.  Requiring it to go through hundreds of reports to determine which reports are responsive to the above request imposes an undue burden.  If the Court requires Gallagher to produce the requested discovery, it is Gallagher's burden—not ExamWorks'—to collect and produce the requested reports.  *Gen. Parts Distribution*, 2013 WL 3223374, at *4 ("[I]t may be appropriate to prohibit a party from obtaining discovery from a non-party if that same discovery is available from another party to the litigation.").
>
> Second, Gallagher's request for ten years-worth of reports spanning seven states is facially overbroad, and thus unduly burdensome.  "Courts have found that a subpoena for documents for a non-party is facially overbroad where the subpoena's document requests seek all documents concerning the parties to [the underlying action], regardless of whether those documents relate to that action and regardless of date; [t]he requests are not particularized;

and [t]he period covered by the requests is unlimited." *MetroPCS v. Thomas*, 327 F.R.D. 600, 609 (N.D. Tex. 2018) (citing *Am. Fed'n*, 313 F.R.D. at 45). The limits proposed on this request are unreasonable on their face, and as explained below, do not relate to the underlying action.

Third, the information sought in this request is not discoverable because it is completely irrelevant to this litigation, and federal and South Dakota courts prohibit such discovery. *See Ferguson v. Thaemert*, 952 N.W.2d 277, 283 (S.D. 2020) ("Allowing a fishing expedition through confidential non-party patient records cannot be permitted where there has not been a sufficient showing that they are reasonably likely to contain or lead to evidence relevant to the issues of the case."). Dr. Nipper's reports outside of this litigation do not bear on any issue in the case. Medical assessments are highly individualized and comparing the outcomes of Dr. Nipper's hundreds of examinations does not provide any relevant information at all. Because there are so many variables that go into each individual medical examination, a statistical analysis of the results of the reports would not further Plaintiff's bad-faith allegations and thus would not be probative of anything material to the case.

In short, this request seeks irrelevant information outside the scope of discovery, as reports reflecting referrals made for examinations with Dr. Nipper (besides the examination at issue in the case) are not relevant to Plaintiff's causes of action or Defendants' defenses. For these reasons, ExamWorks stands on its objections to this request as written. Notwithstanding the foregoing, ExamWorks is willing to meet and confer to discuss a more reasonable scope of production.

2. All independent medical examination reports that you had Jeffrey H. Nipper, M.D. perform on any claim that was adjusted by Gallagher Bassett Services, Inc. The time period for this request is the past ten years from today's date encompassing the geographic area of Nebraska, Missouri, Minnesota, Iowa, Arkansas, South Dakota and North Dakota. You may redact the name of the individual who was the subjection of the examination. You may not redact the Gallagher Bassett Services, Inc., claim number.

> **RESPONSE/OBJECTION(S):** As set forth more fully below, ExamWorks objects to this request because it is irrelevant, overly broad, not reasonably limited in time or scope, unduly burdensome, and it is not proportional to needs of the case considering the scope of the request and irrelevance of the information sought and the fact that it seeks information from a non-party.
>
> Plaintiff brought a bad-faith claim against his Insurer and its claim administrator, Gallagher. Compl. at ¶¶ 44-49. Relevant to this subpoena and the foregoing objections, Plaintiff alleged that Insurer and Gallagher breached their duties of good faith by hiring Dr. Nipper "to conduct an IME knowing or having the ability to know that the doctor was biased in favor of insurance companies." *Id.* at ¶ 46. Based on this allegation, Plaintiff filed a motion to compel seeking to compel Gallagher to produce "all of Dr. Jeffrey Nipper's 'Independent Medical Exam (IME)' and Record Review reports that you or any affiliated entity had Dr. Nipper perform on your insured from the last ten (10) years for the states of South Dakota, North Dakota, Nebraska, Missouri, Minnesota, Iowa and Arkansas." Dkt. No 24 ("MTC") at 5. Gallagher, in turn, served ExamWorks with this Subpoena.

