# Exhibit B

**EXHIBIT B**

### I.    Disputed Interrogatories

| | |
|---|---|
| **INTERROGATORY 6:** For the last ten (10) years, identify every claim in which you or any entity/third party/agent of yours hired Dr. Jeffrey Nipper to conduct a medical examination or records review of your insured. For purposes of this Interrogatory, you may redact the name and identifying information related to the person examined… | **INTERROGATORY 20:** In the last five (5) years, have you been a party in a civil lawsuit alleging insurance bad faith or unfair claims processing, or been a party in a regulatory complaint brought against you, involving a workers' compensation claim? If so, identify the case by name, court and trial docket number, and indicate the substance of the allegations, as well as the outcome of the case. |

### II.    Disputed Requests for Production of Documents

| | |
|---|---|
| **REQUEST 12:** Produce copies of any and all policies or guidelines used during the previous ten (10) years dealing directly or indirectly with claims handling procedures, specifically including but not limited to, the proper amount of time for claims handling, the process for evaluating claims, the scope and nature of investigation pertaining to claims handling and the utilization of medical examinations. | **REQUEST 14:** Produce all of Dr. Jeffrey Nipper's "Independent Medical Exam (IME)" and Record Review reports that you or any affiliated entity had Dr. Nipper perform on your insured from the last ten (10) years for the states of South Dakota, North Dakota, Nebraska, Missouri, Minnesota, Iowa and Arkansas. For purposes of this Request for Production, you may redact the name(s) and identifying information related to the person examined. |
| **REQUEST 15:** Produce all human resource manuals, salary administration manuals, personnel bulletins or manuals, orientation booklets, directives, memos or other documents used during the previous ten (10) years to inform claims personnel of the manner in which they can expect to receive salary increases, bonuses or other commissions. | **REQUEST 16:** Produce all documents which relate to incentives given to claims personnel in return for reducing the amount of claims' payments, reducing combined ratio, reducing claim severity and reducing claims' payouts. |
| **REQUEST 17:** Produce all documents relating to efforts or goals to decrease loss ratios, or decrease claim severity costs, over the past ten (10) years. | **REQUEST 18:** Produce any and all documents relating to regulatory actions, including but not limited to suspension or revocation proceedings, Market Conduct Examinations, Cease and Desist Orders, Consent Orders, Reports of |

|  | Examinations, Corrective Orders or Corrective Action Plans, involving your handling of workers' compensation claims from the past ten (10) years to present. This Request is not limited to South Dakota. You may redact or withhold social security numbers and bank, credit card or other financial account numbers of any person. |
|---|---|
| **REQUEST 19**: Provide copies of any Department of Insurance consumer complaints involving your handling of workers' compensation claims from the past ten (10) years to present. This Request is not limited to South Dakota. You may redact or withhold social security numbers, and bank, credit card or other financial account numbers of any person. | **REQUEST 21**: Produce all pleadings from any lawsuit filed against you in the last five (5) years, brought within the states of South Dakota, North Dakota, Nebraska, Missouri, Minnesota, Iowa and/or Arkansas alleging insurance bad faith, breach of contract, fraud, deceit or unfair claims processing involving a workers' compensation claim. |
| **REQUEST 22**: Produce any and all affidavits, transcripts of depositions or trial testimony of any of your employees or officers in any suit alleging breach of contract, fraud, deceit, bad faith and/or unfair claims practices in a case arising out of a workers' compensation claim, from the last five (5) years, brought within the states of South Dakota, North Dakota, Nebraska, Missouri, Minnesota, Iowa and/or Arkansas. | **REQUEST 23:** If a third-party entity assisted with the evaluation of Plaintiff's claim, provide all documents that show the number of other matters in which the same entity was retained by you to evaluate other insureds' workers' compensation claims over the past five (5) years and whether the claim was denied or paid. |

### III.    Disputed Deposition Topics

| **TOPIC 1:** Protocols, guidelines, policies and procedures from the last ten years that assist Insurer's employees and/or adjusters in handling and/or adjusting workers compensation claims in South Dakota, including the process for determining whether an injury is covered. | **TOPIC 2:** Protocols, guidelines, policies and procedures for processing, investigating and valuing workers' compensation claims from the last ten years. |
|---|---|
| **TOPIC 4:** The duties and obligations of good faith and fair dealing under South Dakota law when adjusting workers' | **TOPIC 5:** The duties and responsibilities of Insurer as it relates to the South Dakota Unfair Claims Practices Act. |

| | |
|---|---|
| compensation claims during the past ten years. | |
| **TOPIC 6**: Actions or activities that would constitute bad faith under South Dakota law when adjusting workers' compensation claims during the past ten years. | **TOPIC 7:** Insurer's protocols, guidelines, procedures or policies for investigating workers' compensation claims decisions which have been appealed or challenged by an injured worker for the past ten years. |
| **TOPIC 8**: Insurer's protocols, procedures for resolving or reconciling the opinions of treating doctors that are inconsistent with the opinions of doctors retained to perform Independent Medical Examinations (IME) or Record Reviews during the past ten years. | **TOPIC 9**: The role generally played by representatives of the Insurer when determining whether a workers' compensation claim is covered during the past ten years. |
| **TOPIC 10**: The role generally played by Insurer when determining whether a workers' compensation claim is covered during the past ten years. | **TOPIC 12**: The responsibilities Insurer holds to evaluate and review the work of its Third Party Administrators and agents. |
| **TOPIC 13:** The Insurer's employees who played a role in its decision to deny Plaintiff's benefits related to his September 6, 2017 work-related injury. | **TOPIC 17**: Time Insurer allotted to process a workers' compensation claim during the past ten years. |
| **TOPIC 18**: Insurer's protocols, policies, procedures and processes for requesting an IME during the past ten years. | **TOPIC 19**: Protocols, policies, procedures and processes for selecting a specific doctor to perform an IME during the past ten years. |
| **TOPIC 20**: Vetting process for doctors used to perform an IME or Records Review for the past ten years. | **TOPIC 23**: The importance of an IME when determining whether an event was a major contributing cause to an injury during the past ten years. |
| **TOPIC 24**: Protocols, guidelines policies and procedures following the receipt of an IME report and process for verifying accuracy of the report for the past ten years. | **TOPIC 29**: The facts surrounding any regulatory actions that have been filed against Insurer, including but not limited to suspension or revocation proceedings, Market Conduct Examinations, Cease and Desist Orders, Consent Orders, Reports of Examinations, Corrective Orders or Corrective Action Plans, involving Insurer's handling of workers' compensation claims within past ten (10) years. |
| **TOPIC 30**: The facts surrounding any department of Insurance consumer complaints involving Insurer's handling | **TOPIC 31**: The facts surrounding any civil lawsuit alleging insurance bad faith or unfair claims processing filed against |

3

| of workers' compensation claims from the past ten (10) years. | Insurer in the past ten (10) years involving a workers' compensation claim. |
|---|---|

Open.23899.32415.33611660-1

4