# Attachment 4

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL RICHTER,<br><br>Plaintiff,<br><br>vs.<br><br>XL INSURANCE AMERICA INC. and<br>GALLAGHER BASSETT SERVICES,<br>INC.,<br><br>Defendants. | 4:23-cv-04094-RAL |

**DEFENDANT XL INSURANCE AMERICA INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant XL Insurance America Inc. ("XL"), by counsel, for its objections and responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents (the "Discovery Requests"), pursuant to Fed. R. Civ. P. 33 and Fed. R. Civ. P. 34, states as follows:

**OBJECTIONS TO DEFINITIONS, INSTRUCTIONS,
AND NUMBER OF INTERROGATORIES**

1.      XL objects to Plaintiff's definitions of "Document," and "Identify" as overly broad, unduly burdensome, vague, and ambiguous.  XL also objects to these definitions to the extent that they call for the production of information protected from discovery by the attorney-client privilege, the attorney work product doctrine, common interest or joint defense privilege, or any other privilege, doctrine or protection, and to the extent that they seek to procure personal or confidential information irrelevant to issues in this litigation. Such definitions subject XL to oppressive discovery obligations.

2.      XL objects to Plaintiff's definition of "You," "Your," and/or "Defendant" to the extent that this definition encompasses entities or persons not directly related to this action or entities over which XL has no control.  XL further objects to the extent that this definition refers to entities or persons other than XL.  As such, this definition is overly broad, unduly burdensome, vague, and ambiguous.  XL will respond on the basis that these terms, as used in these Requests, refer only to "XL" as defined below.

3.      XL objects to Plaintiff's instructions to the extent that they are broader than the requirements of the Federal Rules of Civil Procedure and therefore beyond the scope of discovery, and also to the extent that they call for searches for information or documents that are overly broad and unduly burdensome, and/or call for production of information or documents subject to the attorney-client, work product privilege, joint defense privilege, and/or any other privilege, doctrine, or protection.

4.      XL also objects to the number of interrogatories that Plaintiff has served on XL as inclusive of subparts they exceed thirty (30) interrogatories in violation of the Rule 16 Scheduling Order.  Such Requests are harassing, overly broad, and subject XL to oppressive discovery obligations.

## XL'S DEFINITIONS

1.      "XL" means XL Insurance America Inc.

2.      "XL Policy" means the policy of insurance no. RWD3001347, which XL issued to first named insured Minerals Technologies Inc., effective June 30, 2017 to June 30, 2018.

### DEFENDANT XL INSURANCE AMERICA INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1.      Identify each person providing or furnishing any of the information you used in preparing answers to these interrogatories and state the answers that person assisted in answering.

**ANSWER: XL objects to this Interrogatory for the reason that it is overly broad. XL also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL further objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL identifies Peter F. Bauer, Assistant Vice President, Senior Claims Specialist at AXA XL as answering these Interrogatories with the assistance and advice provided by counsel. Mr. Bauer has not assisted in the drafting of objections to these Interrogatories, as those objections have been prepared by counsel. Mr. Bauer may be contacted through counsel.**

2.      Identify each person by name, address, and phone number who you believe may have knowledge or information relating to the claims and defenses made in this matter who are known to you and describe in detail the information you believe each person possesses.

**ANSWER: XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome, and the phrase "may have knowledge or information relating to the claims and defenses made in this matter" is vague and ambiguous. XL further objects to this Interrogatory to the extent that it seeks information already within Plaintiff's possession or control. XL also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL further objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL refers Plaintiff to the initial disclosures produced in this case. Answering further, XL refers Plaintiff to Gallagher Bassett Services, Inc. ("GB's") discovery responses as well as any responsive documents GB has or will produce in this action.**

3.      Identify all past and/or present personnel or representatives of your company who were involved in any way in the handling or evaluating the workers' compensation claims that are the subject of this lawsuit, that spoke with the Plaintiff, or who possess any knowledge or information relating to the defenses raised in your Answer, stating as to each such person:

(a)     The identity of each person;
(b)     Their address and phone number;
(c)     Their job title or capacity;
(d)     Their tenure with your company;
(e)     Their present status of employment with your company;
(f)     Their present whereabouts;
(g)     The date(s) during which they handled or evaluated the claims;
(h)     The reason they handled or evaluated the claims during that particular time period;
(i)     A description of their involvement in the handling or evaluation of Plaintiff's claim;
(j)     The reason they relinquished handling of the claim, if applicable; and
(k)     The knowledge possessed by each such person with regard to Plaintiff's claims or any defenses raised in your Answer.

**ANSWER:  XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome, and the phrases "handling or evaluating," "spoke with Plaintiff" and "relating to" are vague and ambiguous. XL also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL further objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL states that it did not "handl[e] or evaluat[e] the workers' compensation claims that are the subject of this lawsuit." Answering further, XL refers Plaintiff to GB's discovery responses as well as any responsive documents GB has or will produce in this action.**

4.    Was any business or third person, including experts, hired to adjust or review Plaintiff's claim? If so, provide the name of said company or person and describe in detail the relationship between you, said company or third person, and any opinions or reports they provided.

