# Attachment 8

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL RICHTER,<br><br>Plaintiff,<br><br>vs.<br><br>XL INSURANCE AMERICA INC. and<br>GALLAGHER BASSETT SERVICES,<br>INC.,<br><br>Defendants. | 4:23-cv-04094-RAL |

**DEFENDANT XL INSURANCE AMERICA INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(B)(6)**

Defendant XL Insurance America Inc. ("XL"), responds and objects to the deposition notice provided by Plaintiff Michael Richter ("Plaintiff") under Federal Rule of Civil Procedure 30(b)(6) on April 26, 2024, as set forth herein.

**OBJECTIONS TO ENTIRE NOTICE OF DEPOSITION**

XL objects to the entirety of the deposition notice, including each specific deposition topic, as follows:

1. XL objects to the deposition topics to the extent they purport to impose requirements on XL that exceed those imposed by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of South Dakota.

2. XL objects to the deposition topics to the extent they can be construed as calling for the disclosure of information or material that is confidential, proprietary business information/trade secrets or is protected from disclosure by any legally recognized privilege, including, but not limited to, the attorney-client privilege, the attorney work

1

product doctrine, and/or the joint defense/common interest privilege.

3.    XL objects to the deposition topics to the extent that it may be unreasonably burdensome or impossible to locate, compile and/or review all necessary data or documents sufficient to prepare a 30(b)(6) witness to fully testify with respect to all deposition topics for all points in time and all requested documents.

4.    XL objects to the deposition topics to the extent that certain words and terms are undefined.

**RESPONSES AND OBJECTIONS TO DEPOSITION TOPICS**

1.    Protocols, guidelines, policies and procedures from the last ten years that assist Insurer's employees and/or adjusters in handling and/or adjusting workers compensation claims in South Dakota, including the process for determining whether an injury is covered.

**RESPONSE:    XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein.  XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "protocols, guidelines, policies, and procedures" is vague and ambiguous. XL further objects to this Topic because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. Further, as it was Gallagher Basset Services, Inc. ("GB") and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant.  XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets of XL.**

**Consistent with the foregoing objections, XL will not produce a witness to testify about this Topic.**

2.    Protocols, guidelines, policies and procedures for processing, investigating and valuing workers' compensation claims from the last ten years.

2

**RESPONSE:** **XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein. XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "protocols, guidelines, policies, and procedures" is vague and ambiguous. XL further objects to this Topic because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets of XL.**

**Consistent with the foregoing objections, XL will not produce a witness to testify about this Topic.**

3.      Insurer's denial of Michael Richter's workers' compensation benefits on or about October 5, 2020, and the information insurer used and reviewed to support its denial.

**RESPONSE:** **XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein. XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "Insurer's denial of Michael Richter's workers' compensation benefits" is vague and ambiguous. XL also objects that this Topic inaccurately states that XL denied Plaintiff's workers' compensation benefits. Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks confidential, proprietary business information/trade secrets of XL.**

3

**Subject to and without waiving these objections, XL states that it has limited, if any, knowledge regarding GB's "denial of Michael Richter's workers' compensation benefits." To the extent that this knowledge exists and such information is reasonably available to XL, XL designates Mr. Peter F. Bauer, Assistant Vice President, Senior Claims Specialist at AXA XL, to testify regarding this Topic.**

4.    The duties and obligations of good faith and fair dealing under South Dakota law when adjusting workers' compensation claims during the past ten years.

**RESPONSE:    XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein.  XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "duties and obligations of good faith and fair dealing under South Dakota law" is vague and ambiguous. XL further objects to this Topic because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets  of XL. Furthermore, XL objects to this Topic because it seeks legal information and legal analysis of South Dakota law, which is inappropriate for a 30(B)(6) deposition.**

**Consistent with the foregoing objections, XL will not produce a witness to testify about this Topic.**

5.    The duties and responsibilities of Insurer as it relates to the South Dakota Unfair Claims Practices Act.

**RESPONSE:    XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein.  XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "duties and responsibilities of Insurer" is vague and ambiguous. XL further objects to this Topic because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the**

4

**subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets of XL. Furthermore, XL objects to this Topic because it seeks legal information and legal analysis of the South Dakota Unfair Claims Practices Act, which is inappropriate for a 30(B)(6) deposition.**

**Consistent with the foregoing objections, XL will not produce a witness to testify about this Topic.**

6. Actions or activities that would constitute bad faith under South Dakota law when adjusting workers' compensation claims during the past ten years.

