UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL RICHTER,<br><br>          Plaintiff,<br><br><br>     vs.<br><br><br>XL INSURANCE AMERICA INC., and<br>GALLAGHER BASSETT SERVICES,<br>INC.,<br><br>          Defendants. | 4:23-CV-04094-CCT<br><br><br><br><br>ORDER DENYING PLAINTIFF'S<br>MOTION TO COMPEL<br><br><br>Docket No. 23 |

## INTRODUCTION

This matter is before the court on plaintiff Michael Richter's complaint alleging defendants refused in bad faith to pay workers compensation insurance benefits to him. Docket No. 1. Jurisdiction is premised on the diversity of citizenship of the parties. 28 U.S.C. § 1332. The district court has now referred a motion to compel discovery filed by plaintiff. Docket No. 23. Defendants resist the motion. Docket No. 28.

## FACTS

The basic facts, drawn from plaintiff's complaint, are given to provide context for the motion. No imprimatur of approval or veracity by the court is intended by the recitation of plaintiff's allegations.

Plaintiff was injured while at work when the van he was driving was rearended by a semitruck on September 6, 2017.  Plaintiff's employer had purchased workers compensation insurance through defendant XL Insurance America Inc. ("XL").  XL in turn hired defendant Gallagher Bassett Services, Inc. ("Gallagher") to perform claim administration services.

Following plaintiff's accident, defendants initially accepted plaintiff's workers compensation claim and paid him benefits, including medical care expenses.  Plaintiff returned to work in October 2017, but alleges he continues to experience neck and upper back pain and headaches.  Plaintiff initially was treated with medication, massage, physical therapy, and chiropractic treatment.  In January and March 2020 he was treated with trigger point injections.

In September 2020 plaintiff was referred for a neurosurgery evaluation for his continuing pain.  Two days later, plaintiff underwent an independent medical examination ("IME") with Dr. Jeffery Nipper, defendant's chosen physician.  Plaintiff alleges Dr. Nipper had a close relationship with insurance companies and defendants knew or should have known Dr. Nipper would give a favorable opinion for the defendants.

Dr. Nipper issued a report a few days later opining that plaintiff's injuries had fully resolved and he was misrepresenting or embellishing his injuries. Because plaintiff's accident injuries had resolved, Dr. Nipper opined that any further symptoms he continued to experience were unrelated to the workplace injury and defendants had no obligation to pay for further treatment.

2

Defendants accordingly notified plaintiff on October 5, 2020, that they were denying his workers compensation claim and would provide no further benefits.

A proceeding before the South Dakota Department of Labor was initiated and Dr. Nipper's deposition was taken on January 6, 2023. During that deposition, Dr. Nipper changed his opinion after seeing photos of the accident scene. He stated the photos were "powerful evidence that a higher energy injury occurred than what was represented" and that plaintiff's collision was a "major contributing cause" of plaintiff's neck condition and the treatment he received. Dr. Nipper further opined that the treatment plaintiff received was reasonable and necessary. Defendants agreed.

The ALJ issued a January 27, 2023, order that plaintiff's September 6, 2017, injury was and is a major contributing cause of his current condition and need for medical treatment and that plaintiff's employer and defendants must pay any outstanding benefits and future benefits.

Plaintiff now brings this action for bad faith refusal to pay workers compensation benefits—apparently for the period of time between October 5, 2020, and January 6, 2023. He asserts that defendants' actions delayed his medical treatment, causing him unnecessary pain; caused him serious financial hardship; delayed payment of his medical bills; and caused him emotional upset, aggravation, annoyance, and embarrassment.

## DISCUSSION

### A.    Meet and Confer Requirement

Before a party may file a discovery motion seeking to compel (or seeking
protection from) discovery, the party is required to meet and confer with the
party from whom the discovery is requested in a good faith effort to resolve the
discovery dispute.  Fed. R. Civ. P. 37(a)(1); DSD LR 37.1.  Plaintiff alleges he
has satisfied this requirement; defendants assert he has not.

After serving the instant discovery requests and receiving defendants'
initial responses thereto, plaintiff sent a letter to defense counsel outlining his
disagreement.  The parties agreed to stipulate to the entry of a protective order
and set about drafting one the terms of which were mutually agreeable.  Once
the district court entered the protective order, plaintiff's counsel contacted
defense counsel that same day and asked when they could expect to receive
supplemental responses to plaintiff's discovery requests.  Docket No. 25-6
at p. 3.

Defense counsel responded that she was on the road and would be out of
the office for a few days.  Id.  Defense counsel explained that there was one
group of supplemental documents she had received from her client and was
preparing to send.  Id.  Defense counsel also stated that there were additional
documents she was expecting to receive from her client, but had not yet
received.  Id.  Rather than hold the documents already in defense counsel's
possession until the anticipated additional documents arrived, defense counsel
advised she would provide what she had now and supplement later when the

anticipated additional documents were received.  Id.  This communication was sent by defense counsel on Monday, February 26, 2024.  Id.