First, Gallagher cannot evade its own discovery obligations and instead burden a non-party to the case with the cost and expense of producing Gallagher's own documents. "When a nonparty is subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]." *Precourt*, 280 F.R.D. at 467; *see also*, *Gen. Parts Distribution*, 2013 WL 3223374, at *4 ("[C]oncern about the burden on non-parties carries 'special weight.'"). ExamWorks is not a party to this litigation. Requiring it to go through hundreds of reports and claims to determine which reports, records, or claims are responsive to the above request imposes an undue burden. If the Court requires Gallagher to produce the requested discovery, it is Gallagher's burden—not ExamWorks'—to collect and produce the requested reports. *Gen. Parts Distribution*, 2013 WL 3223374, at *4 ("[I]t may be appropriate to prohibit a party from obtaining discovery from a non-party if that same discovery is available from another party to the litigation.").

Second, Gallagher's request for ten years-worth of reports spanning seven states is facially overbroad, and thus unduly burdensome. "Courts have found that a subpoena for documents for a non-party is facially overbroad where the subpoena's document requests seek all documents concerning the parties to [the underlying action], regardless of whether those documents relate to that action and regardless of date; [t]he requests are not particularized; and [t]he period covered by the requests is unlimited." *MetroPCS*, 327 F.R.D. at 609 (citing *Am. Fed'n*, 313 F.R.D. at 45). The limits proposed on this request are unreasonable on their face, and as explained below, do not relate to the underlying action.

Third, the information sought in this request is not discoverable because it is completely irrelevant to this litigation, and federal and South Dakota courts prohibit such discovery. *See Ferguson v. Thaemert*, 952 N.W.2d 277, 283 (S.D. 2020) ("Allowing a fishing expedition through confidential non-party patient records cannot be permitted where there has not been a sufficient showing that they are reasonably likely to contain or lead to evidence relevant to the issues of the case."). Dr. Nipper's reports outside of this litigation do not bear on any issue in the case. Medical assessments are highly individualized and comparing the outcomes of Dr. Nipper's hundreds of examinations does not provide any information at all. Because there are so many variables that go into each individual medical examination, a statistical analysis of the results of the reports would not further Plaintiff's bad-faith allegations and thus would not be probative of anything material to the case.

In short, this request seeks irrelevant information outside the scope of discovery, as reports reflecting referrals made for examinations with Dr. Nipper other than the examination at issue in the case are not relevant to Plaintiff's causes of action or Defendants' defenses. For these reasons, ExamWorks stands on its objections to this request as written. Notwithstanding the foregoing, ExamWorks is willing to meet and confer to discuss a more reasonable scope of production.

3.    All record review reports that you had Jeffrey H. Nipper, M.D. conduct on any claim that was adjusted by Gallagher Bassett Services, Inc. The time period for this request is the past ten years from today's date encompassing the geographic area of Nebraska, Missouri, Minnesota, Iowa, Arkansas, South Dakota and North Dakota. You may redact the name of the individual who was the subject of the examination. You may not redact the Gallagher Bassett Services, Inc., claim number.

**RESPONSE/OBJECTION(S):** As set forth more fully below, ExamWorks objects to this

request because it is irrelevant, overly broad, not reasonably limited in time or scope, unduly burdensome, and it is not proportional to needs of the case considering the scope of the request and irrelevance of the information sought and the fact that it seeks information from a non-party.

Plaintiff brought a bad-faith claim against his Insurer and its claim administrator, Gallagher. Compl. at ¶¶ 44-49. Relevant to this subpoena and the foregoing objections, Plaintiff alleged that Insurer and Gallagher breached their duties of good faith by hiring Dr. Nipper "to conduct an IME knowing or having the ability to know that the doctor was biased in favor of insurance companies." *Id.* at ¶ 46. Based on this allegation, Plaintiff filed a motion to compel seeking to compel Gallagher to produce "all of Dr. Jeffrey Nipper's 'Independent Medical Exam (IME)' and Record Review reports that you or any affiliated entity had Dr. Nipper perform on your insured from the last ten (10) years for the states of South Dakota, North Dakota, Nebraska, Missouri, Minnesota, Iowa and Arkansas." Dkt. No 24 ("MTC") at 5. Gallagher, in turn, served ExamWorks with this Subpoena.

First, Gallagher cannot evade its own discovery obligations and instead burden a non-party to the case with the cost and expense of producing Gallagher's own documents. "When a nonparty is subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]." *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011); *see also, Gen. Parts Distribution, LLC v. Perry*, No. 12-MC-93 SRN/SER, 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("[C]oncern about the burden on non-parties carries 'special weight.'"). ExamWorks is not a party to this litigation. Requiring it to go through hundreds of reports and claims to determine which reports, records, or claims are responsive to the above request imposes an undue burden. If the Court requires Gallagher to produce the requested discovery, it is Gallagher's burden—not ExamWorks'— to collect and produce the requested reports. *Gen. Parts Distribution*, 2013 WL 3223374, at *4 ("[I]t may be appropriate to prohibit a party from obtaining discovery from a non-party if that same discovery is available from another party to the litigation.").

Second, Gallagher's request for ten years-worth of reports spanning seven states is facially overbroad, and thus unduly burdensome. "Courts have found that a subpoena for documents for a non-party is facially overbroad where the subpoena's document requests seek all documents concerning the parties to [the underlying action], regardless of whether those documents relate to that action and regardless of date; [t]he requests are not particularized; and [t]he period covered by the requests is unlimited." *MetroPCS v. Thomas*, 327 F.R.D. 600, 609 (N.D. Tex. 2018) (citing *Am. Fed'n*, 313 F.R.D. at 45). The limits proposed on this request are unreasonable on their face, and as explained below, do not relate to the underlying action.

Third, the information sought in this request is not discoverable because it is completely irrelevant to this litigation, and federal and South Dakota courts prohibit such discovery. *See Ferguson v. Thaemert*, 952 N.W.2d 277, 283 (S.D. 2020) ("Allowing a fishing expedition through confidential non-party patient records cannot be permitted where there has not been a sufficient showing that they are reasonably likely to contain or lead to evidence relevant to the issues of the case."). Dr. Nipper's reports outside of this litigation do not bear on any issue in the case. Medical assessments are highly individualized and comparing the outcomes of Dr. Nipper's hundreds of examinations does not provide any information at all. Because there are so many variables that go into each individual medical examination, a

PAGE 5

statistical analysis of the results of the reports would not further Plaintiff's bad-faith allegations and thus would not be probative of anything material to the case.

In short, this request seeks irrelevant information outside the scope of discovery, as reports reflecting referrals made for examinations with Dr. Nipper other than the examinations at issue in the case are not relevant to Plaintiff's causes of action or Defendants' defenses. For these reasons, ExamWorks stands on its foregoing objections to this request as written. Notwithstanding the foregoing, ExamWorks is willing to meet and confer to discuss a more reasonable scope of production.

4.      All independent medical examination reports for examinations that you scheduled with or facilitated with Jeffrey H. Nipper, M.D. relating to any claim that was adjusted by Gallagher Bassett Services, Inc. The time period for this request is the past ten years from today's date encompassing the geographic area of Nebraska, Missouri, Minnesota, Iowa, Arkansas, South Dakota and North Dakota. You may redact the name of the individual who was the subject of the examination. You may not redact the Gallagher Bassett Services, Inc., claim number.

**RESPONSE/OBJECTION(S):** As set forth more fully below, ExamWorks objects to this request because it is irrelevant, overly broad, not reasonably limited in time or scope, unduly burdensome, and it is not proportional to needs of the case considering the scope of the request and irrelevance of the information sought and the fact that it seeks information from a non-party.

Plaintiff brought a bad-faith claim against his Insurer and its claim administrator, Gallagher. Compl. at ¶¶ 44-49. Relevant to this subpoena and the foregoing objections, Plaintiff alleged that Insurer and Gallagher breached their duties of good faith by hiring Dr. Nipper "to conduct an IME knowing or having the ability to know that the doctor was biased in favor of insurance companies." *Id.* at ¶ 46. Based on this allegation, Plaintiff filed a motion to compel seeking to compel Gallagher to produce "all of Dr. Jeffrey Nipper's 'Independent Medical Exam (IME)' and Record Review reports that you or any affiliated entity had Dr. Nipper perform on your insured from the last ten (10) years for the states of South Dakota, North Dakota, Nebraska, Missouri, Minnesota, Iowa and Arkansas." Dkt. No 24 ("MTC") at 5. Gallagher, in turn, served ExamWorks with this Subpoena.

First, Gallagher cannot evade its own discovery obligations and instead burden a non-party to the case with the cost and expense of producing Gallagher's own documents. "When a nonparty is subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]." *Precourt v. Fairbank Reconstruction Corp.,* 280 F.R.D. 462, 467 (D.S.D. 2011); *see also, Gen. Parts Distribution, LLC v. Perry,* No. 12-MC-93 SRN/SER, 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("[C]oncern about the burden on non-parties carries 'special weight.'"). ExamWorks is not a party to this litigation. Requiring it to go through hundreds of reports and claims to determine which reports, records, or claims are responsive to the above request imposes an undue burden. If the Court requires Gallagher to produce the requested discovery, it is Gallagher's burden—not ExamWorks'— to collect and produce the requested reports. *Gen. Parts Distribution,* 2013 WL 3223374, at *4 ("[I]t may be appropriate to prohibit a party from obtaining discovery from a non-party if that same discovery is available from another party to the litigation.").

NON-PARTY OBJECTIONS TO SUBPOENA

Second, Gallagher's request for ten years-worth of reports spanning seven states is facially overbroad, and thus unduly burdensome. "Courts have found that a subpoena for documents for a non-party is facially overbroad where the subpoena's document requests seek all documents concerning the parties to [the underlying action], regardless of whether those documents relate to that action and regardless of date; [t]he requests are not particularized; and [t]he period covered by the requests is unlimited." *MetroPCS v. Thomas*, 327 F.R.D. 600, 609 (N.D. Tex. 2018) (citing *Am. Fed'n*, 313 F.R.D. at 45). The limits proposed on this request are unreasonable on their face, and as explained below, do not relate to the underlying action.

Third, the information sought in this request is not discoverable because it is completely irrelevant to this litigation, and federal and South Dakota courts prohibit such discovery. *See Ferguson v. Thaemert*, 952 N.W.2d 277, 283 (S.D. 2020) ("Allowing a fishing expedition through confidential non-party patient records cannot be permitted where there has not been a sufficient showing that they are reasonably likely to contain or lead to evidence relevant to the issues of the case."). Dr. Nipper's reports outside of this litigation do not bear on any issue in the case. Medical assessments are highly individualized and comparing the outcomes of Dr. Nipper's hundreds of examinations does not provide any information at all. Because there are so many variables that go into each individual medical examination, a statistical analysis of the results of the reports would not further Plaintiff's bad-faith allegations and thus would not be probative of anything material to the case.

In short, this request seeks irrelevant information outside the scope of discovery, as reports reflecting referrals made for examinations with Dr. Nipper other than the examinations at issue in the case are not relevant to Plaintiff's causes of action or Defendants' defenses. For these reasons, ExamWorks stands on its objections to this request as written. Notwithstanding the foregoing, ExamWorks is willing to meet and confer to discuss a more reasonable scope of production.

## III.   RESERVING FURTHER OBJECTIONS AND CLAIMS OF PRIVILEGE

ExamWorks reserves the right to lodge further objections and assert applicable privileges if, or when, responsive documents are identified.

Respectfully submitted,

Dated: June 5, 2024

Ballard Spahr LLP

By:

Daniel R. Fritz
Email: fritzd@ballardspahr.com
605-978-5200
101 South Reid Street, Suite 302
Sioux Falls, SD 57103-7030

*Attorneys for Non-Party Examworks, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on this 5th day of June, 2024 a true and correct copy of the foregoing instrument was served on the following via email and regular mail:

Deanne C. Ayers
4205 Gateway Dr. Suite 100
Colleyville, TX 76262
dayers@ayersfirm.com

Attorney for Non-Party Examworks, LLC

NON-PARTY OBJECTIONS TO SUBPOENA

PAGE 8