**ANSWER: XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome, and the phrase "adjust or review" is vague and ambiguous. XL also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL further objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL refers Plaintiff to GB's discovery responses as well as any responsive documents GB has or will produce in this action.**

5.    With regard to any of your activities on Plaintiff's workers' compensation claim prior to the commencement of this litigation, please indicate whether you are relying, in whole or in part, on advice of counsel to help explain, support or justify any of your actions, conduct or handling of Plaintiff's claim.  If your answer is "yes", please identify in detail all activities where you relied, in whole or in part, on advice of counsel to support or justify any of your actions, conduct or handling of Plaintiff's claim.

**ANSWER: XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome, and the phrases "your activities on Plaintiff's workers' compensation claim" and "conduct or handling of Plaintiff's claim" are vague and ambiguous. XL also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL further objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL states that it did not engage in "activities on Plaintiff's workers' compensation claim prior to the commencement of this litigation." XL refers Plaintiff to GB's discovery responses as well as any responsive documents GB has or will produce in this action.**

6.      For the last ten (10) years, identify every claim in which you or any entity/third party/agent of yours hired Dr. Jeffrey Nipper to conduct a medical examination or records review of your insured.  For purposes of this Interrogatory, you may redact the name and identifying information related to the person examined.  With respect to such claim, state:

(a)    The date of the claim;
(b)    The date on which Dr. Nipper performed the medical examination;
(c)    Identify Dr. Nipper's report;
(d)    Describe, in detail and not in summary fashion, Dr. Nipper's opinion following the medical examination;
(e)    Identify whether the claim was denied or paid; and
(f)    Identify if the insured disputed the claim, and if so, the result of the dispute.

**ANSWER: XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome, and the phrases "hired," "records review" and "related to" are vague and ambiguous. XL further objects to this Interrogatory because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. XL further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL further objects to this Interrogatory to the extent that it seeks information containing confidential and proprietary business information of XL.**

7.      Identify each document, report and/or picture you provided to Dr. Nipper prior to Dr. Nipper issuing his September 29, 2020 report and November 18, 2021 addendum.

**ANSWER: XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome. XL also objects to this Interrogatory to the extent that it**

seeks information already within Plaintiff's possession or control. XL further objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.

Subject to and without waiving the foregoing objections, XL states that it did not "provide[]" any "document, report and/or picture" to Dr. Nipper prior to "Dr. Nipper issuing his September 29, 2020 report and November 18, 2021 addendum." XL refers Plaintiff to GB's discovery responses as well as any responsive documents GB has or will produce in this action.

8.    Identify each witness you expect to call as an expert witness at trial.  Please state the following:

(a)    The name, address, occupation and qualifications of the expert witness;
(b)    The subject matter in which the expert is expected to testify;
(c)    The substance of the facts and opinions to which the expert is expected to testify;
(d)    A summary of the grounds for such opinion;
(e)    A bibliography of all medical literature, treatises, papers or other   publications in support of the expert's opinion;
(f)    On what other cases such expert has testified; and
(g)    The documents/reports/literature the expert considers controlling in the field.

ANSWER: XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome. XL also objects to this Interrogatory on the basis that it is premature as discovery is ongoing. XL further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL further objects to this Interrogatory to the extent that it seeks information containing confidential and proprietary business information of XL.

Subject to and without waiving the foregoing objections, XL has yet to determine witnesses that it expects to call as expert witnesses at trial. XL will supplement its answer to this Interrogatory as appropriate and consistent with any case management order that is entered in this case and the Federal Rules of Civil Procedure.

9.    Do you contend that Plaintiff has made any statements or admissions against his interest? If so, then for each statement or admission please state the following:

(a)    What Plaintiff wrote or said;

(b)    To whom it was written or said;

(c)    When it was written or said, including the date and time;

(d)    Where it was written or said;

(e)    Whether and what documents or materials exist concerning the alleged admission against interest; and

(f)    The name, address and phone number of each person who read or heard it or who was present at the time.

**ANSWER: XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome, and the phrase "statements or admissions against his interest" is vague and ambiguous. XL also objects to this Interrogatory on the basis that it is premature as discovery is ongoing. XL further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL further objects on the basis that this Interrogatory seeks information already within Plaintiff's possession or control.**

**Subject to and without waiving the foregoing objections, XL refers Plaintiff to GB's discovery responses as well as any responsive documents GB has or will produce in this action.**

10.    When did your company first receive notice of Plaintiff's claim for workers' compensation benefits?   Include within your answer the full name, address, telephone number and job title or capacity of your company's representative who received this notice.

**ANSWER: XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome, and the phrase "first receive notice of Plaintiff's clam for workers compensation benefits" is vague and ambiguous. XL also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL further objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL states that its first notice of Plaintiff's claim for workers' compensation benefits was on June 1, 2023. Answering further, XL identifies Richard W. Gibbs, Global Programs – Large Loss Specialist at AXA XL.  Mr. Gibbs can be reached through undersigned counsel.**

11.    Was any writing or other form of record made that confirms the receipt of such

notice by a representative of your company?  If so for each writing, state:

        (a)    The date it was prepared;
        (b)    The reason for its preparation;
        (c)    The full name, address, telephone number and job title or capacity at the time of the preparation of the person who prepared it; and
        (d)    Its substance.

**ANSWER: XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome, and the phrase "writing or other form of record" is vague and ambiguous. XL further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL states that it will produce non-privileged document(s) responsive to this Interrogatory subject to a confidentiality agreement and/or entry of a protective order.**

12.    Describe, in detail and not in summary fashion, the exact claims handling

procedure used by your company in processing Plaintiff's workers' compensation claim,

including the name, address, email, telephone number and job title/capacity of each of your

employees or representatives, or outside parties or persons, including hired third-party

services, involved in the claims handling process, and state whether any of said persons or

entities opined as to the injuries suffered by Plaintiff, their opinion, and specifically identify

all documents that each person relied upon in making said evaluation.

**ANSWER: XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome, and the phrases "claims handling procedure," "processing Plaintiff's workers' compensation claim" and "opined" are vague and ambiguous.  XL further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Interrogatory to the extent that it seeks**

**information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL states that it did not "process[] Plaintiff's workers' compensation claim." XL refers Plaintiff to GB's discovery responses as well as any responsive documents GB has or will produce in this action.**

13.     Up until the commencement of this litigation, state the reserves that were set by your company in response to Plaintiff's claim for benefits under the policy, when the reserves were set, and the names and employment position of the person(s) involved in the setting of the reserve amount.

**ANSWER: XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome, and the phrase "reserves" is vague and ambiguous. XL further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL refers Plaintiff to GB's discovery responses as well as any responsive documents GB has or will produce in this action.**

14.     Identify any investigation conducted by you before the denial of Plaintiff's workers' compensation benefits?  If so, for each investigation, state:

      (a)    The dates made;
      (b)    The full name, address, telephone number and job title or capacity of the person or persons who authorized it;
      (c)    The name, address, telephone number and job title or capacity of each investigator;
      (d)    Each step you took to investigate Plaintiff's claim;
      (e)    Whether the investigation is reflected in any document, identifying each document;
      (f)    A description, in detail and not in summary fashion, of the facts and circumstances obtained by you in said investigation; and
      (g)    The purpose of the investigation.

**ANSWER: XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome, and the phrases "investigation" and "denial of Plaintiff's workers' compensation benefits" are vague and ambiguous. XL further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL states that it did not "den[y] . . . Plaintiff's workers' compensation benefits." XL refers Plaintiff to GB's discovery responses as well as any responsive documents GB has or will produce in this action.**

15.    Identify each and every fact upon which you based your denial of Plaintiff's workers' compensation benefits.

    (a)    The dates of denial;

    (b)    The full name, address, telephone number and job title or capacity of the person or persons who authorized it;

    (c)    The name, address, telephone number and job title or capacity of each person making or assisting with making a decision to deny benefits;

    (d)    Whether the denial is reflected in any document, identifying each document;

    (e)    A description, in detail and not in summary fashion, of the facts and circumstances upon which you based the denial of Plaintiff's workers' compensation benefits;

    (f)    Each and every document relied upon by your company in denying Plaintiff's claim for workers' compensation benefits; and

    (g)    The reason you denied Plaintiff's workers' compensation benefits.

**ANSWER: XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome, and the phrase "denial of Plaintiff's workers' compensation benefits" is vague and ambiguous. XL further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably**

**calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL states that it did not "den[y] . . . Plaintiff's workers' compensation benefits." XL refers Plaintiff to GB's discovery responses as well as any responsive documents GB has or will produce in this action.**

16.    For any experts, besides Dr. Nipper, that were consulted in this case, please provide their name, address and phone number, the date on which they were contacted, state what opinions they provided and identify any document provided to such expert by you, identify any document authored by such expert(s), and identify any other cases in which you have utilized such expert(s) services.

**ANSWER: XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome, and the phrases "consulted in this case" and "utilized such expert(s) services" are vague and ambiguous. XL further objects to this Interrogatory because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. XL further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL states that it did not consult experts in this case including, but not limited to, Dr. Nipper. XL refers Plaintiff to GB's discovery responses as well as any responsive documents GB has or will produce in this action.**

17.    Describe, in detail and not in summary fashion, each and every communication between Plaintiff and any representative of your company relating to Plaintiff's claim for benefits.  For each such communication, please state the following:

      (a)    The date of the communication;
      (b)    What Plaintiff said;

(c)    What your representative said;

(d)    Whether and what documents or materials exist concerning the communication; and

(e)    The name, address and phone number of each person who read or heard the communication or was present at the time of the communication.

**ANSWER: XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome, and the phrase "relating to Plaintiff's claim for benefits" is vague and ambiguous. XL further objects to this Interrogatory to the extent that it seeks information already within Plaintiff's possession or control. XL also objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL states that it did not communicate with Plaintiff "relating to Plaintiff's claim for benefits." XL refers Plaintiff to GB's discovery responses as well as any responsive documents GB has or will produce in this action.**

18.    If Plaintiff's claim for benefits or any portion of said claims were submitted to a claims committee, review board, firm, company or similar entity for evaluation, state:

(a)    The date the claims or any portion of the claims was submitted;

(b)    The identity of each person who constituted the committee, including the person's name, title or position, address, phone number and present whereabouts;

(c)    The manner in which the claims or any portion of the claims were presented;

(d)    The identity of each document relating to the submission of the claims; and

(e)    The identity of the present custodian of each document identified in your answer to subsection (d), including the person's name, title or position, address, phone number and present whereabouts.

**ANSWER: XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome, and the phrases "claims committee, review board, firm, company or similar entity for evaluation" and "relating to" are vague and ambiguous. XL further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery**

**of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL refers Plaintiff to GB's discovery responses as well as any responsive documents GB has or will produce in this action.**

19.    Have you, or your attorneys, agents or insurance company had any surveillance performed or made of Plaintiff?  If so, identify:

> (a)    Who made the surveillance;
> (b)    The dates of the surveillance;
> (c)    The places at which the Plaintiff was observed; and
> (d)    Whether, in making it, any person was interviewed or examined, and if so, identify each such person.

**ANSWER: XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome, and the phrase "surveillance" is vague and ambiguous. XL further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL states that it did not have any "surveillance performed or made of Plaintiff."  XL refers Plaintiff to GB's discovery responses as well as any responsive documents GB has or will produce in this action.**

20.    In the last five (5) years, have you been a party in a civil lawsuit alleging insurance bad faith or unfair claims processing, or been a party in a regulatory complaint brought against you, involving a workers' compensation claim? If so, identify the case by name, court and trial docket number, and indicate the substance of the allegations, as well as the outcome of the case.

**ANSWER: XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome, and the phrases "insurance bad faith or unfair claims processing" and "regulatory complaint" are vague and ambiguous. XL further objects**

to this Interrogatory because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence.  XL further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL further objects to this Interrogatory to the extent that it seeks information containing confidential and proprietary business information of XL.

21.     Describe in detail the process you utilized to select Dr. Nipper to perform Plaintiff's IME, including whether alternative doctors were considered, which alternative doctors were considered, and the reason you selected Dr. Nipper.

ANSWER: XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome, and the phrase "process you utilized" is vague and ambiguous. XL further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.

Subject to and without waiving the foregoing objections, XL states that it did not "select Dr. Nipper to perform Plaintiff's IME."  XL refers Plaintiff to GB's discovery responses as well as any responsive documents GB has or will produce in this action.

22.     If you are aware of documents that are not in your possession that are related to the Plaintiff's claim and were gathered by a person or entity working on behalf of you (directly or indirectly), identify the documents, including the persons and/or entities in possession of those documents with last known addresses.  This request does not seek work product.

ANSWER: XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome, and the phrase "related to the Plaintiff's claim" is vague and ambiguous. XL further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, the common interest or joint

defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.

Subject to and without waiving the foregoing objections, XL refers Plaintiff to GB's discovery responses as well as any responsive documents GB has or will produce in this action.

23.     Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for workers' compensation benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe your document retention policy.

ANSWER: XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome, and the phrase "relating to the investigation or handling of Plaintiff's claim for workers' compensation benefits" is vague and ambiguous. XL further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.

Subject to and without waiving the foregoing objections, XL states that it unaware of any such documents that fall within this request.

24.     Identify any communications you had with Plaintiff's treating physicians, regarding the injuries at-issue in this litigation, including:

        (a)     The name of the individual you spoke with;
        (b)     The date of the communication; and
        (c)     Describe in detail the contents of the discussion.

ANSWER: XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome, and the phrase "regarding" is vague and ambiguous. XL further objects to this Interrogatory to the extent that it seeks information already within Plaintiff's possession or control. XL also objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to

**lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL states that it did not have any "communications . . . with Plaintiff's treating physicians." XL refers Plaintiff to GB's discovery responses as well as any responsive documents GB has or will produce in this action.**

25. Identify in detail and not summary fashion how Plaintiff's claim is barred by accord and satisfaction as asserted in your Answer.

**ANSWER: XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome. XL also objects to this Interrogatory on the basis that it is premature as discovery is ongoing. XL further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL refers Plaintiff to the pleadings in this action, GB's discovery responses as well as any responsive documents GB has or will produce in this action. Answering further, XL states that as discovery is ongoing, it will supplement its answer to this Interrogatory as appropriate.**

26. Identify in detail and not summary fashion how Plaintiff failed to exhaust his administrative remedies as asserted in your Answer.

**ANSWER: XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome. XL also objects to this Interrogatory on the basis that it is premature as discovery is ongoing. XL further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL refers Plaintiff to the pleadings in this action, GB's discovery responses as well as any responsive**

**documents GB has or will produce in this action.  Answering further, XL states that as discovery is ongoing, it will supplement its answer to this Interrogatory as appropriate.**

27.    Identify in detail and not summary fashion how Plaintiff's claim is barred by the terms, conditions and limitations contained in the XL Policy.  Specifically, identify the policy provisions which bar Plaintiff's claim.

**ANSWER: XL objects to this Interrogatory for the reason that it is overly broad and unduly burdensome, and the phrase "terms, conditions and limitations contained in the XL Policy" is vague and ambiguous. XL also objects to this Interrogatory on the basis that it is premature as discovery is ongoing. XL further objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL refers Plaintiff to the XL Policy, which is in writing and speaks for itself.  XL also refers Plaintiff to the pleadings in this action, GB's discovery responses as well as any responsive documents GB has or will produce in this action.  Answering further, XL states that as discovery is ongoing, it will supplement its answer to this Interrogatory as appropriate.**

<u>**DEFENDANT XL INSURANCE AMERICA INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**</u>

1.    Produce any and all documents and communications, including, but not limited to, electronic mail, text messages, recordings (audio or visual), and/or pictures, regarding any matter set forth in Plaintiff's Complaint or your Answers.

**RESPONSE: XL objects to this Request for the reason that it is overly broad and unduly burdensome, and the phrase "regarding any matter set forth in Plaintiff's Complaint or your Answers" is vague and ambiguous. XL further objects to this Request to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege,**

and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Request to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.

Subject to and without waiving the foregoing objections, XL will produce the XL Policy as well as the documents XL has identified in response to Plaintiff's Interrogatories subject to a confidentiality agreement and/or entry of a protective order. Answering further, XL refers Plaintiff to any responsive documents GB has or will produce in this action.

2.    Produce duplicate copies of any photographs, videotapes, motion pictures or other visual representations, of any other matters pertaining to the issues in this lawsuit.

RESPONSE: XL objects to this Request for the reason that it is overly broad and unduly burdensome, and the phrase "any other matters pertaining to the issues in this lawsuit" is vague and ambiguous. XL further objects to this Request to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Request to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.

Subject to and without waiving the foregoing objections, XL refers Plaintiff to any responsive documents GB has or will produce in this action.

3.    Produce a complete copy of the resume and curriculum vitae of any expert retained or consulted regarding the subject matter of this lawsuit.

RESPONSE: XL objects to this Request for the reason that it is overly broad and unduly burdensome, and the phrase "regarding the subject matter of this lawsuit" is vague and ambiguous. XL further objects to this Request to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Request to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.

Subject to and without waiving the foregoing objections, XL has not retained or consulted any experts regarding the subject matter of this lawsuit. Answering further, XL will supplement its answer to this Request with any non-privileged, responsive

**documents as appropriate and consistent with any case management order that is entered in this case and the Federal Rules of Civil Procedure.**

4.      Produce any and all written and/or recorded statements you have from any person regarding any of the events or happenings detailed in Plaintiff's Complaint or your Answers.

**RESPONSE: XL objects to this Request for the reason that it is overly broad and unduly burdensome, and the phrase "you have from any person regarding any of the events or happenings detailed in Plaintiff's Complaint and your Answers" is vague and ambiguous. XL further objects to this Request to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Request to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL refers Plaintiff to any responsive documents GB has or will produce in this action.**

5.      With respect to any expert retained by you to analyze Plaintiff's workers' compensation claim, produce a complete copy of all material prepared by such expert, and each and every document, report, chart, graph, object, summary, compilation of data, or other thing relied upon by any of your experts, in whole or in part, in the formulation of the expert's opinions and conclusions in this case.

**RESPONSE: XL objects to this Request for the reason that it is overly broad and unduly burdensome, and the phrase "retained by you to analyze Plaintiff's workers' compensation claim" is vague and ambiguous. XL further objects to this Request to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Request to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL has not retained any experts "to analyze Plaintiff's workers' compensation claim." Answering further, XL will supplement its answer to this Request with any non-privileged, responsive**

**documents as appropriate and consistent with any case management order that is entered in this case and the Federal Rules of Civil Procedure.**

6.    Produce copies of each exhibit you may or will offer at the deposition of any witness in this case or at the trial of this case.

**RESPONSE: XL objects to this Request for the reason that it is overly broad and unduly burdensome. XL further objects to this Request to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Request to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL has not identified "each exhibit" it "may or will offer at the deposition of any witness in this case or at trial of this case." Answering further, XL will supplement its answer to this Request with any non-privileged, responsive documents as appropriate and consistent with any case management order that is entered in this case and the Federal Rules of Civil Procedure.**

7.    Produce copies of any written or electronic documents pertaining to the respective workloads and responsibilities of each of the persons and their direct supervisor who in any manner participated in the handling and evaluation of Plaintiff's workers' compensation claim. Said request should include requests for additional staff or assistance by any of said persons.

**RESPONSE: XL objects to this Request for the reason that it is overly broad and unduly burdensome, and the phrases "respective workloads and responsibilities" and "participated in the handling and evaluation of Plaintif's workers' compensation claim" are vague and ambiguous. XL further objects to this Request to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Request to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL states that it did not "participate[] in the handling and evaluation of Plaintiff's workers' compensation**

claim." XL refers Plaintiff to any responsive documents GB has or will produce in this action.

8.      Produce a copy of the claims file for the at-issue claim, including any claim forms completed, correspondence to and from your insured, correspondence to and from any other person or entity related to the claim, and any internal business notes, log entries, valuations or reserves related to the claim.

**RESPONSE: XL objects to this Request for the reason that it is overly broad and unduly burdensome, and the phrases "claims file for the at-issue claim" and "related to the claim, and any internal business notes, log entries, valuations or reserves related to the claim" are vague and ambiguous. XL further objects to this Request to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Request to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL refers Plaintiff to any responsive documents GB has or will produce in this action.**

9.      Produce a copy of any and all communications between you and any expert or any healthcare professional, prior to the commencement of this litigation, relating to Plaintiff's claim for workers' compensation benefits, including Dr. Jeffrey Nipper and any of Plaintiff's physicians.

**RESPONSE: XL objects to this Request for the reason that it is overly broad and unduly burdensome, and the phrase "relating to Plaintiff's claim for workers' compensation benefits" is vague and ambiguous. XL further objects to this Interrogatory to the extent that it seeks information already within Plaintiff's possession or control. XL also objects to this Request to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL did not communicate with "any expert or any healthcare professional, prior to the**

**commencement of this litigation, relating to Plaintiff's claim for workers' compensation benefits." XL refers Plaintiff to any responsive documents GB has or will produce in this action.**

10.     Provide copies of any employment evaluations for the individuals, including their supervisors and their supervisor's supervisor, that reviewed or in any way participated in the handling of Plaintiff's claims, any employment contracts with said person(s), all documents related to compensation plans of said persons, any incentive plans offered to such persons and copies of such persons' employment files.  You may redact or withhold social security numbers, and bank, credit card or other financial account numbers of any person.

**RESPONSE: XL objects to this Request for the reason that it is overly broad and unduly burdensome, and the phrase "employment evaluations," "reviewed or in any way participated in the handling of Plaintiff's claims," "employment contracts," "related to," "compensation plans," "incentive plans," and "employment files" are vague and ambiguous. XL further objects to this Request to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Request to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL states that it did not "participate[] in the handling of Plaintiff's claims." XL refers Plaintiff to any responsive documents GB has or will produce in this action.**

11.     If you utilize claims tracking software, generate and provide a copy of the electronic diary, including the electronic and paper notes made by your claims personnel, contractors, and third-party adjusters/adjusting firms relating to the Plaintiff's claim.

**RESPONSE: XL objects to this Request for the reason that it is overly broad and unduly burdensome, and the phrases "claims tracking software," "electronic diary," and "relating to the Plaintiff's claim" are vague and ambiguous. XL further objects to this Request to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also**

objects to this Request to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.

Subject to and without waiving the foregoing objections, XL did not "utilize claims tracking software . . . relating to the Plaintiff's claim." XL refers Plaintiff to any responsive documents GB has or will produce in this action.

12.    Produce copies of any and all policies or guidelines used during the previous ten (10) years dealing directly or indirectly with claims handling procedures, specifically including but not limited to, the proper amount of time for claims handling, the process for evaluating claims, the scope and nature of investigation pertaining to claims handling and the utilization of medical examinations.

RESPONSE: XL objects to this Request for the reason that it is overly broad and unduly burdensome, and the phrases "policies or guidelines," "claims handling procedures," "claims handling," "evaluating claims," and "investigation pertaining to claims handling and the utilization of medical examination" are vague and ambiguous. XL further objects to this Request because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. XL further objects to this Request to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Request to the extent that it seeks information containing confidential and proprietary business information of XL.

13.    Produce all recordings or any communications in your possession with a representative of the Julius & Simpson, LLP or Simpson, LLP law firm or its predecessor(s) related to Plaintiff.

RESPONSE: XL objects to this Request for the reason that it is overly broad and unduly burdensome, and the phrase "related to Plaintiff" is vague and ambiguous. XL further objects to this Interrogatory to the extent that it seeks information already within Plaintiff's possession or control. XL also objects to this Request to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.

**Subject to and without waiving the foregoing objections, XL is unaware of any non-privileged documents responsive to this Request. Answering further, XL refers Plaintiff to any responsive documents GB has or will produce in this action.**

14.    Produce all of Dr. Jeffrey Nipper's "Independent Medical Exam (IME)" and Record Review reports that you or any affiliated entity had Dr. Nipper perform on your insured from the last ten (10) years for the states of South Dakota, North Dakota, Nebraska, Missouri, Minnesota, Iowa and Arkansas. For purposes of this Request for Production, you may redact the name(s) and identifying information related to the person examined.

**RESPONSE: XL objects to this Request for the reason that it is overly broad and unduly burdensome, and the phrases "Record Review reports," "affiliated entity" and "related to" are vague and ambiguous. XL further objects to this Request because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. XL further objects to this Request to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Request to the extent that it seeks information containing confidential and proprietary business information of XL.**

15.    Produce all human resource manuals, salary administration manuals, personnel bulletins or manuals, orientation booklets, directives, memos or other documents used during the previous ten (10) years to inform claims personnel of the manner in which they can expect to receive salary increases, bonuses or other commissions.

**RESPONSE: XL objects to this Request for the reason that it is overly broad and unduly burdensome, and the phrases "human resource manuals, salary administration manuals, personnel bulletins or manuals, orientation booklets, directives, memos or other documents" and "inform claims personnel of the manner in which they can expect" are vague and ambiguous. XL further objects to this Request because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. XL further objects to this Request to the extent that it seeks information subject to the attorney-**

**client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Request to the extent that it seeks information containing confidential and proprietary business information of XL.**

16.    Produce all documents which relate to incentives given to claims personnel in return for reducing the amount of claims' payments, reducing combined ratio, reducing claim severity and reducing claims' payouts.

**RESPONSE: XL objects to this Request for the reason that it is overly broad and unduly burdensome, and the phrase "relate to incentives given to claims personnel in return for reducing the amount of claims' payments, reducing combined ratio, reducing claim severity and reducing claims' payouts" is vague and ambiguous. XL further objects to this Request because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. XL further objects to this Request to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Request to the extent that it seeks information containing confidential and proprietary business information of XL.**

17.    Produce all documents relating to efforts or goals to decrease loss ratios, or decrease claim severity costs, over the past ten (10) years.

**RESPONSE: XL objects to this Request for the reason that it is overly broad and unduly burdensome, and the phrase "relating to efforts or goals to decrease loss ratios, or decrease claim severity costs" is vague and ambiguous. XL further objects to this Request because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. XL further objects to this Request to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Request to the extent that it seeks information containing confidential and proprietary business information of XL.**

18.    Produce any and all documents relating to regulatory actions, including but not limited to suspension or revocation proceedings, Market Conduct Examinations, Cease

and Desist Orders, Consent Orders, Reports of Examinations, Corrective Orders or Corrective Action Plans, involving your handling of workers' compensation claims from the past ten (10) years to present. This Request is not limited to South Dakota. You may redact or withhold social security numbers and bank, credit card or other financial account numbers of any person.

**RESPONSE: XL objects to this Request for the reason that it is overly broad and unduly burdensome, and the phrase "relating to regulatory actions, including but not limited to suspension or revocation proceedings, Market Conduct Examinations, Cease and Desist Orders, Consent Orders, Reports of Examinations, Corrective Orders or Corrective Action Plans, involving your handling of workers' compensation claims" is vague and ambiguous. XL further objects to this Request because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. XL further objects to this Request to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Request to the extent that it seeks information containing confidential and proprietary business information of XL.**

19.    Provide copies of any Department of Insurance consumer complaints involving your handling of workers' compensation claims from the past ten (10) years to present. This Request is not limited to South Dakota. You may redact or withhold social security numbers, and bank, credit card or other financial account numbers of any person.

**RESPONSE: XL objects to this Request for the reason that it is overly broad and unduly burdensome, and the phrase "Department of Insurance consumer complaints involving your handling of workers' compensation claims" is vague and ambiguous. XL further objects to this Request because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. XL further objects to this Request to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Request to the extent that it seeks information containing confidential and proprietary business information of XL.**

20.     Produce a list of all workers' compensation claim investigations conducted by the adjuster(s) and their direct supervisor(s) who were involved in the determination on Plaintiff's claim within the past five (5) years and state whether such claim was accepted as compensable or denied in whole or in part. This Request is not limited to South Dakota.  You may redact or withhold social security numbers, and bank, credit card or other financial account numbers of any person.

**RESPONSE: XL objects to this Request for the reason that it is overly broad and unduly burdensome, and the phrases "investigations," "involved in the determination on Plaintiff's claim" and "accepted as compensable or denied in whole or in part" are vague and ambiguous. XL further objects to this Request because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. XL further objects to this Request to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Request to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL was not "involved in the determination on Plaintiff's claim."  XL refers Plaintiff to any responsive documents GB has or will produce in this action.**

21.     Produce all pleadings from any lawsuit filed against you in the last five (5) years, brought within the states of South Dakota, North Dakota, Nebraska, Missouri, Minnesota, Iowa and/or Arkansas alleging insurance bad faith, breach of contract, fraud, deceit or unfair claims processing involving a workers' compensation claim.

**RESPONSE: XL objects to this Request for the reason that it is overly broad and unduly burdensome, and the phrases "insurance bad faith" and "deceit or unfair claims processing involving a workers' compensation claim" are vague and ambiguous. XL further objects to this Request because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the**

discovery of admissible evidence. XL further objects to this Request to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Request to the extent that it seeks information containing confidential and proprietary business information of XL.

22.    Produce any and all affidavits, transcripts of depositions or trial testimony of any of your employees or officers in any suit alleging breach of contract, fraud, deceit, bad faith and/or unfair claims practices in a case arising out of a workers' compensation claim, from the last five (5) years, brought within the states of South Dakota, North Dakota, Nebraska, Missouri, Minnesota, Iowa and/or Arkansas.

RESPONSE: XL objects to this Request for the reason that it is overly broad and unduly burdensome, and the phrase "deceit, bad faith and/or unfair claims practices in a case arising out of a workers' compensation claim" is vague and ambiguous. XL further objects to this Request because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. XL further objects to this Request to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Request to the extent that it seeks information containing confidential and proprietary business information of XL.

23.    If a third-party entity assisted with the evaluation of Plaintiff's claim, provide all documents that show the number of other matters in which the same entity was retained by you to evaluate other insureds' workers' compensation claims over the past five (5) years and whether the claim was denied or paid.

RESPONSE: XL objects to this Request for the reason that it is overly broad and unduly burdensome, and the phrases "assisted with the evaluation of Plaintiff's claim" and "evaluate other insureds' workers' compensation clams" are vague and ambiguous. XL further objects to this Request because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. XL further objects to this Request to the extent that

**it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Request to the extent that it seeks information containing confidential and proprietary business information of XL.**

24.     Produce your contract with Dr. Nipper, and/or his employer/contractor for the services he performed on Plaintiff's claim and any documents you use to evaluate Dr. Nipper's performance, and any documents involving your selection or vetting of Dr. Nipper.

**RESPONSE: XL objects to this Request for the reason that it is overly broad and unduly burdensome, and the phrases "your contract," "evaluate," and "your selection or vetting" are vague and ambiguous. XL further objects to this Request to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Request to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL states that it did not "contract with Dr. Nipper." XL refers Plaintiff to any responsive documents GB has or will produce in this action.**

25.     Produce the documents supporting your claim that Plaintiff failed to exhaust his administrative remedies.

**RESPONSE: XL objects to this Request for the reason that it is overly broad and unduly burdensome. XL further objects to this Request to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply.  XL also objects to this Request to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information containing confidential and proprietary business information of XL.**

**Subject to and without waiving the foregoing objections, XL refers Plaintiff to the pleadings in this action as well as any responsive documents GB has or will produce in this action.  Answering further, XL states that as discovery is ongoing, it will supplement its answer to this Request as appropriate.**

Dated: February 5, 2024                    Respectfully Submitted,

                                           s/ *William C. Garry*
                                           William C. Garry
                                           200 East 10th St., Suite 200
                                           Sioux Falls SD 57104
                                           bgarry@cadlaw.com
                                           (605) 336-0828
                                           Attorneys for Defendant
                                           XL Insurance America Inc.

                                           And

                                           Charles W. Browning *(Admitted Pro Hac)*
                                           Nicole C. Ruggirello *(Admitted Pro Hac)*
                                           Plunkett Cooney, P.C.
                                           38505 Woodward Avenue, Suite 100
                                           Bloomfield Hills MI 38304
                                           cbrowning@plunkettcooney.com
                                           nruggirello@plunkettcooney.com
                                           (248) 594-2716
                                           Attorneys for Defendant
                                           XL Insurance America Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 5, 2024, a true and correct copy of the foregoing **Defendant XL Insurance America, Inc.'s Objections and Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents** was served by email only upon the following:

Attorneys for Plaintiff Michael Richter

- Scott A. Abdallah – Johnson, Janklow & Abdallah, L.L.P.
  scott@janklowabdallah.com

- Erin Schoenbeck Byre – Johnson, Janklow & Abdallah, L.L.P.
  erin@janklowabdallah.com

- Michael J. Simpson – Simpson Law Firm, Prof. L.L.C.
  mike@simpsondlaw.com

<u>Attorneys for Defendant Gallagher Bassett Services, Inc.</u>

- Deanne Ayers – Ayers & Ayers
  dayers@ayersfirm.com

Dated:  February 5, 2024                    <u>*/s/ Erin L. Cummings*      </u>
                                                             Erin L. Cummings

Open.23899.32415.32962865-1