**RESPONSE:** **XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein. XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "actions or activities that would constitute bad faith under South Dakota law" is vague and ambiguous. XL further objects to this Topic because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets of XL. Furthermore, XL objects to this Topic because it seeks legal information and legal analysis of South Dakota law, which is inappropriate for a 30(B)(6) deposition.**

**Consistent with the foregoing objections, XL will not produce a witness to testify about this Topic.**

7. Insurer's protocols, guidelines, procedures or policies for investigating

5

workers' compensation claims decisions which have been appealed or challenged by an injured worker for the past ten years.

**RESPONSE:** **XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein.  XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "protocols, guidelines, procedures or policies," is vague and ambiguous. XL further objects to this Topic because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets  of XL.**

**Consistent with the foregoing objections, XL will not produce a witness to testify about this Topic.**

8.      Insurer's protocols, procedures for resolving or reconciling the opinions of treating doctors that are inconsistent with the opinions of doctors retained to perform Independent Medical Examinations (IME) or Record Reviews during the past ten years.

**RESPONSE:** **XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein.  XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "protocols, procedures for resolving or reconciling the opinions of treating doctors," is vague and ambiguous. XL further objects to this Topic because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or**

6

**joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets of XL.**

**Consistent with the foregoing objections, XL will not produce a witness to testify about this Topic.**

9.    The role generally played by representatives of the Insurer when determining whether a workers' compensation claim is covered during the past ten years.

**RESPONSE:    XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein.  XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "the role generally played by representatives of the Insurer" is vague and ambiguous. XL further objects to this Topic because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets of XL. Furthermore, XL objects to this Topic to the extent that it seeks legal information and legal analysis, which is inappropriate for a 30(B)(6) deposition.**

**Consistent with the foregoing objections, XL will not produce a witness to testify about this Topic.**

10.    The role generally played by Insurer when determining whether a workers' compensation claim is covered during the past ten years.

**RESPONSE:    XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein.  XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "the role generally played by Insurer" is vague and ambiguous. XL further objects to this Topic because it seeks information relating to insurance policies, policyholders, and/or claims**

7

**not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant.  XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets  of XL. Furthermore, XL objects to this Topic to the extent that it seeks legal information and legal analysis, which is inappropriate for a 30(B)(6) deposition.**

**Consistent with the foregoing objections, XL will not produce a witness to testify about this Topic.**

11.    The roles played by Insurer, XL Insurance Third Party Administrator—Gallagher, and any person or entity that Insurer alleges was involved in the decision to deny Plaintiff's benefits.

**RESPONSE:    XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein.  XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "the roles played" is vague and ambiguous. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets  of XL. Furthermore, XL objects to this Topic to the extent that it seeks legal information and legal analysis, which is inappropriate for a 30(B)(6) deposition.**

**Subject to and without waiving these objections, and to the extent that the information sought in this Topic is reasonably available to XL, XL designates Mr. Peter F. Bauer, Assistant Vice President, Senior Claims Specialist at AXA XL, to testify regarding this Topic.**

12.    The responsibilities Insurer holds to evaluate and review the work of its Third Party Administrators and agents.

**RESPONSE:    XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein.  XL objects to this Topic for**

8

**the reason that it is overly broad and unduly burdensome, and fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "responsibilities XL Insurance holds to evaluate and review" is vague and ambiguous. XL further objects to this Topic because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets of XL. Furthermore, XL objects to this Topic to the extent that it seeks legal information and legal analysis, which is inappropriate for a 30(B)(6) deposition.**

**Consistent with the foregoing objections, XL will not produce a witness to testify about this Topic.**

13.    The Insurer's employees who played a role in its decision to deny Plaintiff's benefits related to his September 6, 2017 work-related injury.

**RESPONSE:    XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein.  XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "played a role" is vague and ambiguous. XL also objects that this Topic inaccurately states that XL's "employees . . . played a role in" the "decision to deny Plaintiff's benefits." XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets of XL.**

**Subject to and without waiving these objections, XL states that it does not have any employees who "played a role" in the "decision to deny Plaintiff's benefits." Accordingly, it is impossible to produce a witness to testify about this Topic.**

14.    The general claims handling process with respect to Plaintiff's claim.

9

**RESPONSE:** **XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein. XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "general claims handling process" is vague and ambiguous. Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets of XL.**

**Subject to and without waiving these objections, XL states that it has limited, if any, knowledge regarding this Topic. To the extent that this knowledge exists and such information is reasonably available to XL, XL designates Mr. Peter F. Bauer, Assistant Vice President, Senior Claims Specialist at AXA XL, to testify regarding this Topic.**

15.    The loss reserves that were determined, set or discussed by the Insurer in relation to Plaintiff's claim.

**RESPONSE:** **XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein. XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrases "loss reserves" and "Insurer" are vague and ambiguous. Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks confidential, proprietary business information/trade secrets of XL.**

**Subject to and without waiving these objections, XL states that it has limited, if any, knowledge regarding this Topic. To the extent that this knowledge exists and such information is reasonably available to XL, XL designates Mr. Peter F. Bauer, Assistant Vice President, Senior Claims Specialist at AXA XL, to testify regarding this Topic.**

10

16.    Insurer's responses to Plaintiff's Interrogatories.

**RESPONSE:**    **XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein.  XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and is vague and ambiguous. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets  of XL. Furthermore, XL objects to this Topic to the extent that it seeks legal information and legal analysis, which is inappropriate for a 30(B)(6) deposition.**

**Subject to and without waiving these objections, and to the extent that the information sought in this Topic is reasonably available to XL, XL designates Mr. Peter F. Bauer, Assistant Vice President, Senior Claims Specialist at AXA XL, to testify regarding this Topic.**

17.    Time Insurer allotted to process a workers' compensation claim during the past ten years.

**RESPONSE:**    **XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein.  XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "time Insurer allotted" is vague and ambiguous. XL further objects to this Topic because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets  of XL.**

**Consistent with the foregoing objections, XL will not produce a witness to testify about this Topic.**

18.    Insurer's protocols, policies, procedures and processes for requesting an IME

11

during the past ten years.

**RESPONSE:**    **XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein.  XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "Insurer's protocols, policies, procedures and processes" is vague and ambiguous. XL further objects to this Topic because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets  of XL.**

**Consistent with the foregoing objections, XL will not produce a witness to testify about this Topic.**

19.    Protocols, policies, procedures and processes for selecting a specific doctor to perform an IME during the past ten years.

**RESPONSE:**    **XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein.  XL objects to this Topic for the reason that it is overly broad and unduly burdensome, fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "protocols, policies, procedures and processes" is vague and ambiguous. XL further objects to this Topic because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the**

12

**extent that it seeks confidential, proprietary business information/trade secrets of XL.**

**Consistent with the foregoing objections, XL will not produce a witness to testify about this Topic.**

20. Vetting process for doctors used to perform an IME or Records Review for the past ten years.

**RESPONSE: XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein. XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "vetting process" is vague and ambiguous. XL further objects to this Topic because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets of XL.**

**Consistent with the foregoing objections, XL will not produce a witness to testify about this Topic.**

21. The selection of Dr. Nipper to review Plaintiff's claim for workers' compensation benefits.

**RESPONSE: XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein. XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "the selection of Dr. Nipper to review" is vague and ambiguous. Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common**

13

**interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets of XL.**

**Subject to and without waiving these objections, XL states that it has limited, if any, knowledge regarding this Topic. To the extent that this knowledge exists and such information is reasonably available to XL, XL designates Mr. Peter F. Bauer, Assistant Vice President, Senior Claims Specialist at AXA XL, to testify regarding this Topic.**

22. The information Dr. Nipper was provided prior to his IME of Plaintiff.

**RESPONSE:** **XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein. XL objects to this Topic for the reason that it is overly broad and unduly burdensome. Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets of XL.**

**Subject to and without waiving these objections, XL states that it has limited, if any, knowledge regarding this Topic. To the extent that this knowledge exists and such information is reasonably available to XL, XL designates Mr. Peter F. Bauer, Assistant Vice President, Senior Claims Specialist at AXA XL, to testify regarding this Topic.**

23. The importance of an IME when determining whether an event was a major contributing cause to an injury during the past ten years.

**RESPONSE:** **XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein. XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "importance of an IME when determining whether an event was a major contributing cause" is vague and ambiguous. XL further objects to this Topic because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence.**

14

**Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets of XL.**

**Consistent with the foregoing objections, XL will not produce a witness to testify about this Topic.**

24. Protocols, guidelines policies and procedures following the receipt of an IME report and process for verifying accuracy of the report for the past ten years.

**RESPONSE:** **XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein. XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "protocols, guidelines, policies, and procedures," is vague and ambiguous. XL further objects to this Topic because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets of XL.**

**Consistent with the foregoing objections, XL will not produce a witness to testify about this Topic.**

25. The accuracy of Dr. Nipper's reports and opinions in connection with Plaintiff's claim for workers' compensation benefits.

**RESPONSE:** **XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein. XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to**

15

describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "accuracy of Dr. Nipper's reports and opinions" is vague and ambiguous. Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets of XL. Furthermore, XL objects to this Topic because it is better suited for expert testimony.

Subject to and without waiving these objections, XL states that it has limited, if any, knowledge regarding this Topic. To the extent that this knowledge exists and such information is reasonably available to XL, XL designates Mr. Peter F. Bauer, Assistant Vice President, Senior Claims Specialist at AXA XL, to testify regarding this Topic.

26.    The history of Plaintiff's medical treatment and Plaintiff's medical records since his date of injury.

**RESPONSE:**    **XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein.  XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and is vague and ambiguous. Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets of XL.**

**Subject to and without waiving these objections, XL states that it has limited, if any, knowledge regarding this Topic. To the extent that this knowledge exists and such information is reasonably available to XL, XL designates Mr. Peter F. Bauer, Assistant Vice President, Senior Claims Specialist at AXA XL, to testify regarding this Topic.**

27.    The mechanism of Plaintiff's injury on September 6, 2017.

**RESPONSE:**    **XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein.  XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to**

16

**describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "mechanism of Plaintiff's injury" is vague and ambiguous. Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets of XL.**

**Subject to and without waiving these objections, XL states that it has limited, if any, knowledge regarding this Topic. To the extent that this knowledge exists and such information is reasonably available to XL, XL designates Mr. Peter F. Bauer, Assistant Vice President, Senior Claims Specialist at AXA XL, to testify regarding this Topic.**

28.    The investigation of Plaintiff's September 6, 2017, injury including documents reviewed, interviews taken and pictures that were gathered following Plaintiff's injury.

**RESPONSE:    XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein.  XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "investigation of Plaintiff's September 6, 2017 injury" is vague and ambiguous. Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets of XL.**

**Subject to and without waiving these objections, XL states that it has limited, if any, knowledge regarding this Topic. To the extent that this knowledge exists and such information is reasonably available to XL, XL designates Mr. Peter F. Bauer, Assistant Vice President, Senior Claims Specialist at AXA XL, to testify regarding this Topic.**

29.    The facts surrounding any regulatory actions that have been filed against Insurer, including but not limited to suspension or revocation proceedings, Market Conduct Examinations, Cease and Desist Orders, Consent Orders, Reports of Examinations, Corrective Orders or Corrective Action Plans, involving Insurer's handling of workers' compensation

17

claims within past ten (10) years.

**RESPONSE:** **XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein. XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "facts surrounding" is vague and ambiguous. XL further objects to this Topic because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets of XL.**

**Consistent with the foregoing objections, XL will not produce a witness to testify about this Topic.**

30. The facts surrounding any department of Insurance consumer complaints involving Insurer's handling of workers' compensation claims from the past ten (10) years.

**RESPONSE:** **XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein. XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "facts surrounding" is vague and ambiguous. XL further objects to this Topic because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that**

**it seeks confidential, proprietary business information/trade secrets of XL.**

**Consistent with the foregoing objections, XL will not produce a witness to testify about this Topic.**

31.    The facts surrounding any civil lawsuit alleging insurance bad faith or unfair claims processing filed against Insurer in the past ten (10) years involving a workers' compensation claim.

**RESPONSE:**    **XL adopts and incorporates by reference its Objections to Entire Deposition Notice as if fully set forth herein. XL objects to this Topic for the reason that it is overly broad and unduly burdensome, and fails to describe the Topic with the reasonable particularity required by Rule 30(b)(6) as the phrase "facts surrounding" is vague and ambiguous. XL further objects to this Topic because it seeks information relating to insurance policies, policyholders, and/or claims not at issue in this action. Such information is neither relevant to the subject matter involved in the pending action, proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence. Further, as it was GB and not XL who handled Plaintiff's claim for workers' compensation benefits, the information sought from XL with respect to this Topic is not relevant. XL further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, and/or any other privilege, doctrine or protection that may apply. XL also objects to this Topic to the extent that it seeks confidential, proprietary business information/trade secrets of XL.**

**Consistent with the foregoing objections, XL will not produce a witness to testify about this Topic.**

Respectfully Submitted,

s/ *William C. Garry*
William C. Garry
200 East 10th St., Suite 200
Sioux Falls SD 57104
bgarry@cadlaw.com
(605) 336-0828
Attorneys for Defendant
XL Insurance America Inc.

19

and

s/ *Nicole C. Ruggirello*
Charles W. Browning
Nicole C. Ruggirello
Plunkett Cooney, P.C.
38505 Woodward Avenue, Suite 100
Bloomfield Hills MI 38304
cbrowning@plunkettcooney.com
nruggirello@plunkettcooney.com
(248) 594-2716
Attorneys for Defendant
XL Insurance America Inc.
Motions for Pro Hac Vice Pending

Date:   May 8, 2024

Open.23899.32415.33367389-1

20