In response the same day—Monday--plaintiff's counsel wrote that a motion to compel would be filed by Friday [March 1, 2024] if defendants did not provide their supplemental documents and objections by that date.  Id. at pp. 1-2.  Defense counsel responded that the [first] supplement would be served on plaintiff by Friday.  Id. at p. 1.

Clearly, plaintiff did not satisfy the meet and confer requirement in good faith.  First, plaintiff asserted its right to file a motion to compel without further discussion with defendants *before* receiving the first supplemental batch of documents.  How can a meet and confer discuss disputes regarding discovery that has not yet been received, reviewed, and discussed with opposing parties?  The only meet and confer occurred before defendants' supplemental disclosures and, thus, could not have included a discussion of those supplemental disclosures.

Second, defense counsel's email of February 26 clearly informed plaintiff that a further batch of discovery would be provided.  Docket No. 25-6 at p. 2.  The only reason that secondary batch of discovery was not being provided by defendants by plaintiff's artificial deadline of Friday, March 1, 2024, was because defense counsel had not yet received the anticipated documents from her clients.  In fact, defendants *did* provide supplemental disclosures in April, according to plaintiff's reply on this motion.  Thus, plaintiff filed the instant motion *before* receiving a second trove of documents which plaintiff knew had

been promised.  Again, the meet and confer cannot have encompassed a discussion of plaintiff's dispute with any of this second trove of disclosures because plaintiff had not received and reviewed those disclosures at the time the only meet and confer occurred.

The court understands that a lawyer's patience may be tried by the long and tedious process of requesting and obtaining discovery, particularly when the process stretches over a several-months period as it did in this case.  But the whole purpose of the meet and confer requirement is to give the parties every opportunity and the motivation to try to solve discovery disputes on their own without court involvement.  Here, plaintiff short-circuited the process. Accordingly, the court will not entertain the merits of plaintiff's current motion and will not award sanctions to plaintiff for bringing the motion.

**B.**     **Plaintiff's Discovery Requests**

In the interests of judicial efficiency and in recognition that plaintiff likely still wishes to receive the discovery which is the subject of the current motion, the court provides the foregoing guidelines and encourages the parties to work out an amicable agreement on the discovery disputes at issue so that another motion to compel may not be necessary:

1.     Gallagher's status as a servicer, not an insurer:  An insurer like XL cannot escape liability for bad faith refusal to pay benefits under a workers compensation policy by outsourcing the handling of claims.  To the extent plaintiff's discovery requests seem to apply only to XL because they reference

"your insured," those discovery requests should be understood to apply to Gallagher too.

2.      Likewise, to the extent Gallagher has outsourced the process of obtaining IMEs to a third-party "vendor," those requests are binding on Gallagher's agent, the vendor.  If a party has the right to demand a document from a third-party, then that document is within that party's custody, possession or control and the party has a duty to produce the document.  Even if Gallagher or XL maintain no searchable file system allowing them to identify workers compensation cases in which Dr. Nipper has issued an IME, defendants may request a list of such cases from Gallagher's third party vendor or from Dr. Nipper himself.  Such documents are in defendants' control.

3.      A ten-year period for the production of documents is unduly burdensome and not proportionate to the needs of this case.  The court would limit each of plaintiff's discovery requests to a five-year period stemming either prior to plaintiff's injury or stemming five years back from today, at the plaintiff's option.

4.      All discovery requests should be limited to the region of the country including South Dakota, North Dakota, Nebraska, Missouri, Iowa, and Minnesota.  This applies to the discovery requested concerning IMEs by Dr. Nipper, consumer complaints, bad faith/breach of contract litigation, and regulatory investigations.

5.      Opinions of IMEs given by the same doctor as in plaintiff's case (Dr. Nipper) are routinely available to plaintiffs in bad faith cases in this

district.  The fact that Dr. Nipper's opinion was found to be inadmissible in one case is not dispositive.  The rules of discovery distinguish between what is discoverable and what is admissible in evidence.  The former category is broader than the latter category.

6.      Personnel files of persons from the adjustor who handled plaintiff's claim up through the head of the claims department are routinely available to plaintiffs in bad faith cases in this district.  Defendants may redact or withhold irrelevant and highly private information such as retirement account information, employee assistance information, addresses, phone numbers, Social Security numbers, bank account information, health information and the like.  Additionally, defendants may specify that employee personnel files be subject to the existing protective order issued in this case.

7.      Discovery regarding regulatory investigations, prior bad faith/breach of contract lawsuits, and consumer complaints are regularly available to plaintiffs in discovery in bad faith cases in this district.  The documents themselves pertaining to these matters must be provided, not simply a list of complaints or cases.

It is the court's hope that by providing the above general guidelines, the parties may resolve their discovery disputes regarding those discovery requests encompassed in plaintiff's motion to compel, Docket No. 23.

## CONCLUSION

Plaintiff's motion to compel [Docket No 23] is denied for the reason that plaintiff failed to satisfy the meet and confer requirement of Fed. R. Civ. P. 37 and Local Rule 37.1.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 12th day of July, 2024.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge